# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.A.J, a minor, through his mother and Next Friend, CRYSTAL BOTELLO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>State of California Highway Patrol Officer EFRAIN JIMENEZ, et al.,<br><br>Defendants. | Case No.: 1:18-cv-01138-DAD-SKO<br><br>**ORDER PERMITTING SERVICE BY PUBLICATION OF SUMMONS, EXTENDING TIME FOR SERVICE, AND CONTINUING INITIAL SCHEDULING CONFERENCE**<br><br>(Doc. 17) |

## I. INTRODUCTION

Plaintiffs J.A.J., a minor, through his mother and Next Friend Crystal Botello, individually and as successor in interest for Santana Juarez Gonzalez, deceased ("Decedent"); Santana Juarez Jimenez, individually; and Teresa Gonzalez-Velazquez, individually (collectively, "Plaintiffs"), brought this wrongful death action stemming from the fatal shooting of Decedent. (Doc. 9.) The first amended complaint, the operative pleading, names as defendants State of California Highway Patrol Officer Efrain Jimenez ("Jimenez"), and A.J., a minor ("A.J"), through her mother and Next Friend Selene Ramos, individually and as successor in interest for Decedent.

Defendant Jimenez was served with the complaint on October 9, 2018, and filed his answer on October 24, 2018. (Docs. 9 & 14.) Pending before the Court is Plaintiff's ex parte application for an

1

extension of forty-five (45) days to effect service of the summons on Defendant A.J. and an order allowing service on that defendant by publication. (Doc. 17.)

## II.     LEGAL STANDARD

Rule 4 of the Federal Rules of Civil Procedure provides that proper service can be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Therefore, California's statute for service by publication will govern whether such service is proper in this action.

California Code of Civil Procedure § 415.50(a)(1) provides, in pertinent part, that "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that . . . [a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." California Government Code § 6060 requires that the summons be "published in a newspaper of general circulation for the period prescribed."[1]

Service by publication is appropriate only where, after reasonable diligence, the defendant's whereabouts and his dwelling place or usual place of abode cannot be ascertained. *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995). However, service by publication is a "last resort," so the courts require a plaintiff "to show exhaustive attempts to locate the defendant." *Watts*, 10 Cal. 4th at 749 n.5. "Reasonable diligence" in attempting to serve by other methods connotes:

> [A] thorough, systematic investigation and inquiry conducted in good faith . . . . A number of honest attempts to learn defendant's whereabouts or address by inquiry of relatives, friends, and acquaintances, or of an employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location, are generally sufficient. These are likely sources of information, and consequently must be searched before resorting to service by publication. However, the showing of diligence in a given case must rest on its own facts and neither single formula nor mode of search can be said to constitute due diligence in every case.

---

[1] A "newspaper of general circulation" is a "newspaper published for the dissemination of local or telegraphic news and intelligence of a general character, which has a bona fide subscription list of paying subscribers, and has been established . . . for at least one year preceding the date of the publication." Cal. Gov't Code § 6000.

2

*Kott v. Superior Court*, 45 Cal. App. 4th 1126, 1137–38 (1996) (internal citations and quotations omitted). When attempting to effect personal service, a person attempting to effect service is not required to "exhaust all avenues of obtaining a current address" once he is informed that a defendant no longer lives at a residence. *Ellard v. Conway*, 94 Cal. App. 4th 540, 545 (2001).

### III. DISCUSSION

Plaintiffs bring the instant ex parte application to serve Defendant A.J., through her mother and Next Friend Selene Ramos, by publication, as Plaintiffs have not been able to serve her in any other manner specified in the California Code of Civil Procedure despite due diligence. (Doc. 17.) Plaintiffs also seek an extension of time to serve Defendant A.J.[2] (*Id.*)

**A.  Plaintiffs' Request for Service on Defendant A.J. By Publication Shall Be Granted**

**1.  Plaintiffs Have Established That Defendant A.J. is a Necessary Party to the Action**

A "necessary party" for purposes of California Civil Procedure Code § 415.50(a)(1) refers to a party who "ought to be joined in a lawsuit if possible." *City & Cty. of San Francisco v. Upp*, No. A123528, 2011 WL 1197524, at *7 (Cal. Ct. App. Mar. 30, 2011) (citing *County of San Joaquin v. State Water Resources Control Bd.*, 54 Cal. App. 4th 1144, 1149 (1997). Plaintiffs contend that Defendant A.J., who is also the child of Decedent, is a "necessary party" under California Civil Procedure Code § 415.50 because her joinder was required under California Civil Procedure Code § 377.60 and Federal Rule of Civil Procedure 19. The Court agrees.

Plaintiff J.A.J., who is the minor child of Decedent, brings his wrongful death claims under state law pursuant to California Civil Procedure Code § 377.60. (*See* Doc. 9 ¶ 3.) Section 377.60 provides that a wrongful death cause of action can be asserted by, among other parties, the decedent's children. Cal. Civ. Proc. Code § 377.60. "While each heir designated in section 377.60 has a personal and separate wrongful death cause of action, the actions are deemed joint, single and indivisible and must be joined together in one suit." *Corder v. Corder*, 41 Cal. 4th 644, 652 (2007). Because the actions are joint, single, and indivisible, absent heirs are necessary parties in wrongful death cases. *See Engel v. R.J.*

---

[2] Defendant Jimenez has no objection to the relief requested in the ex parte application. (See Doc.17-1, Declaration of Panos Lagos in Support of Ex Parte App. ¶ 14 and Ex. A.)

3

*Reynolds Tobacco Co.*, Civ. No. 2:17–618 WBS GGH, 2017 WL 2119805, at *1–2 (E.D. Cal. May 16, 2017); *A.D. v. Cal. Highway Patrol,* No. C 07–5483 SI, 2009 WL 733872, at *4 (N.D. Cal. Mar. 17, 2009). Therefore, "[a]n heir who brings a wrongful death action has 'a mandatory duty to join all known omitted heirs in the "single action" for wrongful death.'" *A.D.*, 2009 WL 733872, at *4 (quoting *Rutterberg v. Rutterberg*, 53 Cal. App. 4th 801, 807 (1997)). *See also Backer v. United States*, No. 1:13–CV–1552 AWI GSA, 2014 WL 4267500, at *2–3 (E.D. Cal. Aug. 29, 2014); *Estate of Burkhart v. United States*, No. C 07–5467 PJH, 2008 WL 4067429, at *7 (N.D. Cal. Aug. 26, 2008) ("An heir who files a wrongful death action is required to properly join all known heirs in the action."). Federal Rule of Civil Procedure 19(a) also places an obligation on the plaintiff to join necessary parties.[3] *See Simplis v. Culver City Police Dep't*, Case No. CV10-9497 JHN (MANx), 2011 WL 13133819, at *1–2 (C.D. Cal. Apr. 20, 2011).

Because Decedent's minor child A.J. is an heir under California Civil Procedure Code § 377.60, she is a "necessary party" for purposes of California Code of Civil Procedure § 415.50(a)(1) and was properly joined under Fed. R. Civ. P. 19(a) as a nominal defendant.[4] *See Pavoni v. Chrysler Grp. LLC*, No. CV 11-10513 RGK (SPx), 2012 WL 12883905, at *2 (C.D. Cal. Nov. 15, 2012) (holding that two children of decedent who had elected not to participate in a wrongful death lawsuit must still be joined as nominal defendants or "involuntary plaintiffs"). *See also Simplis*, 2011 WL 13133819, at *2 (noting

---

[3] Rule 19(a) provides in relevant part:

> (1) A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19. Although Rule 19 no longer uses "necessary" to define those who should or must be joined under the terms of the rule, those terms remain as terms of art used by the courts and commentators. *Estate of Burkhart v. United States*, No. C 07-5467 PJH, 2008 WL 4067429, at *5 (N.D. Cal. Aug. 26, 2008). In general, "necessary" refers to a party that should be joined if feasible. *Id*.

[4] According to Plaintiffs' ex parte application, Selene Ramos, the mother and Next Friend of Defendant A.J., was advised of A.J.'s right to participate in this action, but she has "has declined to be joined as a plaintiff in this action, she has claimed no interest in this proceeding, and has not complied with the Government Claim presentment requirement under California Government Code § 910." (Doc. 17 at 5. *See also* Doc. 17-4, Declaration of Edgar Jaimes in Support of Ex Parte App. ¶¶ 2, 4 and Ex. A.)

that other purported children of decedent besides plaintiffs were necessary parties under California wrongful death claim).

**2.     Plaintiffs have Established Reasonable Diligence to Support the Request for Service by Publication**

Plaintiff has demonstrated that it exercised reasonable diligence in seeking to serve Defendant A.J. by other means.  The declarations attached in support of the ex parte application show that paralegal Edward Jaimes exchanged messages on Facebook with Selene Ramos, the mother and Next Friend of Defendant A.J.  (*See* Doc. 17-4, Declaration of Edgar Jaimes in Support of Ex Parte App. ("Jaimes Decl.") ¶¶ 4 and Ex. A.)  Ms. Ramos' Facebook page indicated she lives in Mesa, Arizona.  (*Id*. ¶ 5.)  Paralegal Jaimes obtained an address for Ms. Ramos in Mesa, Arizona, using a "people search website," and on October 20, 2018, Plaintiffs' counsel made an unsuccessful attempt to serve Defendant A.J. at that address.  (*See* Jaimes Decl. ¶ 5; Doc. 17-1, Declaration of Panos Lagos in Support of Ex Parte App. ("Lagos Decl.") ¶ 8.)  On October 29, 2018, a process server attempted service on Defendant A.J. through Ms. Ramos at that same address and was informed by the current resident that Ms. Ramos does not reside there and that she has "never knew, or heard of [Ms. Ramos]."  (*See* Lagos Decl. ¶ 9; Doc. 17-2, Declaration of Dariusz Jastrzebski Re: Ex Parte App.)

The declarations show that, following the two unsuccessful attempts to serve Defendant A.J. at the address for Ms. Ramos obtained through Paralegal Jaimes' internet search, Plaintiffs' counsel hired a private investigator to locate Ms. Ramos for the purpose of serving Defendant A.J.  (*See* Lagos Decl. ¶ 10; Doc. 17-3, Declaration of Craig Riesterer ("Riesterer Decl.") ¶ 2.)  The private investigator performed address searches for Ms. Ramos and Mario Ramos, believed to be a relative, in various data bases, "including a private data base which is only available to private investigators."  (Riesterer Decl. ¶¶ 4–5.)  The searches did not result in any address for Ms. Ramos other than the address at which service had been already attempted and it did not provide any "trace" detail, e.g., Social Security number, known relatives and/or past associates.  (*Id*.)

Based on the information provided, the Court finds that exhaustive efforts have been made to locate a current address for Ms. Ramos on behalf of Defendant A.J.  Plaintiff has also submitted evidence

that, despite diligent efforts to locate and serve Defendant A.J., Plaintiff has been unable to locate and serve her. Under these circumstances, Plaintiffs have satisfied the "reasonable diligence" requirement. *Cf. Integon Preferred Ins. Co. v. Camacho*, Case No. 1:16–cv–01496–AWI–SAB, 2017 WL 2159726, at *4–5 (E.D. Cal. May 17, 2017). Moreover, the fact that Ms. Ramos has actual notice on behalf of Defendant A.J. of this action, as evidenced by her response to Paralegal Jaimes, further supports permitting alternate service. *Cf. United States v. Lyles*, No. 2:13-CV-1842 KJM AC, 2013 WL 6799046, at *3 (E.D. Cal. Dec. 20, 2013) (granting ex parte application for service by mail without signed acknowledgement where the defendant had actual notice of the lawsuit). Accordingly, Plaintiffs' ex parte application to serve Defendant A.J., through her mother and Next Friend Selene Ramos, by publication shall be granted.

**B. Plaintiffs Have Established Cause for an Extension of Time to Serve the Summons and Complaint**

Rule 4(m) of the Federal Rules of Civil Procedure provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "Good cause to avoid dismissal may be demonstrated by establishing, at minimum, excusable neglect." *Lemoge v. United States*, 587 F.3d 1188, 1198 n.3 (9th Cir. 2009). Even absent good cause, Rule 4(m) permits the Court to grant an extension of time. *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007).

Given Plaintiffs' difficulties effecting service of process on Defendant A.J., as detailed above, Plaintiffs have demonstrated cause for an extension of time under Rule 4(m) to complete service. To allow Plaintiffs time to effect service, and in view of the enlargement of time, the Initial Scheduling Conference shall be continued.

**IV.   ORDER**

Having considered Plaintiffs' ex parte application and supporting declarations, and good cause appearing therefor, IT IS HEREBY ORDERED that:

1. Plaintiff's ex parte application for Order for Extension of Time for Service and for Service of Summons by Publication is GRANTED (Doc. 17);

2. Plaintiffs shall have an extension of time of forty-five (45) days to serve Defendant A.J., a minor, through her mother and Next Friend Selene Ramos;

3. Pursuant to Fed. R. Civ. P. 4(m) and Cal. Code Civ. Proc. § 415.50, service upon Defendant A.J. shall be effectuated by publication of the summons not less than once a week for four consecutive weeks in The East Valley Tribune, a newspaper of general circulation serving Mesa, Chandler, Tempe, Gilbert and Queen Creek, Arizona;

4. If Plaintiffs ascertain the address of Defendant A.J. and/or her mother and Next Friend Selene Ramos before expiration of the time prescribed for publication of the summons, Plaintiff shall mail forthwith copies of the summons, complaint, and this order to that address by ordinary mail; and

5. The Initial Scheduling Conference set for January 15, 2019, is CONTINUED March 28, 2019, at 10:15 AM, in Courtroom 7 (SKO) before Magistrate Judge Sheila K. Oberto. The parties SHALL file their Joint Scheduling Report no later than seven days prior to the conference.

IT IS SO ORDERED.

Dated: **December 26, 2018**  /s/ *Sheila K. Oberto*
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE