# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.A.J, a minor, through his mother and Next Friend, CRYSTAL BOTELLO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>State of California Highway Patrol Officer EFRAIN JIMENEZ, et al.,<br><br>Defendants. | Case No.: 1:18-cv-01138-DAD-SKO<br><br>ORDER VACATING HEARING AND REQUIRING APPOINTMENT OF GUARDIAN AD LITEM FOR PLAINTIFF J.A.J.<br><br>FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT<br><br>OBJECTIONS DUE: 14 DAYS<br><br>(Doc. 26) |

On May 7, 2019, Plaintiffs J.A.J., a minor, through his mother and Next Friend Crystal Botello[1], individually and as successor in interest for Santana Juarez Gonzalez, deceased ("Decedent"), Santana Juarez Jimenez, individually, and Teresa Gonzalez-Velazquez, individually (collectively, "Plaintiffs"),

---

[1] Although the action was filed by minor J.A.J. "through his mother and Next Friend" Crystal Botello, the Court notes that there is no evidence that a representative of J.A.J. has been appointed in this case. Pursuant to the Local Rules of the Eastern District of California, upon commencing this action on behalf of a minor, "the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor . . . ." L.R. 202(a). Merely filing a "successor in interest declaration" (Doc. 11) does not meet the requirements of the Local Rules. Accordingly, Plaintiffs' counsel shall file evidence that a representative has been appointed under state law or a motion for appointment of a guardian ad litem that comports with the requirements of Rule 202.

1

filed a motion for entry of default judgment against Defendant A.J., a minor ("A.J"), through her mother and Next Friend Selene Ramos. (Doc. 26.) No opposition to Plaintiffs' motion was filed. The Court has reviewed the motion and supporting documentation and determines that the matter is suitable for decision without oral argument pursuant to Local Rule 230(g). As such, the hearing on the motion set for June 19, 2019, shall be vacated.

Because Defendant A.J. is a minor for whom no guardian has appeared, the Court recommends Plaintiffs' motion for entry default judgment be denied without prejudice.

## I. BACKGROUND

Plaintiffs filed their complaint on August 22, 2018, asserting civil rights violations arising under 42 U.S.C. § 1983, violation of Cal. Civ. Code § 52.1; negligence, and assault and battery against California Highway Patrol Officer Efrain Jimenez ("Officer Jimenez"). (Doc. 1.) Plaintiffs filed a First Amended Complaint against Officer Jimenez, and A.J., through her mother and Next Friend Selene Ramos, individually and as successor in interest for Decedent, on October 9, 2018, which is now the operative pleading in the action. (Doc. 9)

Defendant Officer Jimenez was served with the complaint on October 9, 2018 and filed his answer on October 24, 2018. (Docs. 9 & 14.) Ultimately, Plaintiffs were unable to serve Defendant A.J. and sought an order from the Court permitting them to serve her by publication. (Doc. 17.) On December 27, 2018, the Court granted Plaintiffs' request to serve Defendant A.J. through her mother and Next Friend Selene Ramos by publication. (Doc. 18.)

To date, Defendant A.J. has neither filed an answer nor made any attempt to appear in the action. Plaintiffs requested the Clerk of Court enter default against A.J. on April 5, 2019 (Doc. 24), and the request was granted on April 8, 2019 (Doc. 25.)

## II. DISCUSSION

Plaintiffs seek entry of default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure against Defendant A.J., a minor. However, as Plaintiffs themselves acknowledge (*see* Doc. 26 at 3), that Rule permits the Court to enter default judgment against a minor "*only* if represented by a general guardian, conservator, or other like fiduciary who has appeared." Fed. R. Civ. P. 55(b)(2)

2

(emphasis added). Because no guardian has yet appeared on behalf of A.J. in this action,[2] the undersigned cannot recommend entry of default judgment at this time.[3] *See Burlington Ins. Co. v. Diamond Partners, Inc.*, No. 1:10-cv-00100-LJO-SKO, 2011 WL 13249829, at *2 (E.D. Cal. Mar. 23, 2011). *See also Allstate Ins. Co. v. Davis*, 430 F. Supp. 2d 1112, 1115 (D. Haw. 2006).

### III.   FINDINGS AND RECOMMENDATION

Default judgment cannot be entered against A.J., a minor, where, as here, no guardian has appeared on her behalf. *See* Fed. R. Civ. P. 55(b)(2). Based upon the foregoing, the Court hereby **RECOMMENDS** that Plaintiffs' motion for entry of default judgment against Defendant A.J. (Doc. 26) be **DENIED WITHOUT PREJUDICE**. The hearing on Plaintiffs' motion for entry of default judgment set for June 19, 2019 is **VACATED**.

In addition, **IT IS HEREBY ORDERED** that, within fourteen (14) days from the date of entry of this order, Plaintiffs' counsel **SHALL** file either (1) evidence that a representative has been appointed for Plaintiff J.A.J. under state law, or (2) a motion for appointment of a guardian ad litem that comports with the requirements of Local Rule 202.

These findings and recommendation are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendation with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are

---

[2] According Plaintiffs, A.J.'s mother, Selene Ramos, was advised of A.J.'s right to participate in this action but declined to be joined as a plaintiff and "claimed no interest in this proceeding." *See* Doc. 17 at 5. Thus, even though Ms. Ramos is named in this lawsuit as the "Next Friend" of A.J., it appears to the Court that she has no interest as serving as a guardian for her daughter in this action.

[3] Even if a guardian had been appointed and appeared on A.J.'s behalf, however, the Court remains doubtful it would be appropriate to enter judgment against nominal Defendant A.J. while the action remains against Defendant Officer Jimenez. *See* Fed. R. Civ. P. 54(b) ("When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all claims or parties only if the court expressly determines that there is no just reason for delay."); *Frow v. De La Vega*, 82 U.S. 552, 554 (1872) (warning that "absurdity might follow" in instances where a court "can lawfully make a final decree against one defendant . . . while the cause was proceeding undetermined against the others."). *See also, e.g.*, *Soltero v. City of Bakersfield*, No. 1:12–cv–01791–LJO–JLT, 2014 WL 6668799, at *2–3 (E.D. Cal. Nov. 24, 2014) (finding, under Fed. R. Civ. P. 54(b), "just cause to delay" entry of default judgment against nominal defendant in wrongful death action).

advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **June 13, 2019**     /s/ *Sheila K. Oberto*
                                     UNITED STATES MAGISTRATE JUDGE