XAVIER BECERRA, State Bar No. 118517
Attorney General of California
PETER A. MESHOT, State Bar No. 117061
Supervising Deputy Attorney General
AMIE C. MCTAVISH, State Bar No. 242372
DIANA ESQUIVEL, State Bar No. 202954
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7320
  Facsimile: (916) 322-8288
  E-mail: Diana.Esquivel@doj.ca.gov
*Attorneys for Defendant Jimenez*

**Panos Lagos, Esq. (SBN 61821)**
**LAW OFFICES OF PANOS LAGOS**
  5032 Woodminster Lane
  Oakland, CA 94602-2614
  510.530.4078
  510.530.4725 (Fax)
  E-mail: panos@panoslagoslaw.com

**Sanjay S. Schmidt (SBN 247475)**
**LAW OFFICE OF SANJAY S. SCHMIDT**
  1388 Sutter Street, Suite 810
  San Francisco, CA 94109
  Tel. (415) 563-8583
  Fax (415) 223-9717
  E-mail: ss@sanjayschmidtlaw.com

*Attorneys for Plaintiffs J. A. J., Santana Juarez Jimenez, and Teresa Gonzalez-Velazquez*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **J.A.J., et al.,** | No. 1:18-cv-01138-DAD-SKO |
| Plaintiffs, | **STIPULATION FOR PROTECTIVE ORDER AND ORDER** |
| v. | **(Doc. 37)** |
| **EFRAIN JIMENEZ, et al.,** | |
| Defendants. | |

1

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in paragraph 9.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

The following Stipulated Protective Order shall govern the use and disclosure of the documents and materials listed herein, and any other documents that are designated "confidential" by the producing party.

2. DEFINITIONS

"Confidential" information or items is defined as information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and for which public disclosure is likely to result in particularized harm, or is privileged under law, and/or violates privacy or official information interests recognized by law, or is otherwise entitled to protection.

Other items may be included as Confidential for purposes of this order by agreement of the parties or by court order on noticed motion. This information may include, but is not limited to:

    a. personnel file records of any peace officer;
    b. videos;
    c. medical and/or mental health records;
    d. social security numbers and similar sensitive identifying information

2

(unless redacted by order or by agreement of all parties); and

  e.  plaintiff family photographs.

Other items may be included as Confidential for purposes of this order by agreement of the parties or by court order on noticed motion.

3. <u>SCOPE</u>

3.1 The protections conferred by this Stipulation and Order cover not only Confidential material (as defined above), but also (1) any information copied from Confidential material; (2) all copies, excerpts, summaries, or compilations of Confidential material that reveal the source of the Confidential material or that reveal specific information entitled to confidentiality as a matter of law; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Confidential material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Confidential material at trial shall be governed by a separate agreement or order.

3.2 The documents, materials, and their contents may be used by the parties and their counsel only in this litigation and may not be used in separate proceedings or actions at this time or in the future without first being obtained through proper discovery procedures or court orders in those separate proceedings or actions.

3.3 The documents and their contents may not be disclosed, copied, distributed, shown, described, or read to any person or entity (including, but not limited to, media representatives) by plaintiff or her counsel, representatives or agents, other than (a) the parties to this litigation; (b) the parties' attorneys, paralegals, and legal office staff in this litigation; (c) the parties' expert consultants in this litigation for purposes of expert consultation and trial testimony preparation;

3

(d) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation, and (e) the Court in this action, for purposes of this litigation.

  3.4 Expert consultants must sign the "Acknowledgment and Agreement to be Bound" (Exhibit A) an executed copy of which will be provided to the opposing counsel within seven (7) days after formal disclosure of such consultants as expert witnesses in this litigation.

  3.5 Any individual who is shown Confidential material must sign the "Acknowledgment and Agreement to be Bound" (Exhibit A), an executed copy of which must be kept on file by the disclosing attorney's office, in the event a request by opposing counsel is made, in response to which a copy must be provided to opposing counsel within (7) days of such a request, including as to those individuals identified in paragraph 3.3 (d). This paragraph excludes materials shown to consultants on a confidential basis, however; as to consultants or experts that are not formally disclosed, the signatories to this protective order are agreeing, by signing below, to abide by this provision, which expressly requires that any individual who is shown Confidential material must sign the "Acknowledgment and Agreement to be Bound" (Exhibit A).

  4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

  5. <u>DESIGNATING PROTECTED MATERIAL</u>

  5.1 Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or

4

1  oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2   Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend

5

"CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6

6.3 Judicial Intervention. If disagreements remain regarding a designation, the parties shall file a Joint Discovery Dispute Statement under Eastern District Local Rule 230 and 251 (and in compliance with Eastern District Local Rules 141 and 141.1, if applicable). The party challenging a confidentiality designation may file a Joint Discovery Dispute Statement challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. **Lead trial counsel for both parties must sign the statement**, which shall include an attestation that the parties met and conferred in person or by telephone regarding all issues prior to filing the letter. Going issue-by-issue, the joint statement shall describe each unresolved issue, summarize each party's position with appropriate legal authority; and provide each party's final proposed compromise before moving to the next issue. The joint letter shall not exceed ten pages without leave of court. **Parties are expected to plan for and cooperate in preparing the joint statement so that each side has adequate time to address the arguments.** In the rare instance that a joint statement is not possible, each side may submit a statement not to exceed four pages, which shall include an explanation of why a joint statement was not possible. The parties shall submit one exhibit to the statement that only sets forth each disputed designation in full, followed immediately by the objections and/or responses thereto. No other information shall be included in any such exhibit. No other exhibits shall be submitted without prior approval by the court. The court will review the submission(s) and determine whether formal briefing or proceedings are necessary.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to treat the material in question as "CONFIDENTIAL."

7. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

7

Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

8. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

9. MISCELLANEOUS

9.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

9.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

9.3 Filing Confidential material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential material. A Party that seeks to file under seal any Confidential material must comply with Civil Local Rule 141. Confidential material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential material at issue. Pursuant to Civil Local Rule 141, a sealing order will issue only upon a request

8

establishing that the Confidential material at issue is privileged, and/or violates privacy or official information interests recognized by law, or is otherwise entitled to protection under the law. If a Receiving Party's request to file Confidential material under seal pursuant to Civil Local Rule 141(b) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 141(e)(1) unless otherwise instructed by the court.

10. RETURN OF CONFIDENTIAL MATERIAL

Within 90 days after the final disposition of this action, as defined in Section 4, upon written notification served by Producing or Designating Party, each Receiving Party must return all Confidential material to the Producing Party or destroy such material. As used in this subdivision, "all Confidential material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Confidential material. Whether the Confidential material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90 day deadline that (1) identifies (by category, where appropriate) all the Confidential material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential material.

11. REMEDIES

Any party believing that this order is being violated may move for a court order of enforcement. The motion shall be subject to all local rules governing motions concerning discovery disputes, including but not limited to meet and confer requirements. Said motion may be brought at any time up to final entry of judgment in this matter.

12. LOCAL RULE 141.1 STATEMENT

In accordance with the provisions of Local Rule 141.1, the parties state as follows:

(1) The information eligible for a protective order in this case is:

    a. employment records that would otherwise be privileged;

    b. law enforcement tactical and evaluative information;

///

9

        c.    confidential information concerning the privacy of third parties to this lawsuit.

   (2)   A particularized need exists as to these categories as follows:

        a.    These records contain confidential and personal information;

        b.    These records contain information that may constitute official information and could risk the safety and security of law enforcement officers if publicly disseminated;

        c.    These records contain information of third parties to this lawsuit that are confidential and personal in nature.

   (3)   A court order is needed to ensure the privacy and confidentiality of this information is enforceable after the litigation has ended.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: July 18, 2019

LAW OFFICES OF PANOS LAGOS
-and-
LAW OFFICE OF SANJAY S. SCHMIDT

*/s/ **Panos Lagos** (as authorized 7/18/19)*

PANOS LAGOS
*Attorneys for Plaintiffs J. A. J., Santana Juarez Jimenez, and Teresa Gonzalez-Velazquez*

Dated: July 19, 2019

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
PETER A. MESHOT
Supervising Deputy Attorney General

*/s/ **Amie McTavish***

DIANA ESQUIVEL
AMIE C. MCTAVISH
Deputy Attorney General
*Attorneys for Defendant Jimenez*

///

10

IT IS SO ORDERED.

Dated: **July 22, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on [date] _____ in the case of *J.A.J., a minor, by and through his mother and Next Friend, Crystal Botello, individually and as successor in interest for Santana Juarez Gonzalez, Deceased, Santana Juarez Jimenez, individually, and Teresa Gonzalez-Velazquez, individually v. State of California Highway Patrol Office Efrain Jimenez, and Does 1 to 100*, 1:18-cv-01138-DAD-SKO I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____