Xavier Becerra, State Bar No. 118517
Attorney General of California
Peter A. Meshot, State Bar No. 117061
Supervising Deputy Attorney General
Amie C. McTavish, State Bar No. 242372
Diana Esquivel, State Bar No. 202954
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7320
  Facsimile: (916) 322-8288
  E-mail: Diana.Esquivel@doj.ca.gov

*Attorneys for Defendant Jimenez*

Panos Lagos, Esq. (SBN 61821)
LAW OFFICES OF PANOS LAGOS
  5032 Woodminster Lane
  Oakland, CA 94602-2614
  Tel: 510.530.4078
  Fax: 510.530.4725
  E-mail: panos@panoslagoslaw.com

Sanjay S. Schmidt (SBN 247475)
LAW OFFICE OF SANJAY S. SCHMIDT
  1388 Sutter Street, Suite 810
  San Francisco, CA 94109
  Tel: (415) 563-8583
  Fax: (415) 223-9717
  E-mail: ss@sanjayschmidtlaw.com

*Attorneys for Plaintiffs J. A. J. and Teresa Gonzalez-Velazquez*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **J.A.J., et al.** | No. 1:18-cv-01138 DAD-SKO |
| Plaintiffs, | **STIPULATION AND ORDER TO MODIFY SCHEDULING ORDER TO EXTEND THE NON-EXPERT DISCOVERY DEADLINE** |
| v. | |
| **EFRAIN JIMENEZ, et al.,** | (Doc. 47) |
| Defendants. | Action Filed: August 22, 2018 |

Under Federal Rule of Civil Procedure 16(b)(4) and Local Rule 143, the parties, through their respective counsel of record, stipulate and request to modify the April 15, 2020 Amended Scheduling Order (ECF No. 46) to extend the deadline by when non-expert discovery must be completed. The current deadline to complete non-expert discovery is January 29, 2021. (ECF No. 46.) The parties seek to continue the deadline to May 7, 2021, when expert discovery closes. Good cause exists to grant this stipulated request because, despite the parties' diligence, they will not be able to complete fact discovery by the current deadline due to the ongoing COVID-19

pandemic and resulting restrictions. This requested modification will not affect any other scheduling deadline.

When an act must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time expires. Fed. R. Civ. P. 6(b)(1)(A). A scheduling order may be modified only upon a showing of good cause and by leave of Court. *Id*. 16(b)(4); *see, e.g., Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (describing the factors a court should consider in ruling on such a motion). In considering whether a party moving for a schedule modification has good cause, the Court primarily focuses on the diligence of the party seeking the modification. *Johnson*, 975 F.2d at 609 (citing Fed. R. Civ. P. 16 advisory committee's notes of 1983 amendment). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the amendment.'" *Id*. (quoting Fed. R. Civ. P. 16 advisory committee notes of 1983 amendment).

On April 5, 2019, the Court entered its initial Scheduling Order. (ECF No. 23.) Due to the onset of the COVID-19 pandemic, the parties requested, and the Court granted, an extension of all the scheduling deadlines and trial on April 20, 2020. (ECF No. 46.) The Amended Scheduling Order required the parties to complete non-expert discovery by January 29, 2021. (*Id*.) It should be noted that, at that time, the full scope and expected duration of the pandemic and concomitant public health measures and restrictions were unknown by public health and government officials, let alone the parties and their respective counsel. As such, the Amended Scheduling Order required the parties to complete non-expert discovery by January 29, 2021. (*Id*.) Distribution of the vaccines did not commence until recently. At the present time, it is not yet known when the pandemic-related restrictions can be lifted. Nevertheless, the parties have engaged in extensive written discovery, including initial disclosures, interrogatories, and requests for production of documents. The parties subpoenaed and obtained relevant records from third parties. Plaintiffs' and the Guardian Ad Litem's depositions have been taken and completed. Defendant's deposition was scheduled for January 7, 2021, but due to unexpected circumstances, it was rescheduled to

January 22, 2021. Despite the parties' diligence in obtaining discovery, there is third-party discovery that still needs to be completed.

The parties seek to depose several third-party witnesses, but will not be able to complete those depositions in the time remaining before the close of non-expert discovery. These witnesses include five witnesses from the Branch & Vine where the incident occurred, Decedent's siblings, and Madera County Sheriff's Person Most Knowledge concerning the production of a video of the shooting incident.

Defense counsel has been attempting to secure the depositions of several witnesses from the Branch & Vine for over a month. She sought their cooperation to avoid personal service of subpoenas and in-person depositions, given the Governor's COVID-19 regional stay-at-home orders for the Central Valley. However, only two witnesses have agreed to appear for their remote (Zoom) depositions; the others have not returned defense counsel's multiple voicemail messages. Defense counsel must now have deposition subpoenas served on the remaining witnesses, which will likely trigger a request for a remote deposition. It is unlikely that the subpoenas can be served and the depositions completed before the January 29 deadline.

Following Plaintiffs' depositions, defense counsel identified a couple of Decedent's siblings that have material information related to Plaintiffs' Fourteenth Amendment claims. The siblings live in Southern California and the Central Valley. Although Plaintiffs' counsel do not represent the siblings, they have offered to assist in obtaining their cooperation to avoid personal service of subpoenas due to the pandemic.

In response to Defendant's subpoena, the Madera County Sheriff's Department produced a video recording taken at the Branch & Vine of the shooting incident. However, the recording appears to be incomplete or "spliced." The parties seek to ascertain whether the original recording is similarly incomplete or if portions were inadvertently omitted in the copy produced in response to the subpoena. This video is the only piece of evidence that depicts the actual shooting at issue in this lawsuit, and it is therefore pertinent that a complete copy be produced.

Due to the ongoing national pandemic, scheduling and taking depositions is an onerous and time-consuming task. For this reason, the parties need more time to complete fact discovery, and

seek an extension of the January 29 deadline to complete non-expert discovery. The parties do not believe that this request will affect any other deadline in the Amended Scheduling Order because, other than the video recording, the outstanding discovery is unlikely to be relevant to the use-of-force expert opinions that are anticipated in this case. Good cause, therefore, exists to continue the deadline to complete non-expert discovery to May 7, 2021—the same deadline to complete expert discovery.

 IT IS SO STIPULATED.

| Dated: January 13, 2021 | Respectfully submitted, |
|---|---|
|  | XAVIER BECERRA<br>Attorney General of California<br>PETER A. MESHOT<br>Supervising Deputy Attorney General |
|  | */s/ Diana Esquivel* |
|  | DIANA ESQUIVEL<br>AMIE C. MCTAVISH<br>Deputy Attorney General<br>*Attorneys for Defendant Jimenez* |
| Dated: January 13, 2021 | LAW OFFICES OF PANOS LAGOS |
|  | */s/ Panos Lagos* (as authorized 1/13/21) |
|  | PANOS LAGOS<br>*Attorneys for Plaintiffs J. A. J. and Teresa Gonzalez-Velazquez* |
| Dated: January 13, 2021 | LAW OFFICE OF SANJAY S. SCHMIDT |
|  | */s/ Sanjay S. Schmidt* (as authorized 1/13/21) |
|  | SANJAY S. SCHMIDT<br>*Attorneys for Plaintiffs J. A. J. and Teresa Gonzalez-Velazquez* |

SA2018302522
34735401.docx

**ORDER**

Good cause appearing, the parties' above-stipulated request to modify the April 15, 2020 Amended Scheduling Order (Doc. 47) is GRANTED.

The parties shall complete non-expert discovery by no later than **May 7, 2021**. In all other respects, the April 15, 2020 Amended Scheduling Order (Doc. 46) remains in effect.

IT IS SO ORDERED.

Dated:     **January 14, 2021**                    /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE