**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

**Panos Lagos, Esq. / SBN 61821**
**LAW OFFICES OF PANOS LAGOS**
6569 Glen Oaks Way
Oakland, CA 94611
510.530.4078
510.530.4725 (FAX)
E-mail: panos@panoslagoslaw.com

**Sanjay S. Schmidt (SBN 247475)**
**LAW OFFICE OF SANJAY S. SCHMIDT**
1388 Sutter Street, Suite 810
San Francisco, CA 94109
Tel. (415) 563-8583
Fax (415) 223-9717
Email: ss@sanjayschmidtlaw.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSHUA A. JUAREZ, individually and as successor in interest to SANTANA JUAREZ GONZALEZ, Deceased;<br><br>Plaintiff,<br><br>v.<br><br>State of California Highway Patrol Officer EFRAIN JIMENEZ (ID#18075), individually; A;J, a minor, through her mother and Next Friend, SELENE RAMOS, individually and as successor in interest for SANTANA JUAREZ GONZALEZ, Deceased; and DOES 1 to 100, jointly and severally;<br><br>Defendants. | Case No. 1:18-cv-01138-KES-EGC<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OR REFERENCES TO INFORMATION NOT KNOWN TO OFFICER JIMENEZ AT THE TIME OF THE INCIDENT** |

**TO THE HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN**:

**PLEASE TAKE NOTICE** that Plaintiff Joshua A. Juarez hereby moves the Court, by way of this Motion in Limine No. 1, to exclude Defendant from introducing evidence, argument, or references to information not known to the Officer Jimenez at the time of the incident at trial. Plaintiff makes this Motion under Federal Rules of Evidence 401, 402, 403, and 404.

DATED: October 2, 2026

LAW OFFICES OF DALE K. GALIPO
LAW OFFICES OF PANOS LAGOS
LAW OFFICE OF SANJAY S. SCHMIDT

By: */s/ Sanjay S. Schmidt*
Dale K. Galipo
Panos Lagos
Sanjay J. Schmidt
Attorneys for Plaintiff Joshua A. Juarez

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This civil rights case arises out of the officer-involved shooting death of Santana Juarez Gonzalez on August 20, 2017, by California Highway Patrol Officer Efrain Jimenez. Officer Jimenez had never encountered Decedent prior to the date of the incident and did not know anything about him except for the information he was given over dispatch, over his radio, and the very little information given to him by two other suspects when he patted them down for weapons. Plaintiff, Decedent's son, is proceeding to trial on claims for: (1) Excessive Force under the Fourth Amendment, pursuant to 42 U.S.C. § 1983; (2) Battery under California law; (3) Negligence under California law; and (4) Violation of California Civil Code section 52.1 (Bane Act).

Prior to the filing of this Motion, the parties met and conferred regarding the contents of this Motion. Defendants agreed that any information not known to Officer Jimenez at the time of the incident, including Decedent's criminal history, alleged gang affiliation, drug and alcohol history (including toxicology results obtained after the autopsy of Decedent), and specific testimony from the alleged victims of the carjacking was not relevant to the issue of liability. However, Defendants contend that Decedent's criminal history, alleged gang affiliation, and drug and alcohol history are relevant to Plaintiff's wrongful death damages and to rebut any anticipated testimony regarding Plaintiff's relationship with Decedent. For the reasons discussed herein, Plaintiff contends that Decedent's criminal history, alleged gang affiliation, and drug and alcohol history are not relevant to either issue of liability or damages and should be excluded in their entirety. Accordingly, Plaintiff seeks to exclude introduction, references, or arguments concerning the following evidence and related details contained therein at trial:

- October 10, 2004, arrest of Decedent as a juvenile by San Bernardino Police Department for burglary. The charges were subsequently reduced to trespassing, a misdemeanor, and the Decedent was placed on juvenile probation.[1]

---

[1] Pursuant to California Welfare and Institutions Code § 203, "[a]n order adjudging a minor to be a

(footnote continued)

- August 26, 2013, arrest by Madera Police Department and subsequent convictions for for H&S section 11377(a) (possession of a controlled substance) and H&S 11364.1 (possession of controlled substance paraphernalia). Decedent was sentenced to 53 days in jail with credit for time served and three years misdemeanor probation.
- December 10, 2013, arrest by Madera Police Department and subsequent conviction for for H&S section 11377(a) (possession of a controlled substance) and PC 243(e)(1) (battery of spouse/ex spouse/date). Decedent was sentenced to 93 days in jail with credit for time served, 3 years of probation, and was required to enroll in a batterers program. Pursuant to the arrest and conviction, a criminal protective order was also issued against him for Selene Ramos (mother of A.J.).
- Two outstanding warrants for Decedent's arrest stemming from violations of his probation;
- Evidence that Decedent drank regularly, had used marijuana in his teens, and started using methamphetamine in his teens;
- Toxicology Report performed pursuant to the Autopsy conducted on Decedent that showed the presence of alcohol and methamphetamine in Decedent's system;
- Alleged gang affiliation with a Southern street gang due to alleged three-dots tattoo on Decedent's left wrist.

## II. ARGUMENT

Under Federal Rule of Evidence 401, evidence is only relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence," and the fact is "of consequence in determining the action." Fed. R. Evid. 401(a). Evidence that is not relevant is inadmissible. Fed. R. Evid. 402. "The clarity of hindsight cannot provide the standard for judging the reasonableness of police decisions made in uncertain and often dangerous circumstances." *Tennessee v. Garner*, 471 U.S. 1, 26 (1985). The "reasonableness" standard is an objective one.

---

ward of the juvenile court ***shall not be deemed a conviction of a crime*** for any purpose, ***nor shall a proceeding in the juvenile court be deemed a criminal proceeding***." (emphasis added); *In re Elford*, 618 B.R. 872, 889 (Bankr. E.D. Cal. 2020) (juvenile proceedings are not criminal in nature).

*Kingsley v. Hendrickson*, 576 U. S. 389, 402 (2015). The Ninth Circuit has held that information unknown to an officer at the time of his use of force — including information acquired after the incident by investigators or during discovery — cannot be considered. *Glenn v. Washington County*, 673 F.3d 864, 873 (9th Cir. 2011). Accordingly, Plaintiff contends, and Defendants have agreed, that information not known to Officer Jimenez, including Decedent's criminal history, alleged gang affiliation, and alcohol and drug use, are not relevant in determining whether Officer Jimenez's use of force was reasonable at the time of the shooting.

Plaintiff further contends that such evidence is not relevant and therefore inadmissible as it pertains to Plaintiff's damages, including wrongful death damages. Plaintiff was born in 2006 and lived with his mother and Decedent in San Bernardino County until he was approximately four years old. After that, in or around 2010, Decedent moved to Madera County and Plaintiff spoke to Decedent approximately twice a month on the phone or via FaceTime and only saw Decedent in person during holidays and special occasions. Despite not being able to see each other in person regularly, Decedent and Plaintiff maintained a good relationship. While Decedent would occasionally give Plaintiff money, Plaintiff is not seeking economic damages – only non-economic damages. Decedent died in 2017, when Plaintiff was eleven years old.

The Ninth Circuit has held that evidence of drug use as it relates to the Plaintiff's loss of relationship with the decedent has "marginal, if any, probative value as to damages, and none as to liability." *Est. of Diaz v. City of Anaheim*, 840 F.3d 592, 600, 601–03 (9th Cir. 2016) (evidence of drug use had "marginal relevance" to mother's claim that she loved her son and evidence of drug use the day of the incident had "*no* relevance" to mother's loss) (emphasis in original). On remand, the Ninth Circuit instructed the district court to "closely review this evidence under Federal Rules of Evidence 401 and 403," and that it should be admitted only "to the degree that the testimony is connected up with [the mother's] reaction to her son's death." *Id.* at 603. The *Diaz* Court further reiterated that the Ninth Circuit has "recognized time and time again that gang evidence has the potential to be particularly prejudicial" and stated that it was "hard to see how [gang affiliation] testimony was relevant even to damages, absent testimony—of which there was none—that [the

mother] knew of the photographs, gang signs, and drug use on the day of the offense, and that that knowledge undermined the emotional impact of her son's death." *Id.* at 601 –02 (citations omitted).

Pursuant to *Diaz*, district courts have excluded evidence regarding a decedent's use of drug and/or alcohol and evidence of a decedent's alleged gang affiliation at trial, finding that such evidence is more prejudicial than probative for both liability and damages. *See Est. of Risher v. City of Los Angeles*, No. CV 17-00995-MWF (DTBX), 2025 WL 869028, at *3 (C.D. Cal. Jan. 22, 2025); *Sandoval v. Cnty. of San Diego*, No. 316CV01004BENAGS, 2023 WL 7434956, at *11 (S.D. Cal. Nov. 9, 2023); *Maddox on behalf of D.M. v. City of Sandpoint*, No. 2:16-CV-162-BLW, 2019 WL 3538949, at *4 (D. Idaho Aug. 1, 2019); *Dominguez v. City of Los Angeles*, No. CV174557DMGPLAX, 2018 WL 6164278, at *2 (C.D. Cal. Oct. 9, 2018). In *Tofte v. City of Longview*, No. 3:22-CV-05700-TMC, 2024 WL 4451403 (W.D. Wash. Oct. 8, 2024), the district court granted a motion in limine to exclude evidence of the decedent's drug use because defendants were unable to "connect up" decedent's drug use with any other evidence or theory of damages and therefore, "any minimal probative value of this evidence is outweighed by a significant danger of unfair prejudice." 2024 WL 4451403, at *3.

Here, there is no evidence that Decedent's drug or alcohol use affected Decedent's relationship with Plaintiff, especially considering that Plaintiff is unable to recall living together with Decedent and Plaintiff and Decedent did not regularly see each other in person after Decedent moved to Madera County when Plaintiff was approximately four years old. Additionally, any purported evidence that Decedent was affiliated with a street gang is extremely tenuous, at best, and, more importantly, there is no evidence whatsoever that his alleged gang affiliation affected his relationship with Plaintiff in any way. The only purported evidence cited for Decedent's gang affiliation is the three-dots tattoo on Decedent's left wrist, which was allegedly indicative of his affiliation with a street gang in Madera County. There is no evidence that he ever associated himself with known gang members, that he was ever convicted of a crime involving gang affiliation, or that he ever claimed to be affiliated with any street gang. Defendants, further, have no evidence that any alleged gang affiliation affected Decedent's relationship with his son. Thus, Defendants are unable

to "connect up" Decedent's drug and alcohol use and alleged gang affiliation to any theory of damages.

Following the line of reasoning in *Diaz*, the district court in *Sandoval v. Cnty. of San Diego*, No. 316CV01004BENAGS, 2023 WL 7434956, (S.D. Cal. Nov. 9, 2023), concluded that a decedent's criminal history was unduly prejudicial, even as it related to damages. 2023 WL 7434956, at *11. The district court found that the "relevant information" from the decedent's criminal history, specifically his time away from his family due to his incarceration, could be presented in a neutral fashion, "without the inflammatory details regarding the nature of his convictions." Similarly, in *Valtierra v. City of Los Angeles*, 99 F. Supp. 3d 1190 (C.D. Cal. 2015), the district court held that while the parents' lack of knowledge of the decedent's criminal history may have some relevance as to the closeness of their relationship, there was no reason why the jury must be made aware of the *nature* of decedent's criminal history and that "admission of such evidence, even with a limiting instruction, risks being used as improper character evidence in violation of Rule 404(b)" and the district court, in a well-reasoned analysis, explained that "the Court finds no probative value in evidence concerning the nature of decedent's criminal history, but finds significant risk of unfair prejudice to plaintiffs pursuant to Rule 403." 99 F. Supp. 3d at 1194–95; *Est. of Diaz*, 840 F.3d at 603 ("a limiting instruction may not sufficiently mitigate the prejudicial impact of evidence in all cases.") (citations omitted).

In this case, prior to Plaintiff's birth, Decedent had only one juvenile adjudication – which is *not* a "conviction" under California law – and it was for trespassing. Cal. Welf. & Inst. Code § 203; *In re Elford*, 618 B.R. 872, 889 (Bankr. E.D. Cal. 2020) ("A review of the annotations to Welfare and Institutions Section 203 discloses decades of cases stating that as a matter of California law, proceedings in a juvenile court to declare a minor the ward of a court are not criminal proceedings, but civil in nature.") (citing numerous California cases between 1952 and 2016 to this effect). Further, he did not have any run-ins with law enforcement until 2013, three years after he moved away from Plaintiff. By that time, Plaintiff did not see Decedent regularly in person because Decedent no longer lived close enough to visit regularly. Plaintiff and Decedent maintained a good relationship via telephone contact. Additionally, Decedent's domestic violence charge did not

involve anyone in Plaintiff's life. Plaintiff testified that he never met Selene Ramos nor his half-sibling A.J. Thus, Decedent's domestic violence conviction stemming from an incident involving Selene Ramos did not in any way affect Plaintiff's relationship with Decedent. Accordingly, Defendants are unable to show that Decedent's criminal history had any effect on his relationship with Plaintiff. To the extent Defendants argue that Decedent's criminal history may have had an effect on the relationship had Decedent lived, given his prior convictions, outstanding warrants, and any potential convictions stemming from the incident at issue in this case, Plaintiff contends that none of that would have affected the relationship. Plaintiff and Decedent maintained their relationship mainly through telephone contact and their lack of in-person contact can be alternatively explained by distance rather than incarceration. Additionally, Decedent's criminal record did not affect the love Plaintiff had for Decedent and vice versa.

## III. CONDITIONAL RESERVATION OF RIGHT TO REQUEST BIFURCATION

Should the Court find that some evidence of Decedent's criminal history, use of drugs and/or alcohol, or evidence of alleged gang affiliation may have some relevance relating to the issue of damages, Plaintiff reserves the right to request that the Court bifurcate the trial into two phases: liability and damages. The Ninth Circuit has observed that, "where…graphic and prejudicial evidence about the victim has little, and in large part no, relevant to the liability issue, district courts should bifurcate to avoid [prejudicial error]"). *Estate of Diaz*, 840 F.3d at 603.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion in Limine No. 1 to Exclude Information Not Known to Officer Jimenez at the Time of the Incident in its entirety.

DATED: October 2, 2026

LAW OFFICES OF DALE K. GALIPO
LAW OFFICES OF PANOS LAGOS
LAW OFFICE OF SANJAY S. SCHMIDT

By: */s/ Sanjay S. Schmidt*

Dale K. Galipo
Panos Lagos
Sanjay J. Schmidt
Attorneys for Plaintiff Joshua A. Juarez