ROB BONTA, State Bar No. 202668
Attorney General of California
NORMAN D. MORRISON, State Bar No. 212090
Supervising Deputy Attorney General
DIANA ESQUIVEL, State Bar No. 202954
Deputy Attorney General
1300 I Street, Suite 125
Sacramento, CA 95814
Tel:: (916) 210-7320 | Fax: (916) 322-8288
E-mail: Diana.Esquivel@doj.ca.gov
*Attorneys for Defendant Efrain Jimenez*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **JOSHUA A. JUAREZ, individually and as successor in interest to SANTANA JUAREZ GONZALEZ, Deceased,**<br><br>Plaintiff,<br><br>**v.**<br><br>**EFRAIN JIMENEZ,**<br><br>Defendant. | No. 1:18-cv-01138-KES-EGC<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE OR LIMIT THE NUMBER OF AUTOPSY AND GRAPHIC PHOTOGRAPHS; MEMORANDUM OF POINTS AND AUTHORITIES; SUPPORTING DECLARATION**<br><br>Judge: Honorable Kirk E. Sherriff<br>Trial Date: November 10, 2026<br>Action Filed: August 22, 2018 |

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant will move the Court, pursuant to Federal Rules of Evidence 401 to 403, for an order to exclude or limit the autopsy and graphic scene photographs depicting decedent Santana Juarez's lifeless body, which are gruesome and bloody, on the grounds that such evidence is irrelevant, inflammatory, substantially more prejudicial than probative, and likely to mislead or confuse the jury. In the alternative, Defendant requests that the photographs be redacted to cover Decedent's body from the jury's view.

The motion is based on this Notice, the attached Memorandum of Points and Authorities, the attached Declaration of Diana Esquivel, the pleadings, records, and files in this action, and such other matters as may properly come before the Court.

**Informal resolution efforts**. As required in the Court's Tentative Pretrial Order, the parties met and conferred prior to the filing of this motion and were unable to reach agreement on the issues raised in this motion. (Esquivel Decl. ¶ 2.)

Dated: October 2, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General

***/s/ Diana Esquivel***

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendant Jimenez*

SA2018302522
45345846

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant seeks to exclude or limit at trial photographs taken during Decedent's autopsy and that depict his lifeless body at the scene. Plaintiff's trial exhibit list includes the 125 photographs (bates stamped AG03897 to AG04021) taken during the entire medical procedure and depict detailed anatomical images. Plaintiff also listed as trial exhibits hundreds of photographs taken by investigating law enforcement agencies of the incident site, including when Decedent's body was still at the scene (*e.g.*, bates stamped AG0553 to AG03251 and AG03748 to AG03868). (*See* Tentative Pretrial Order, Attach. D, Ex. No. 52, ECF No. 111 at 36:6.) The Court should exclude these photographs because they lack probative value, are highly inflammatory, and are substantially more prejudicial than probative. In the alternative, Defendant requests that the incident-scene photographs be redacted to cover Decedent's body from the jury's view if the photograph is relevant to another material issue.

### II. ARGUMENT

#### A. The photographs are not relevant to liability or damages.

The central liability issue in this case is whether the Defendant used excessive force when he fatally shot Decedent during the lengthy foot pursuit on August 20, 2017. It is undisputed that Decedent died as a result of the gunshot wounds he sustained. (Tentative Pretrial Order, Undisputed Facts (e)-(g), ECF No. 111 at 2:25-27.) Graphic photographs of Decedent's bloody, lifeless body following the subject incident or during the autopsy have no relevance to the issues of liability or damages. Plaintiff did not designate a ballistics expert that will rely on diagrams and photographs of the scene or autopsy. (Pl.'s Expert Disclosures, attached as Ex. A to Def.'s Index of Exhibits.) Plaintiff also did not designate a retained medical expert to opine on the nature, extent, and cause of Decedent's injuries. (*Id.*) Although Plaintiff listed Dr. Mark Super, the forensic pathologist who performed Decedent's autopsy, as a non-retained expert, Dr. Super's autopsy report does not list any photograph taken at the scene as material he relied upon to perform his duties and reach his conclusions. (Autopsy Report, attached as Ex. B to Def.'s Index of Exhibits.) Thus, Dr. Super cannot rely on the photographs should he testify at trial, nor can

Plaintiff elicit any opinion from him based on such photographs. *Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011) (holding that a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment, and for opinions formed on the basis of information obtained by the physician other than in the course of the treatment, the same rule applies as for any other expert and a report is required setting forth the expert's opinions and the basis for those opinions).

The photographs are also irrelevant to Plaintiff's damages claim. Plaintiff, a minor at the time, was not present during the subject incident, and he has no personal knowledge of what transpired between Decedent and Officer Jimenez. As mentioned above, Plaintiff did not designate a medical expert to opine as to Decedent's injuries and any pain and suffering he may have experienced as a result of those injuries, and Dr. Super did not make any finding related to Decedent's pain in the autopsy report. (Ex. A-B.) Dr. Super confirmed at his deposition that he did not make any determination about the rate of Decedent's death as a result of the gunshot wounds. (Super Dep. 43:6-12, attached as Ex. C to Def.'s Index of Exhibits.) Thus, the autopsy and graphic photographs of Decedent's body are inadmissible to any liability or damages claim.

### B. Graphic photographs of Decedent's bloody, lifeless body are substantially more prejudicial than probative.

Federal Rule of Evidence 403 requires the exclusion of the photographs when their "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Old Chief v. U.S.*, 519 U.S. 172, 180 (1997). The 1972 Advisory Committee Note to Rule 403 explains that "unfair prejudice" within the context of Rule 403 "means an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one." Indeed, under some circumstances, the admission of evidence that is so inflammatory and irrelevant can constitute reversible error. *Scott v. U.S.*, 263 F.2d 398, 401-02 (5th Cir. 1959) (finding that testimony of alleged conversation "was so inflammatory and so

prejudicial that no amount of cautionary instruction could eradicate the impression of this testimony from the jurors' minds").

Photographs, in particular, can be unfairly prejudicial if they are "sufficiently shocking or repulsive" enough to necessarily elicit an emotional response from the jury. *U.S. v. Brady*, 579 F.2d 1121, 1129 (9th Cir. 1978). Death images "may appeal to the jury's sympathies, arouse jurors' sense of horror, provoke a jury's instinct to punish, and trigger other intense human reactions." *Silva v. Chung*, No. 15-00436 HG-KJM, 2019 WL 2195203, at *3 (D. Haw. May 21, 2019); *Sanchez v. Jiles*, No. CV 10-09384 MMM-OPx, 2012 WL 13005996, *5 (C.D. Cal. June 14, 2012) (explaining that with autopsy photos, "[t]here is a strong possibility that such photographs will inflame the jury's sympathies and distract them from the relevant issues in dispute"). Other circuits are also in agreement that gruesome photographs with minimal probative value should be excluded under Rule 403. *U.S. v. Katz*, 178 F.3d 368, 374 (5th Cir. 1999) (upholding district court's exclusion of a GIFs portraying minor pornography even where the offering party sought to use the GIFs to prove the minor's age); *U.S. v. Hands*, 184 F.3d 1322, 1329 (11th Cir. 1999) (reversing lower court's admittance of bloody photographs of spouse on Rule 403 grounds, stating that the "evidence in this case was particularly likely to incite the jury to an irrational decision because it was graphic and arresting."); *Navarro de Cosme v. Hospital Pavia*, 922 F.2d 926, 930-931 (1st Cir. 1991) (finding that stillborn photographs, aimed at proving the cause of death of the fetus, were properly excluded where the "district court was of the opinion that the photographs would have a serious impact on the jury, and would unfairly prejudice the [defendants]").

Here, unlike other cases where courts have found gruesome photographs admissible to prove the merits or an essential element of a charge or claim, the probative value of the photographs depicting Decedent's lifeless body is vastly outweighed by their prejudicial effect.[1]

[1] Cf. *U.S. v. Mitchell*, 502 F.3d 931, 968 (9th Cir. 2007) (finding that photographs were relevant to show motive, premeditation, and consciousness of guilt, as it tended to show that defendant needed to, and tried to, obscure the identity of his victims); *U.S. v. Brown*, 441 F.3d 1330, 1362-63 (11th Cir. 2006) (finding that during guilt phase of criminal trial photographs were probative of fact of death, number and nature of stab wounds, and presence of aggravating factor of heinous/cruel manner of offense).

As discussed above, the cause and mechanism of Decedent's death are undisputed, and no expert testimony will be offered about Decedent's pre-death pain and suffering. While photographs of the location of physical evidence may give context to the testimony of experts and percipient witnesses, images of Decedent's lifeless or bloody body do not give any such context and will detract from the purpose for which the photograph was intended. Moreover, many other photographs were produced in discovery that show the location of certain evidence or layout of the area that can aid in giving context to a witness' testimony but which do not depict Decedent's body. To the extent Plaintiff desires to use a photograph for which an alternative (without Decedent's body) is not available, Plaintiff should redact his body from the photograph to eliminate the photograph's inflammatory and prejudicial effect.

## III. CONCLUSION

Photographs of Decedent's autopsy or lifeless body at the incident site are irrelevant and their probative value is substantially outweighed by their prejudicial effect. Accordingly, the Court should grant this motion and preclude Plaintiff's witnesses, experts, and counsel from offering into evidence or showing the jury such photographs. Alternatively, such photographs should redact Decedent's body from the photograph.

Dated: October 2, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General

***/s/ Diana Esquivel***

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendant Jimenez*

**DECLARATION OF DIANA ESQUIVEL**

I, Diana Esquivel, declare:

1. I am admitted to practice law in California and before this Court, and am a Deputy Attorney General with the Office of the Attorney General for the State of California, attorneys of record for Defendant Efrain Jimenez.

2. As required in the Court's Tentative Pretrial Order, the parties meet and conferred on the issues presented in this motion as well as the other issues the parties identified as matters that would be subject to motions in limine. On September 28, the parties discussed the factual and legal basis for their respective motions by video conference. Specifically, Plaintiff's counsel argued that the autopsy photos were relevant to show the extent of Decedent's injuries but did not specify which photographs or how many they sought to show the jury.

3. During discovery, I produced to Plaintiff's counsel all the available incident material, including the 125 autopsy photographs (bates stamped AG03897 to AG04021) and crime scene photographs taken by the investigating law enforcement agencies. Thousands of photographs were produced, hundreds of which depict the site where Decedent was shot and where his body remained until the coroner removed his body. Most of the incident-site photographs are bates stamped AG0553 to AG03251 and AG03748 to AG03868.

4. Exhibit A to Defendant's Index of Exhibits is a true copy of Plaintiff's Disclosure of Expert Witnesses, dated April 7, 2021.

5. Exhibit B to Defendant's Index of Exhibits is a true copy of the October 12, 2017 autopsy report prepared by Mark A. Super, M.D., of Forensic Medical Group, Inc.

6. Exhibit C to Defendant's Index of Exhibits are excerpts of the relevant portions of the transcript of Dr. Super's deposition testimony, taken on February 26, 2021, in this matter.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing statements are true and correct.

Dated: October 2, 2026

***/s/ Diana Esquivel***
Diana Esquivel