ROB BONTA, State Bar No. 202668
Attorney General of California
NORMAN D. MORRISON, State Bar No. 212090
Supervising Deputy Attorney General
DIANA ESQUIVEL, State Bar No. 202954
Deputy Attorney General
1300 I Street, Suite 125
Sacramento, CA 95814
Tel:: (916) 210-7320 | Fax: (916) 322-8288
E-mail: Diana.Esquivel@doj.ca.gov
*Attorneys for Defendant Efrain Jimenez*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **JOSHUA A. JUAREZ, individually and as successor in interest to SANTANA JUAREZ GONZALEZ, Deceased,**<br><br>Plaintiff,<br><br>**v.**<br><br>**EFRAIN JIMENEZ,**<br><br>Defendant. | No. 1:18-cv-01138-KES-EGC<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE AND TESTIMONY CONCERNING DECEDENT'S STATE OF MIND, MENTAL HEALTH, OR OTHER CONDITIONS; MEMORANDUM OF POINTS AND AUTHORITIES; SUPPORTING DECLARATION**<br><br>Judge: Honorable Kirk E. Sherriff<br>Trial Date: November 10, 2026<br>Action Filed: August 22, 2018 |

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant will move the Court, pursuant to Federal Rules of Evidence 401 to 403, and 701 for an order to preclude any witness from testifying or offering an opinion as to Decedent's state of mind (i.e., that he was delusional, incoherent, exhausted, or intoxicated) or what his actions indicated or otherwise signified on the grounds that such evidence is impermissible lay opinion, irrelevant, substantially more prejudicial than probative, and likely to mislead or confuse the jury.

The motion is based on this Notice, the attached Memorandum of Points and Authorities, the attached Declaration of Diana Esquivel, the pleadings, records, and files in this action, and such other matters as may properly come before the Court.

**Informal resolution efforts**. As required in the Court's Tentative Pretrial Order, the parties met and conferred prior to the filing of this motion and were unable to reach agreement on the issues raised in this motion. (Esquivel Decl. ¶ 2.)

Dated: October 2, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General

***/s/ Diana Esquivel***

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendant Jimenez*

SA2018302522
45345845

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND FACTUAL BACKGROUND

Defendant moves to exclude, and prohibit Plaintiff's attorneys from eliciting, lay opinions about Decedent's state of mind, mental health condition he may have been experiencing, or other debilitations he was laboring at the time of the shooting incident on the grounds that such testimony is improper opinion, speculative, irrelevant, unduly prejudicial, and may confuse the jury.

At their depositions, Julian Gonzalez and Fernando Ramirez, patrons of the Red Barn who witnessed the shooting incident and whom the parties intend to call as witness at trial, testified that Decedent was drunk, tired, delusional, incoherent, and "out of it." (Gonzalez Dep. 17:14-19:23, 42:19-43:2, 45:8-49:4, attached as Ex. D to Def.'s Index of Exhibits; Ramirez Dep. 26:21-22, 41:19-42:1, attached as Ex. E to Def.'s Index of Exhibits.) They formed their opinions based on observing the Decedent moving towards them from a distance of 50 to 200 yards. (Gonzalez Dep. 17-14-19:23; Ramirez Dep. 24:15-25.) Defendant does not dispute that the witnesses may testify to what they actually witnessed and perceived, such as they saw Decedent walking slowly or staggering as he approached. The witnesses however cannot testify what those actions indicated or signified, such as the Decedent drunk, tired, or suffering from mental illness or other debilitating condition. Thus, any conclusions or opinions the witnesses reached about Decedent's condition or state of mind is speculative. Further, Gonzalez is not a medical professional and is unqualified to opine about Decedent's mental health. (*See generally*, Pl.'s Expert Disclosures, attached as Ex. A to Def.'s Index of Exhibits.)

Moreover, any testimony of Decedent's mental health is irrelevant to any issue the jury must decide. Plaintiff did not allege in the operative complaint, nor advance any theory during discovery, that Decedent was experiencing a mental health crisis or mental illness as an explanation for his behavior during the subject incident. (*See generally*, First Am. Compl., ECF No. 9.) Permitting lay opinion of Decedent's mental health will waste time, confuse the jury, and may unduly prejudice Defendant. The Court should therefore grant this motion.

## II. ARGUMENT

### A. Lay opinions about Decedent's state of mind or any condition or debilitation he may have had at the time of incident is speculative and inadmissible.

Opinions about causation, diagnosis, and prognosis can only be rendered on the basis of specialized knowledge held by an expert qualified by medical education, experience and training. Fed. R. Evid. 701, 702; *Fregia v. Gosso*, No. 1:20-cv-01024-KES-EPG, 2026 WL 1453914, *1 (E.D. Cal. May 22, 2026). Under Federal Rule of Evidence 701, a lay witness may testify "in the form of an opinion" if it is "(a) rationally based on the perception of the witness; (b) helpful to a clear understanding of the witness' testimony or determination of a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge." Fed. R. Evid. 701. Rule 701(a) contains a personal knowledge requirement that is met if the witness can demonstrate firsthand knowledge or observation. *U.S. v. Lopez*, 762 F.3d 852, 864 (9th Cir. 2014). A lay opinion witness may not testify based on speculation. *U.S. v. Vera*, 770 F.3d 1232, 1242 (9th Cir. 2014).

The lay witnesses cannot testify or offer opinions of Decedent's state of mind or any mental illness he may have been experiencing on August 20, 2017, because such opinions are beyond their skill and knowledge. The witnesses may testify about their observations, such as seeing the Decedent stagger or slow down. But they cannot provide an explanation as to why the Decedent was staggering or slowing down because such conclusions are beyond their knowledge or perception. Indeed, Gonzalez and Ramirez testified that Decedent never got closer than 50 yards from their location. They never spoke to him to determine if he was incoherent. They were never close enough to Decedent to smell alcohol on his breath or observe him sweating or panting to conclude he was drunk or tired. *Bui v. Cty. & Cnty. of S.F.*, No. 11-CV-04189-LB, 2018 WL 1057787, at *7 (N.D. Cal. Feb. 27, 2018) (holding "lay witnesses may not give opinions as to [an individual's] mental condition or what effect his mental condition had on his conduct, other than what they actually perceived"). Absent the requisite personal knowledge or perception, the lay opinions of Gonzalez and Ramirez and any other percipient witness are inadmissible.

**B. Evidence of any potential mental or behavioral condition Decedent was experiencing at the time of the incident is irrelevant and unduly prejudicial and may confuse the jury.**

Federal Rule of Evidence 402 provides that all relevant evidence is admissible and evidence that is not relevant is inadmissible. Fed. R. Evid. 402. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401(a). Relevant evidence may be excluded if it may result in: "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *Obrey v. Johnson*, 440 F.3d 691, 698 (9th Cir. 2005).

> A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules. Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403 . . . .

*Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008). In doing so, the court must look to the "relation between an item of evidence and a matter properly provable in the case." Fed. R. Evid. Rule 401, Adv. Comm. Note. Indeed, the court should ask the appropriate question: "Does th[is] item of evidence tend to prove the matter sought to be proved?" *Id*.

Any evidence of Decedent's mental health is irrelevant to any issue the jury must decide. This case is proceeding on Plaintiffs' claims for excessive and unreasonable force under federal and state law. Plaintiff has never advanced or pled any theory that Decedent was experiencing a mental health crisis during his interaction with law enforcement officers, including Officer Jimenez. Plaintiff did not disclose any evidence or qualified expert to opinion on Decedent's mental health or state of mind during the incident, including whether he was in mental-health crisis or his behavior was caused by mental illness. Thus, such evidence is irrelevant, and any probative value it may have is substantially outweighed by its prejudicial effect and likelihood to waste time and confuse the jury.

## III. CONCLUSION

Lay opinions about Decedent's state of mind, mental health, or other debilitations are in admissible, irrelevant, and prejudicial. Accordingly, the Court should grant this motion and preclude such evidence from being offered or elicited at trial.

Dated: October 2, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General

***/s/ Diana Esquivel***

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendant Jimenez*

**DECLARATION OF DIANA ESQUIVEL**

I, Diana Esquivel, declare:

1. I am admitted to practice law in California and before this Court, and am a Deputy Attorney General with the Office of the Attorney General for the State of California, attorneys of record for Defendant Efrain Jimenez.

2. As required in the Court's Tentative Pretrial Order, the parties meet and conferred on the issues presented in this motion as well as the other issues the parties identified as matters that would be subject to motions in limine. On September 28, the parties discussed the factual and legal basis for their respective motions by video conference. Specifically, the parties discussed the deposition testimony of Messrs. Gonzalez and Ramirez, and could not reach agreement on the admissibility of their opinions.

3. Exhibit D to Defendant's Index of Exhibits are excerpts of the relevant portions of the transcript of Julian Gonzalez's deposition testimony, taken on February 4, 2021, in this matter.

4. Exhibit E Defendant's Index of Exhibits are excerpts of the relevant portions of the transcript of Fernando Ramirez's deposition testimony, taken on February 4, 2021, in this matter.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing statements are true and correct.

Dated: October 2, 2026

____***/s/ Diana Esquivel***____
Diana Esquivel