**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

**Panos Lagos, Esq. / SBN 61821**
**LAW OFFICES OF PANOS LAGOS**
6569 Glen Oaks Way
Oakland, CA 94611
510.530.4078
510.530.4725 (FAX)
E-mail: panos@panoslagoslaw.com

**Sanjay S. Schmidt (SBN 247475)**
**LAW OFFICE OF SANJAY S. SCHMIDT**
1388 Sutter Street, Suite 810
San Francisco, CA 94109
Tel. (415) 563-8583
Fax (415) 223-9717
Email: ss@sanjayschmidtlaw.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

JOSHUA A. JUAREZ, individually and as successor in interest to SANTANA JUAREZ GONZALEZ, Deceased;

Plaintiff,

v.

State of California Highway Patrol Officer EFRAIN JIMENEZ (ID#18075), individually; A;J, a minor, through her mother and Next Friend, SELENE RAMOS, individually and as successor in interest for SANTANA JUAREZ GONZALEZ, Deceased; and DOES 1 to 100, jointly and severally;

Defendants.

Case No. 1:18-cv-01138-KES-EGC

**PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 TO EXCLUDE CUMULATIVE EXPERT TESTIMONY AT TRIAL**

**<u>TO THE HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN</u>**:

**PLEASE TAKE NOTICE** that Plaintiff Joshua A. Juarez hereby moves the Court, by way of this Motion in Limine No. 3, to exclude Defendants from introducing cumulative expert testimony at trial. Plaintiff makes this Motion under Federal Rules of Evidence 403.

DATED: October 2, 2026

LAW OFFICES OF DALE K. GALIPO
LAW OFFICES OF PANOS LAGOS
LAW OFFICE OF SANJAY S. SCHMIDT

By: */s/ Sanjay S. Schmidt*
Dale K. Galipo
Panos Lagos
Sanjay J. Schmidt
Attorneys for Plaintiff Joshua A. Juarez

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

This civil rights case arises out of the officer-involved shooting death of Santana Juarez Gonzalez on August 20, 2017, by California Highway Patrol Officer Efrain Jimenez. Defendants have retained police practices expert Clarence Chapman to offer opinions regarding the involved officers' conduct and tactics, and Officer Jimenez's use of force. Defendants have also designated the following "non-retained experts" to provide opinions regarding police practices, policies and procedures: Officer Efrain Jimenez, Officer Shandara Kensey, Officer Isaac Martinez, Officer Scott Jobinger, and Lieutenant Kevin Clays. Declaration of Sanjay S. Schmidt ("Schmidt Decl.") **Ex. C** Defendant's Disclosure of Expert Witnesses at 2–3. The opinion testimony of the non-retained experts substantially overlaps with the opinions and testimony of retained police practices expert Clarence Chapman and thus will result in duplicative and cumulative expert testimony. Accordingly, Plaintiff seeks an issue excluding or limiting defendants from presenting cumulative expert testimony.

**II. ARGUMENT**

Under Federal Rule of Evidence 403, the Court has discretion to exclude "needlessly" cumulative or duplicative expert testimony. *Santa Clarita Valley Water Agency v. Whittaker Corp.*, No. CV 18-06825-GW-RAOX, 2020 WL 8125550, at *3 (C.D. Cal. July 27, 2020) (collecting cases); *see Davis v. Mason Cnty.*, 927 F.2d 1473, 1484 (9th Cir. 1991), *superseded by statute on other grounds as stated in Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536, 1556 (9th Cir. 1992). A district court may exclude relevant, but cumulative evidence, because of "considerations of undue delay, waste of time, or needless presentation." *Davis*, 927 F.2d at 1488 (citing Fed. R. Evid. 403). In *Davis v. County of Mason*, the Ninth Circuit found that the district court did not abuse its discretion in excluding the defendant's police practices expert because another witness had testified on the "same topic," despite defendant arguing that the police practices expert "brought a different level of expertise and experience to the topic." *Id.*

Here, Defendants have designated one retained expert and five non-retained experts to opine on the police practices, policies, and training relating to the circumstances of this case and the

conduct of the involved officers. It is "needlessly" cumulative to have six different witnesses testify on the same topics and would cause undue delay and waste time. Accordingly, the Court should exclude cumulative "expert" testimony. *See Wells v. City of Las Vegas*, No. 2:21-CV-1346 JCM (EJY), 2024 WL 2028007, at *5 (D. Nev. May 7, 2024) (excluding Clarence Chapman's testimony from trial as "needlessly cumulative" because another expert witness was expected to testify to the same police practices and procedures issues).

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion in Limine No. 3 to Exclude Cumulative Expert Testimony at Trial.

DATED: October 2, 2026

LAW OFFICES OF DALE K. GALIPO
LAW OFFICES OF PANOS LAGOS
LAW OFFICE OF SANJAY S. SCHMIDT

By: */s/ Sanjay S. Schmidt*
Dale K. Galipo
Panos Lagos
Sanjay J. Schmidt
Attorneys for Plaintiff Joshua A. Juarez