ROB BONTA, State Bar No. 202668
Attorney General of California
NORMAN D. MORRISON, State Bar No. 212090
Supervising Deputy Attorney General
DIANA ESQUIVEL, State Bar No. 202954
Deputy Attorney General
1300 I Street, Suite 125
Sacramento, CA 95814
Tel:: (916) 210-7320 | Fax: (916) 322-8288
E-mail: Diana.Esquivel@doj.ca.gov
*Attorneys for Defendant Efrain Jimenez*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **JOSHUA A. JUAREZ, individually and as successor in interest to SANTANA JUAREZ GONZALEZ, Deceased,**<br><br>Plaintiff,<br><br>**v.**<br><br>**EFRAIN JIMENEZ,**<br><br>Defendant. | No. 1:18-cv-01138-KES-EGC<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 TO EXCLUDE PHOTOGRAPHS TAKEN BY PLAINTIFF'S COUNSEL AND RELATED TESTIMONY; MEMORANDUM OF POINTS AND AUTHORITIES; SUPPORTING DECLARATION**<br><br>Judge: Honorable Kirk E. Sherriff<br>Trial Date: November 10, 2026<br>Action Filed: August 22, 2018 |

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant will move the Court, pursuant to Federal Rules of Evidence 401 to 403 and 702 and Federal Rule of Civil Procedure Rule 26(a)(2)(B), for an order to exclude the photographs of the incident site taken by Plaintiff's counsel and to exclude counsel's testimony about the photographs and their depictions on the grounds that such evidence is irrelevant, misleading, likely to confuse the jury, and improper expert testimony.

The motion is based on this Notice, the attached Memorandum of Points and Authorities, the attached Declaration of Diana Esquivel, the pleadings, records, and files in this action, and such other matters as may properly come before the Court.

**Informal resolution efforts**. As required in the Court's Tentative Pretrial Order, the parties met and conferred prior to the filing of this motion and were unable to reach agreement on the issues raised in this motion. (Esquivel Decl. ¶ 2.)

Dated: October 2, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General

***/s/ Diana Esquivel***

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendant Jimenez*

SA2018302522
45350665

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On October 26, 2021, more than six months after the expert disclosure deadline (ECF No. 51) and more than four years after the subject incident, Plaintiff produced nine photographs "taken by attorney Panos Lagos on or about February 12, 2021, to show Ofc. Jimenez's potential view of the elevated roadway and Ofc. Martinez's vehicle. (Bates numbered P000253-P000261.)" (Pl.'s Suppl. Initial Disclosures 4:1-3, attached as Ex. F to Def.'s Index of Exhibits.) The photographs and any testimony from Mr. Lagos regarding the creation of the photographs and what they purport to depict are inadmissible as irrelevant, misleading, prejudicial, and likely to confuse the jury because there is no evidence that the photographs taken in 2021 are a fair representation of the conditions that actually existed on August 20, 2017. Further, to the extent they purport to be a recreation of incident, including Officer Jimenez's path of travel and line of sight before and during the shooting incident, the photographs and anticipated testimony violate Federal Rule of Evidence 702 because accident reconstruction requires expert testimony that Mr. Panos is not qualified to provide and there was no proper disclosure under Federal Rule of Civil Procedure Rule 26(a)(2)(B). (*See generally*, Pl.'s Disclosure of Expert Witnesses, attached as Ex. A to Def.'s Index of Exhibits.)

### II. ARGUMENT

Federal Rule of Evidence 402 provides that all relevant evidence is admissible and evidence that is not relevant is inadmissible. Fed. R. Evid. 402. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401(a). Relevant evidence may be excluded if it may result in: "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *Obrey v. Johnson*, 440 F.3d 691, 698 (9th Cir. 2005).

> A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules. Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403 . . . .

*Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008). In doing so, the court must look to the "relation between an item of evidence and a matter properly provable in the case." Fed. R. Evid. Rule 401, Adv. Comm. Note. Indeed, the court should ask the appropriate question: "Does th[is] item of evidence tend to prove the matter sought to be proved?" *Id*.

Rule 702 permits a "witness who is qualified as an expert by knowledge, skill, experience, training, or education [to] testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the production of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." The Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 578 (1993) expanded Rule 702 and imposed a "special obligation upon a trial judge to ensure that any and all scientific testimony … is not only relevant, but reliable." *Kumbo Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999) (internal quotation marks omitted). Federal Rule of Civil Procedure 26(a)(2)(B) requires that parties submit, along with the disclosure required under Rule 26(a)(2)(A), a written report prepared and signed by the expert witness.

The photographs taken by Mr. Panos are irrelevant because Plaintiff provided no information or report to show that photographs are a fair representation of the terrain as it existed in August 2017. The 2021 photographs show the orchard covered in grass with solid-appearing soil. On the other hand, the ground in 2017 was recently tilled dirt which made it difficult to run, according to several witness who will testify at trial, including Officer Jimenez. (*Compare* photographs in Ex. F *to* Photographs bates stamped AG03390, AG03395, and AG01830, attached as Ex. G to Def.'s Index of Exhibits.) Further, none of the 2021 photographs show the coordinates from where the photographs were taken to confirm that Officer Jimenez traversed or stood in that exact location during the 2017 foot pursuit. The time of day the 2021 photographs were taken is also not provided to confirm that the lighting conditions were the same. No information is provided about the about the focal length of the lens or the aperture used, both of which can alter the appearance portrayed in the image (using a telephoto or a wide angle lens can distort the

underlying image by flattening or enlarging what is shown or enlarging or shortening the depth perception). Plaintiff also failed to provide any declaration or report showing that the elevations of the field and embankment remained the same in 2021 as they were in 2017. And there is no evidence to show that Mr. Panos, an attorney in Oakland, has personal knowledge of what changes, if any, were made to the terrain (a field where crops still appear to be grown) behind the Red Barn in Madera over the course of more than three years. Because there is no evidence to show, and no witness has been disclosed that has personal knowledge of the Madera property, that the 2021 photographs are a fair and accurate depiction of the terrain and the view Officer Jimenez would have had, the photographs are irrelevant, misleading, and will not aid the jury.[1]

Moreover, the 2021 photographs should be excluded because they are improper accident-reconstruction evidence that requires expert testimony. Plaintiff concedes that the purpose of the 2021 photographs is to show Officer Jimenez's potential view (line of sight) of the elevated roadway and Officer Martinez's patrol vehicle as Jimenez was pursuing Decedent across the field. It is a disputed fact whether Officer Jimenez could see the elevated road and Officer Martinez's patrol vehicle that was approaching the Red Barn on the road. Officer Jimenez denied that he saw the approaching vehicle and did not see any law enforcement units at the Red Barn. The absence of support units influenced his decision to use lethal force to stop Decedent from advancing and reaching the Red Barn patrons. An expert witness is needed to recreate the incident scene as it existed in 2017, including taking photographs from the same location Officer Jimenez would have stood or traversed, from the same height as Officer Jimenez's eye level, and using a lens that provided the same depth perception as the human eye. The correct distances and angles need to be measured and calculated. Putting aside the propriety of Plaintiff's counsel taking to testify at trial as a witness, Plaintiff did not provide any information that Mr. Panos is qualified to reconstruct an accident scene and that he used the proper methods and tools to determine where to place the camera and at what angle to create a fair and accurate representation of Officer Jimenez's line of sight as he ran through the field in pursuit of the Decedent. Plaintiff

[1] Hundreds of photographs of the incident site were taken by the investigating agencies, including photos depicting the elevated road. Plaintiff will not be deprived of the opportunity to show the jury true and accurate photographs of the embankment and elevated road. (*See* Ex. G.)

cannot circumvent the requirements of Rule 26(a)(2)(B) by simply having his attorney stand in some random spot in the field, aim the camera toward the elevated embankment from an unknown height, using an arbitrary lens, and take a picture. There is no evidence that Mr. Panos reliably applied the principles and methods of accident reconstruction to the facts of the case. The Court should therefore exclude the 2021 photographs and Mr. Panos' testimony.

## III. CONCLUSION

The 2021 photographs Plaintiff's attorney took are irrelevant, misleading, and unhelpful to any issue the jury must decide because there is no evidence that the photographs are a fair and accurate depiction of the incident site as it existed in 2017. Further, the photographs and Mr. Panos' proposed testimony necessarily encroach on expert testimony under Rule 702 without any showing that Mr. Panos is qualified to provide such testimony and without complying with the expert report requirement of Rule 26(a)(2)(B). Accordingly, the Court should grant this motion and exclude the 2021 photographs and Mr. Panos' related testimony at trial.

Dated: October 2, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General

***/s/ Diana Esquivel***

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendant Jimenez*

**DECLARATION OF DIANA ESQUIVEL**

I, Diana Esquivel, declare:

1. I am admitted to practice law in California and before this Court, and am a Deputy Attorney General with the Office of the Attorney General for the State of California, attorneys of record for Defendant Efrain Jimenez.

2. As required in the Court's Tentative Pretrial Order, the parties meet and conferred on the issues presented in this motion as well as the other issues the parties identified as matters that would be subject to motions in limine. On September 28, the parties discussed the factual and legal basis for their respective motions by video conference. Specifically, I expressed concern that the photographs did not depict the field in substantially the same condition as it existed during the incident. I also inquired how Plaintiff intended to lay the foundation for the 2021 photographs and whether Mr. Panos intended to testify. Mr. Panos stated he would testify at trial if needed. The parties were unable to agree on the issues raised in this motion in limine.

3. Exhibit F is a true copy of Plaintiff's Supplemental Initial Disclosures, served on October 26, 2021, and the nine photographs Mr. Panos took.

4. Exhibit G are two sample photographs of the elevated road and a close up of the ground that were taken by the investigating agencies on or around August 20, 2017, and produced during discovery as AG03390, AG03395, and AG01830.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing statements are true and correct.

Dated: October 2, 2026

***/s/ Diana Esquivel***
Diana Esquivel