ROB BONTA, State Bar No. 202668
Attorney General of California
NORMAN D. MORRISON, State Bar No. 212090
Supervising Deputy Attorney General
DIANA ESQUIVEL, State Bar No. 202954
Deputy Attorney General
1300 I Street, Suite 125
Sacramento, CA 95814
Tel:: (916) 210-7320 | Fax: (916) 322-8288
E-mail: Diana.Esquivel@doj.ca.gov
*Attorneys for Defendant Efrain Jimenez*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **JOSHUA A. JUAREZ, individually and as successor in interest to SANTANA JUAREZ GONZALEZ, Deceased,**<br><br>Plaintiff,<br><br>**v.**<br><br>**EFRAIN JIMENEZ,**<br><br>Defendant. | No. 1:18-cv-01138-KES-EGC<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 TO EXCLUDE OR LIMIT EXPERT TESTIMONY; MEMORANDUM OF POINTS AND AUTHORITIES; SUPPORTING DECLARATION**<br><br>Judge: Honorable Kirk E. Sherriff<br>Trial Date: November 10, 2026<br>Action Filed: August 22, 2018 |

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant will move the Court, pursuant to Federal Rules of Evidence 401 to 403 and 702 and Federal Rules of Civil Procedure 26 and 37, for an order to limit Plaintiff's experts' testimony to the opinions offered in their reports and deposition testimony. Defendant also seeks to exclude portions of Roger Clark's inadmissible opinions and testimony.

The motion is based on this Notice, the attached Memorandum of Points and Authorities, the attached Declaration of Diana Esquivel, the pleadings, records, and files in this action, and such other matters as may properly come before the Court.

**Informal resolution efforts**. As required in the Court's Tentative Pretrial Order, the parties met and conferred prior to the filing of this motion and were unable to reach agreement on the issues raised in this motion. (Esquivel Decl. ¶ 2.)

Dated: October 2, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General

***/s/ Diana Esquivel***

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendant Jimenez*

SA2018302522
45351274

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant requests that the Court limit the trial testimony of Plaintiffs' experts, retained and non-retained, to the opinions offered in their reports and deposition testimony to avoid unfair surprise. Defendant also seeks to exclude the legal conclusion and irrelevant opinions of Roger Clark, Plaintiff's police practices expert.

### II. ARGUMENT

#### A. Limit Plaintiff's experts' trial testimony to the opinions expressed in their reports and deposition testimony.

Trial testimony of expert witnesses should be limited to what was disclosed in the reports and deposition testimony. *U.S. Fidelity & Guar. Co. v. Lee Invs. LLC*, 641 F.3d 1126, 1138 (9th Cir. 2011) (finding no abuse of discretion where trial court "limit[ed] expert testimony to the expert's area of expertise and the subjects contained in the expert's disclosure"). District courts within the Ninth Circuit have limited treating physician testimony to opinions formed during the course of treatment when the party seeking admission of the testimony disclosed no expert report. *Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 825 (9th Cir. 2011) (citations omitted).

Plaintiff disclosed retained police practices expert Roger Clark and non-retained pathologist Dr. Mark Super as experts who will testify at trial. Defendant request that their trial testimony be limited to the opinions offered in their respective reports and deposition testimony. Defendant anticipates that Plaintiff's counsel will attempt to elicit testimony from Dr. Super concerning Decedent's pain and suffering. Mr. Clark, who regularly testifies at trial, is notorious for offering or attempting to offer new opinions under the guise of supplementation. *Krause v. Cnty. of Mohave*, 459 F. Supp. 3d 1258, 1269 (D. Ariz. 2020) ("Supplementation means correcting inaccuracies or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure.") (cleaned up); *Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1062 (C.D. Cal. 2010) ("[S]upplementary disclosures do not permit a party to introduce new opinions after the disclosure deadline under the guise of a 'supplement.'").

To avoid unfair surprise and prejudice to Defendant, the Court should limit these experts' trial testimony to the opinions offered in their reports and deposition testimony.

**B. Exclude the inadmissible opinions of Mr. Clark.**

Federal Rule of Evidence 702 allows admission of "scientific, technical, or other specialized knowledge" by a qualified expert if it will "assist the trier of fact to understand the evidence or to determine a fact in issue." Rule 702 also provides that a witness may be qualified as an expert if "the testimony is based on sufficient facts or data." "Where such testimony's factual basis, data, principles, methods, or their application are called sufficiently into question . . . the trial judge must determine whether the testimony has a 'reliable basis in the knowledge and experience of [the relevant] discipline.'" *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 149 (1999). If the testimonial evidence fails in this regard, the expert opinion is inadmissible. *Id*. In short, expert testimony must be both helpful and reliable.

"In applying Rule 702, the Court functions as a gatekeeper, determining whether proffered expert testimony meets the requirements of Rule 702 by a preponderance of the evidence." *In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig*., 984 F. Supp. 2d 1021, 1026 (C.D. Cal. 2013), citing *Daubert v. Merrell Dow Pharms., Inc*., 509 U.S. 579, 597 (1993). The offering party must show by a preponderance of the evidence, that (1) the expert is qualified to render the opinion; and (2) the opinion offered has adequate factual and scientific support for that opinion. *Daubert*, 509 U.S. at 592-93. "[A] witness may offer an expert opinion so long as it meets the "scientific knowledge" and relevance requirements of Rule 702 and *Daubert*." *Beard v. U.S. Postal Service*, 2019 WL 257978, at *3 (N.D. Cal. Jan. 18, 2019). However, "expert testimony 'can be both powerful and quite misleading because of the difficulty in evaluating it.'" *Id*. In *Daubert*, the Supreme Court directed trial judges to exercise their "gatekeeping responsibility" to ensure that expert testimony be "not only relevant, but reliable." 509 U.S. at 589. "The proponent of the witness bears the burden of establishing an expert's qualifications, reliability, and helpfulness." *In Re REMEC Inc. Securities Litigation*, 702 F. Supp. 2d 1202, 1217 (S.D. Cal. 2010). "Rule 702 requires that expert testimony relate to scientific, technical, or other specialized knowledge, which does not include unsupported speculation and subjective beliefs." *Guidroz-*

*Brault v. Missouri Pacific R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001). Even if the *Daubert* standards are met, "[o]therwise admissible expert testimony may be excluded under Fed. R. Evid. 403 if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or undue delay." *CFM Communications, LLC v. Mitts Telecasting Co.*, 424 F. Supp. 2d 1229, 1236 (E.D. Cal. 2005) (citations omitted).

Several of Mr. Clark's opinions fail to meet this standard.

**1. Clark's legal conclusions should be excluded.**

By rule, "an expert witness cannot give an opinion as to [his] legal conclusion, which is effectively an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004). Courts thus frequently bar experts from "employ[ing] judicially defined and/or legally specialized terms in expressing [their] opinions." *See, Monroe v. Griffin*, 2015 WL 5258115, at *6-7 (N.D. Cal. 2015) (preventing Roger Clark from using terms such as "grossly unlawful, unnecessary, and excessive violence"); *Valtierra v. Cty. of L.A.*, 99 F. Supp. 3d 1190, 1198 (C.D. Cal. 2015) (preventing Mr. Clark from testifying that "the use of force was 'excessive' or 'unreasonable,' under the circumstances"). This is so because such "opinions" generally are not helpful to the trier of fact. *Id*. at 1198 (finding "several of [Roger] Clark's opinions, as currently formulated, are not helpful to the jury because they constitute impermissible legal conclusions."). In the context of "excessive force" cases like this one, "an expert's 'opinion as to what "current law" "mandates" or whether defendants were "legally" "justified" in using the force applied against [the plaintiff] usurps the jury's role.'" *Godinez v. Huerta*, 2018 WL 2018048, at *5 (S.D. Cal. 2018) (internal citations omitted).

This Court should preclude Mr. Clark from using similar terms during his testimony here that are riddled throughout the opinions in his expert report (Ex. A) and will undoubtedly be uttered at trial:

i. Opinion 1 (Report at p. 11): "Yet, in this incident Officer Jimenez did so [used deadly force] without any reasonable precaution to be sure he was correct or justified to shoot and kill Mr. Juarez"

ii. Opinion 2 (Report at p. 11): "In my opinion, a significant causal factor resulting in this shooting incident was the collective failure by Officer Jimenez to use, or create, tactical cover when they encountered and confronted Mr. Juarez"

iii. Opinion 2 (Report at 11): "Instead, Officer Jimenez suddenly, unnecessarily and excessively unleashed lethal force on Mr. Juarez."

iv. Opinion 3 (Report at 12): "Accordingly, in my opinion, no officer was justified in using lethal force when it was used."

v. Opinion 5 (Report at 12): "Officer Jimenez's tactical decisions, including the action taken and those that were not taken, were contrary to appropriate and reasonable police practices."

vi. Deposition testimony 138:25-140:12 (Ex. H): "Officer Jimenez should not have shot until he had certainty that Mr. Juarez had a gun … So that's why I said the facts of this case don't lend itself to a justifiable shooting of Mr. Juarez."

Also, this opinion is contrary to law. "It would be unquestionably reasonable for police to shoot a suspect in [decedent's] position if he reaches for a gun in his waistband, or even if he reaches there for some other reason. Given [decedent's] dangerous and erratic behavior up to that point, the police would doubtless be justified in responding to such a threatening gesture by opening fire." *Cruz v. Cty. of Anaheim*, 765 F.3d 1076, 1078 (9th Cir. 2014); *Sabbe v. Washington Cnty. Bd. of Comm.*, 84 F.4th 807, 811 (9th Cir. 2023) (finding officers' use of deadly force reasonable against a suspect who **appeared** to be shooting and pointing a gun at the officers) (emphasis added).

**2. Clark's opinions of third parties should be excluded because they are prejudicial and may confuse the jury.**

The only Defendant in this case is Officer Jimenez. Nevertheless, Mr. Clark offered numerous critical opinions in his report and deposition testimony about third parties such as the California Highway Patrol and other officers who responded to the scene.[1] Mr. Clark's opinions

[1] For example, in Opinion 4 of his report, Mr. Clark states: "The CHP, through its chain of command, appears to have endorsed the dangerous and out-of-policy tactics that are connected to this incident. As such, their collective approval of these tactics puts the general public at

(continued…)

and criticisms of the CHP and other law enforcement involved in the incident is irrelevant to Officer Jimenez's conduct and liability. Further, such testimony will confuse the jury into believing that the public entity.

## III. CONCLUSION

For the reasons stated above, the Court should grant this motion and limit the experts' testimony and exclude portions of Mr. Clark's testimony.

Dated: October 2, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General

***/s/ Diana Esquivel***

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendant Jimenez*

---

unnecessary future risk of death and/or injury from Officer Jimenez and others on the department who have been, or are now, similarly trained or supervised."

**DECLARATION OF DIANA ESQUIVEL**

I, Diana Esquivel, declare:

1. I am admitted to practice law in California and before this Court, and am a Deputy Attorney General with the Office of the Attorney General for the State of California, attorneys of record for Defendant Efrain Jimenez.

2. As required in the Court's Tentative Pretrial Order, the parties meet and conferred on the issues presented in this motion as well as the other issues the parties identified as matters that would be subject to motions in limine. On September 28, the parties discussed the factual and legal basis for their respective motions by video conference. The parties were unable to agree on the issues raised in this motion in limine.

3. Exhibit H to Defendant's Index of Exhibits is a true copy of the relevant portions of the transcript of Roger Clark's deposition testimony, taken on June 2, 2021, in this matter.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing statements are true and correct.

Dated: October 2, 2026

____***/s/ Diana Esquivel***____
Diana Esquivel