ROB BONTA, State Bar No. 202668
Attorney General of California
NORMAN D. MORRISON, State Bar No. 212090
Supervising Deputy Attorney General
DIANA ESQUIVEL, State Bar No. 202954
Deputy Attorney General
1300 I Street, Suite 125
Sacramento, CA 95814
Tel:: (916) 210-7320 | Fax: (916) 322-8288
E-mail: Diana.Esquivel@doj.ca.gov
*Attorneys for Defendant Efrain Jimenez*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **JOSHUA A. JUAREZ, individually and as successor in interest to SANTANA JUAREZ GONZALEZ, Deceased,**<br><br>Plaintiff,<br><br>**v.**<br><br>**EFRAIN JIMENEZ,**<br><br>Defendant. | No. 1:18-cv-01138-KES-EGC<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 5 TO PERMIT DEFENDANT TO INTRODUCE EVIDENCE OF DECEDENT'S CRIMINAL HISTORY AND DRUG USE FOR PURPOSES OF DAMAGES AND IMPEACHMENT; MEMORANDUM OF POINTS AND AUTHORITIES; SUPPORTING DECLARATION**<br><br>Judge: Honorable Kirk E. Sherriff<br>Trial Date: November 10, 2026<br>Action Filed: August 22, 2018 |

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant will move the Court, pursuant to Federal Rules of Evidence 401 to 403, to be permitted to present evidence of Decedent's criminal history, including gang affiliation, and drug abuse for purposes of rebutting Plaintiff's damages claims and impeachment.

The motion is based on this Notice, the attached Memorandum of Points and Authorities, the attached Declaration of Diana Esquivel, the pleadings, records, and files in this action, and such other matters as may properly come before the Court.

**Informal resolution efforts**. As required in the Court's Tentative Pretrial Order, the parties met and conferred prior to the filing of this motion and were unable to reach agreement on the issues raised in this motion. (Esquivel Decl. ¶ 2.)

Dated: October 2, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General

***/s/ Diana Esquivel***

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendant Jimenez*

SA2018302522
45351279

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Plaintiff seeks damages for the loss of Decedent's life, wrongful death damages, and potentially impeachment. These types of damages demand that the jury be provided evidence as to the lifestyle Decedent led. Any prejudicial effect this evidence may have can be cured with a limiting jury instruction. The Court should therefore permit introduction of such evidence.

**II. DECEDENT'S CRIMINAL AND DRUG-USE HISTORY IS RELEVANT TO DAMAGES**

Federal Rule of Evidence 402 provides that all relevant evidence is admissible and evidence that is not relevant is inadmissible. Fed. R. Evid. 402. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401(a). Relevant evidence may be excluded if it will cause prejudice, undue delay, a waste of time, or a needless presentation of cumulative evidence in the discretion of the court. Fed. R. Evid. 403; *Obrey v. Johnson*, 440 F.3d 691, 698 (9th Cir. 2005).

In a wrongful death claim, the plaintiff may recover for the loss of the decedent's love, companionship, care, assistance, protection, affection, society, and moral support. (CACI No. 3921 (2026).) Evidence of the Decedent's drug and alcohol use may be relevant to his relationship with the Plaintiff, and admissible for the purpose of damages. *Peck v. Cnty. of Orange*, No. CV194654-DSF (AFMx), 2023 WL 11195794, at *5 (C.D. Cal. May 22, 2023); *Estate of Elkins v. Pelayo*, No. 1:13-CV-1483 AWI-SAB, 2022 WL 1123117, at *33 (E.D. Cal. Apr. 14, 2022) (noting that the effect of a decedent's drug use on plaintiff is relevant for purposes of damages, "particularly regarding mental anguish and the loss of [decedent's] companionship, comfort, advice, and society").

These types of damages simply cannot be assessed if the jury is stripped from receiving any information as to who Decedent really was as portrayed through his extensive and violent criminal past, which resulted in incarcerations away from his family and alienation from his children. Indisputably, Decedent's life expectancy is at issue in this "wrongful death" case. *See, Francis v. Sauve*, 222 Cal. App. 2d 102, 121 (1963); *see also, McAsey v. U.S. Department of*

*Navy*, 201 F. Supp. 2d 1081, 1097 (N.D. Cal. 2002) ("In wrongful death actions, damages for pecuniary loss are limited by the life expectancy of the decedent immediately before he sustained the injuries which caused his death.") (internal citations omitted); *Allen v. Toledo*, 109 Cal. App. 3d 415, 424 (1980) ("The life expectancy of the deceased is a question of fact for the jury to decide considering all relevant factors including the deceased's health, lifestyle and occupation"); *Boyd v. Cty. and Cnty. of S.F.*, 2006 WL 1390423, at *2 (N.D. Cal. 2006) ("In particular, California law allows a jury to consider the decedent's life expectancy, taking into account his health, habits and lifestyle as well as any…self-destructive impulses in determining these amounts."). It is a commonsense reality that criminal activity, including gang affiliation, presents lifestyle risks that can (and do) impact relationships and life expectancy.

Introduction of a decedent's criminal history is also grounded in basic notions of fairness and the recognition that litigation is a search for the truth. *Boyd*, *supra*, 576 F.3d at 948 (affirming district court's admission of decedent's criminal history as relevant and highly probative to the issue of damages); *Lewis v. District of Columbia*, 793 F.2d 361, 363 (D.C. Cir. 1986) (affirming district court's order admitting evidence of past drug use and arrests when the evidence was probative in aiding the jury to fairly measure the extent of damages for the alleged police "excessive force" claim and that its prejudicial effect did not substantially outweigh its probative value).

That the entirety of Decedent's adult life was marked by arrests and incarcerations, including for domestic violence, goes directly to his "health, habits, and lifestyle" as contemplated by California's "wrongful death" damages instruction. *See*, CACI 3291 (stating that wrongful death damages calculations require the jury to evaluate decedent's "health, habits, activities [and] lifestyle…."). His criminal past is also directly relevant to the relationship he maintained—or did not maintain—with Plaintiff. *Nelson v. Cnty. of L.A.*, 113 Cal. App. 4th 783, 793 (2003) (reducing heirs' damages in light of evidence showing that heirs did not know decedent well: "[A]t the time of [decedent's] death in 1998, neither [heir] knew…he had been incarcerated for substantial periods of time…"); *see also*, *Cobige v. Cty. of Chicago*, 651 F.3d 780, 784 (7th Cir. 2011) (arrest record admissible because such evidence "potentially

affect[s]…the damages recoverable by [the estate] for loss of companionship…”). This is true whether Plaintiff admits to knowledge of Decedent’s arrests and incarceration, or attempts to disclaim knowledge, as was done here. *Nelson, supra*, 113 Cal. App. 4th at 793-94 (finding that plaintiffs’ lack of knowledge of decedent’s criminal history was a relevant factor in reversing their “wrongful death” damages award).

To date, Plaintiff and Decedent’s parents have attempted to paint as favorable view as they can of Decedent and his contributions. Defendant is therefore entitled present evidence to the jury that rebuts these claims by highlighting the not-so-favorable parts of Decedent’s life, including facts impacting the nature, depth, and quality of Plaintiff’s relationship with him. *See, Soto v. BorgWarner Morse TEC Inc*., 239 Cal.App.4th 165, 201 (2015) (in wrongful death cases, “[f]actors such as the closeness of a family unit, the depth of their love and affection,… are proper considerations for a jury assessing noneconomic damages.”); *Benwell v. Dean,* 249 Cal. App. 2d 345, 349 (1967) (“It is well established in this state…that evidence of the nature of the personal relationship that existed between the decedent and the beneficiaries of a wrongful death action has a bearing on the compensation for loss of society, comfort and protection, and is therefore ordinarily admissible in such an action.”)

Defendant’s introduction of Decedent’s criminal and drug use history will not result in any undue consumption of time, as the evidence will be offered through examination of Decedent’s parents and Plaintiff’s mother and few rebuttal or impeachment documents, if needed.

/ / /

/ / /

/ / /

/ / /

/ / /

## III. CONCLUSION

For the reasons set forth above, the Court should permit Defendant to introduce evidence and elicit testimony of Decedent's criminal and drug-use history.

Dated: October 2, 2026, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General

***/s/ Diana Esquivel***

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendant Jimenez*

**DECLARATION OF DIANA ESQUIVEL**

I, Diana Esquivel, declare:

1. I am admitted to practice law in California and before this Court, and am a Deputy Attorney General with the Office of the Attorney General for the State of California, attorneys of record for Defendant Efrain Jimenez.

2. As required in the Court's Tentative Pretrial Order, the parties meet and conferred on the issues presented in this motion as well as the other issues the parties identified as matters that would be subject to motions in limine. On September 28, the parties discussed the factual and legal basis for their respective motions by video conference. Specifically, I informed Plaintiff's counsel that such evidence would be limited to the damages claims. The parties were unable to agree on the issues raised in this motion in limine.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing statements are true and correct.

Dated: October 2, 2026

***/s/ Diana Esquivel***
Diana Esquivel