ROB BONTA, State Bar No. 202668
Attorney General of California
NORMAN D. MORRISON, State Bar No. 212090
Supervising Deputy Attorney General
DIANA ESQUIVEL, State Bar No. 202954
Deputy Attorney General
1300 I Street, Suite 125
Sacramento, CA 95814
Tel:: (916) 210-7320 | Fax: (916) 322-8288
E-mail: Diana.Esquivel@doj.ca.gov
*Attorneys for Defendant Efrain Jimenez*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **JOSHUA A. JUAREZ, individually and as successor in interest to SANTANA JUAREZ GONZALEZ, Deceased,**<br><br>Plaintiff,<br><br>**v.**<br><br>**EFRAIN JIMENEZ,**<br><br>Defendant. | No. 1:18-cv-01138-KES-EGC<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 6 TO EXCLUDE TESTIMONY OF UNDISCLOSED WITNESSES; MEMORANDUM OF POINTS AND AUTHORITIES; SUPPORTING DECLARATION**<br><br>Judge: Honorable Kirk E. Sherriff<br>Trial Date: November 10, 2026<br>Action Filed: August 22, 2018 |

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant will move the Court, pursuant to Federal Rule of Civil Procedure 37, for an order to exclude Madeline Elizabeth Muñoz (Plaintiff's girlfriend) and any other undisclosed witness. The motion is based on this Notice, the attached Memorandum of Points and Authorities, the attached Declaration of Diana Esquivel, the pleadings, records, and files in this action, and such other matters as may properly come before the Court.

/ / /

/ / /

/ / /

**Informal resolution efforts**. As required in the Court's Tentative Pretrial Order, the parties met and conferred prior to the filing of this motion. The parties did not reach agreement on the exclusion of Plaintiff's girlfriend but opposing counsel agreed to consider it, and was to subsequently inform the undersigned of their position. (Esquivel Decl. ¶ 2.) Not having heard back from opposing counsel before this motion was due, Defendant files this motion out of an abundance of caution.

Dated: October 2, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General

***/s/ Diana Esquivel***

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendant Jimenez*

SA2018302522
45345838

**MEMORANDUM OF POINTS AND AUTHORITIES**

The purpose of disclosures and discovery under Federal Rules of Civil Procedure 26 to 37 is to provide parties in an action with “a device for ascertaining facts, or information as to the existence or whereabouts of facts, relative to the issues. Thus[,] civil trials in federal court no longer need to be carried on in the dark.” *Mitchell v. Roma*, 265 F.2d 633, 636 (3d Cir. 1959). Consequently, the Federal Rules of Civil Procedure require each party to disclose fact witnesses, records, tangible evidence, and expert witnesses which they believe to have discoverable evidence and/or intend to offer into evidence at trial, and to supplement those disclosures and discovery responses by the deadlines set by the court or risk exclusion of such evidence. *See* Fed. R. Civ. P. 26(a), 37(c). The duty of disclosure continues even after the close of discovery, and a party must supplement a prior disclosure “in a timely manner if the party learns that is some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties.” Fed. R. Civ. P. 26(e). “Rule 37(c)(1) provides teeth to [Rule 26(a)’s requirements] by forbidding the use at trial any information required to be disclosed by Rule 26(a) that is not properly disclosed.” *Yeti by Molly, Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1106 (9th Cir. 2001)

Plaintiff’s girlfriend, Madeline Elizabeth Muñoz, is listed on Plaintiff’s witness list. (Tentative Pretrial Order at 29:20.) However, she was never disclosed or identified during discovery or in any of Plaintiff’s Rule 26 disclosures. (*See generally*, Pl.’s Suppl. Disclosures, attached as Ex. F to Def.’s Index of Exhibits.) The Court should therefore exclude Ms. Muñoz from testifying at trial.

Dated: October 2, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General

***/s/ Diana Esquivel***

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendant Jimenez*

**DECLARATION OF DIANA ESQUIVEL**

I, Diana Esquivel, declare:

1. I am admitted to practice law in California and before this Court, and am a Deputy Attorney General with the Office of the Attorney General for the State of California, attorneys of record for Defendant Efrain Jimenez.

2. As required in the Court's Tentative Pretrial Order, the parties meet and conferred on the issues presented in this motion as well as the other issues the parties identified as matters that would be subject to motions in limine. On September 28, the parties discussed the factual and legal basis for their respective motions by video conference. During the discussion of this motion, Plaintiff's attorney, Hang Le, indicated that she needed to further consider Defendant's position and would get back to me. As of the date of filing this motion, I have not heard from Ms. Le about an agreement to exclude Ms. Muñoz from testifying at trial. I am therefore submitting this motion in an abundance of caution, and will withdraw it if the parties reach agreement.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing statements are true and correct.

Dated: October 2, 2026

***/s/ Diana Esquivel***
Diana Esquivel