**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
E-mail: hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

**LAW OFFICES OF PANOS LAGOS**
**Panos Lagos (SBN 61821)**
6569 Glen Oaks Way
Oakland, CA 94611
510.530.4078
510.530.4725 (FAX)
E-mail: panos@panoslagoslaw.com

**LAW OFFICE OF SANJAY S. SCHMIDT**
**Sanjay S. Schmidt (SBN 247475)**
1388 Sutter Street, Suite 810
San Francisco, CA 94109
Tel. (415) 563-8583
Fax (415) 223-9717
Email: ss@sanjayschmidtlaw.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

J.A.J., a minor through his mother and Next Friend CRYSTAL BOTELLO, individually and as successor in interest to SANTANA JUAREZ GONZALEZ, Deceased; SANTANA JUAREZ JIMENEZ, individually; and TERESA GONZALEZ-VELAZQUEZ, individually;

Plaintiffs,

v.

State of California Highway Patrol Officer EFRAIN JIMENEZ (ID#18075), individually; A.J, a minor, through her mother and Next Friend, SELENE RAMOS, individually and as successor in interest for SANTANA JUAREZ GONZALEZ, Deceased; and DOES 1 to 100, jointly and severally;

Defendants.

Case No. 1:18-cv-01138-KES-EGC

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 3 TO EXCLUDE PHOTOGRAPHS TAKEN BY PLAINTIFF'S COUNSEL AND RELATED TESTIMONY**

## I. INTRODUCTION

The motion of Defendant EFRAIN JIMENEZ (hereafter "Defendant") to exclude photographs taken by Plaintiff's counsel is not well-taken.

Defendant has raised unmeritorious issues regarding the introduction of the photographs into evidence, including: 1) an unsupported general claim of prejudice (ECF No. 120 at 3:9); 2) the photographs are irrelevant (ECF No. 120 at 4:17-5:9); 3) the photographs constitute improper accident-reconstruction evidence requiring expert testimony (ECF No. 120 at 5:10-11); and 4) the photographs are misleading and unhelpful to any issue before the jury (ECF No. 120 at 6:7-9). These contentions all fail to justify wholesale exclusion of the photographs. The arguments by the Defendant regarding the photographs at issue in Defendant's Motion in Limine Number 3, if anything, all go to the weight, not the admissibility, of the photographs. The motion should be denied in its entirety.

## II. FACTS

In the matter before the Court, Defendant Jimenez shot the decedent while a CHP vehicle with two officers and a K-9 had arrived. The jury will be faced with the issue of whether or not Defendant's act of shooting the decedent twice in the back was necessary and appropriate under Fourth Amendment jurisprudence and/or was negligent under state law. When Defendant Jimenez fired, the decedent was staggering in plain view through a very young orchard, in the August heat of the Central Valley. As Defendant Jimenez knew, the decedent had just been running a long distance. Plaintiff's position, among others, is that Defendant did not need to kill the decedent because a K-9 unit had arrived – with two armed CHP officers. It is also Plaintiff's contention that Defendant knew the vehicle with a K-9 – a less lethal force option – was on its way, could hear it, and see it on its approach to the shooting scene. The decedent was 200-300' away and downhill from nearby celebrants.

The only purported argument made by Defendant in his Motion that the subject photographs are not a fair representation of the terrain, as it existed at the time of the shooting, is that the challenged photographs "show the orchard covered in grass with solid-appearing soil" (ECF No. 120 at 4:19-20). As explained below, that distinction is immaterial with respect to the purpose for

which the photographs will be offered and their import to the issues in the case.

## III. ARGUMENT

### A. No prejudice.

Plaintiff does not dispute that disclosure of the photographs taken by Mr. Lagos on or about February 12, 2021, were Bates numbered P000253–P000261 and produced to defense counsel on October 26, 2021 – approximately 4.5 months after the June 11, 2021, close of non-expert discovery – as part of Plaintiffs' Supplemental Disclosures (*See* Ex. 1 to the accompanying Declaration of Panos Lagos).

Nonetheless, Defendant has had the photographs for nearly five years. And Defendant had every opportunity to have the area photographed. And Plaintiff submitted into evidence three of the photographs already as Exhibit 24 in support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment (ECF No. 78-4 at pp. 39 of 68–41 of 68); thus, these photographs are already part of the court's record. Importantly, Defendant never objected to their authenticity, claimed they were an illegal attempt to re-construct the shooting scene, or that their late disclosure prejudiced him. Defendant has made no showing that the timing of the disclosure disrupted any case deadlines, required continuance of trial, or impaired Defendant's ability to present evidence or argument. Absent a showing of actual prejudice, exclusion is unwarranted. *Hill v. River Run Homeowners Ass'n, Inc.*, 438 F. Supp. 3d 1155, 1170 (D. Idaho 2020).

### B. Relevance.

The photographs satisfy the requirements of Federal Rule of Evidence 401, given the circumstances outlined above. They depict the scene of the shooting. The photographs have "…[a] tendency to make a fact more or less probable than it would be without the evidence[,]" Fed. R. Evid. 401(a), and " the fact is of consequence in determining the action." Fed. R. Evid. 401(b). *See* Declaration of Panos Lagos filed herewith at ¶¶ 9–10.

### C. The photographs are admissible with a proper foundation.

Pursuant to Federal Rule of Evidence 901(b)(1), if a witness with personal knowledge of the relevant location can testify that the photographs fairly and accurately depict relevant conditions at issue, the authentication foundation is satisfied. *See* Fed. R. Evid. 901(b)(1); *United*

*States v. Pang*, 362 F.3d 1187, 1192-93 (9th Cir. 2004) (Rule 901 requires only evidence sufficient to support a finding that the item is what the proponent claims it to be); *United States v. Robertson*, 489 F.3d 1264, 1266-67 (U.S. Dist. Ct. D. New Mexico Sept. 28, 2000).

**D. <u>No expert is required</u>.**

The photographs constitute lay evidence depicting the relevant topography of the shooting scene. Plaintiff will not offer testimony regarding angles, distances, measurements, reconstruction, or other technical matters requiring expert opinion. Neither Rule 702 nor Rule 26(a)(2)(B) is implicated. The jury may independently compare the photographs with any similar, relevant 2017 agency photographs, the (CHP) Air 43 video, and/or the civilian cell-phone video and determine the significance of any similarities or differences. Any alleged differences go to the weight of the evidence and not to its admissibility. *Ebert v. Cnty. of San Bernardino*, 832 F. Supp. 3d 1040, 1047 (C.D. Cal. 2026); *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1005 (9th Cir. 2002).

**E. <u>Helpful and not misleading</u>.**

The relevant features of the photographs, i.e., the topography and the elevation of the road and embankment relative to the field where Defendant stood, are fixed. This is undisputed. Defendant has not submitted any competent evidence to the contrary. Changes in ground cover affect footing, not sightline. The issue of footing at the time of the shooting is not an issue regarding the propriety of the use of force or the issue of negligence, and either way, the photos are not offered for that purpose and the proper remedy would be a limiting instruction on that score, not exclusion. Any claimed differences between the subject pictures and other relevant evidence go to weight and can be addressed on cross and with a limiting instruction. The photographs are not likely to confuse the jury.

## IV. <u>CONCLUSION</u>

The photographs taken in 2021 are relevant and helpful to the force and negligence issues presented to the jury. Defendant's Ex. G in support of his Motion (ECF No. 124 at pp. 115–116) are in the same general area depicted by Plaintiff's photographs but are themselves misleading and incomplete. They do not come close to presenting the jury with a fair depiction of the shooting scene and the accompanying legal analysis relevant to the noted claims.

For the foregoing reasons, the Court should deny Defendants' Motion in Limine to Exclude Photographs Taken by Plaintiff's Counsel and Related Testimony in its entirety. In the alternative, the Court can reserve ruling on the Motion considering the evidentiary context and/or issues developed during trial.

Respectfully submitted,

Dated: October 13, 2026

LAW OFFICES OF DALE K. GALIPO
LAW OFFICES OF PANOS LAGOS
LAW OFFICE OF SANJAY S. SCHMIDT

*/s/Panos Lagos*
By: Panos Lagos
Dale K. Galipo
Sanjay S. Schmidt
Attorneys for Plaintiff Joshua Juarez (J.A.J.)