**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

**Panos Lagos, Esq. / SBN 61821**
**LAW OFFICES OF PANOS LAGOS**
6569 Glen Oaks Way
Oakland, CA 94611
510.530.4078
510.530.4725 (FAX)
E-mail: panos@panoslagoslaw.com

**Sanjay S. Schmidt (SBN 247475)**
**LAW OFFICE OF SANJAY S. SCHMIDT**
1388 Sutter Street, Suite 810
San Francisco, CA 94109
Tel. (415) 563-8583
Fax (415) 223-9717
Email: ss@sanjayschmidtlaw.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

JOSHUA A. JUAREZ, individually and as successor in interest to SANTANA JUAREZ GONZALEZ, Deceased;

Plaintiffs,

v.

State of California Highway Patrol Officer EFRAIN JIMENEZ (ID#18075), individually; A;J, a minor, through her mother and Next Friend, SELENE RAMOS, individually and as successor in interest for SANTANA JUAREZ GONZALEZ, Deceased; and DOES 1 to 100, jointly and severally;

Defendants.

Case No. 1:18-cv-01138-KES-SKO

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE OR LIMIT THE NUMBER OF AUTOPSY AND GRAPHIC PHOTOGRAPHS**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This civil rights case arises out of the officer-involved shooting death of Santana Juarez Gonzalez ("Decedent") by California Highway Patrol Officer Efrain Jimenez on August 20, 2017. Joshua A. Juarez, Decedent's son and the plaintiff in this case, brings claims for Fourth Amendment – Excessive Force (42 U.S.C. § 1983), state law battery, state law negligence, and violation of California Civil Code section 52.1 (Bane Act). Under Plaintiff's Fourth Amendment Excessive Force claim, Plaintiff seeks survival damages, including pre-death pain and suffering and loss of life on behalf of Decedent. *See Valenzuela v. City of Anaheim*, 6 F.4th 1098, 1102–03 (9th Cir. 2021); *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. 2014). During the meet and confer process on this issue, Plaintiff represented that Plaintiff intended on introducing only a limited number of autopsy and scene photographs, and that the autopsy photographs would only involve close-up images of the gunshot entry and exit wounds and related bruising after Decedent's body had been cleaned. Defendants declined Plaintiff's offer of compromise and have now moved to preclude Plaintiff from introducing any autopsy or post-shooting photographs of Decedent. For the reasons discussed herein, Plaintiff opposes Defendants' motion in its entirety.

## II. ARGUMENT

### A. Post-Mortem Photographs Are Relevant to Plaintiff's Claims and Damages

As Plaintiff represented to Defendants during the meet and confer process, Plaintiff intends to introduce only a limited number of autopsy photographs, none of which show dissection or Decedent's internal organs, to show the wounds sustained by Decedent as a result of the incident. *See* Ex. 1 to Galipo Decl., Autopsy Photographs. Autopsy photographs showing the injuries sustained by Decedent as a result of the incident are relevant to how the Decedent died and the positioning of the bullet wounds are relevant to show how Decedent sustained those gunshot wounds. The photographs of the gunshot wounds are also relevant to the medical examiner's testimony of the autopsy he conducted and are circumstantial evidence of the pain and suffering Decedent experienced prior to death. *See Nunez v. Santos*, 427 F. Supp. 3d 1165, 1191–93 (N.D. Cal. 2019) (despite no direct evidence of pre-death pain and suffering from expert or witness

testimony, there was sufficient evidence presented for the jury to infer the pain and suffering experienced by the decedent through medical examiner's tesitmony of decedent's injuries as well as photographs of the entry and exit gunshot wounds). Additionally, while Defendants contend that the medical examiner who conducted Decedent's autospy, Dr. Mark Super, did not rely on the photographs to form his conclusions, the autopsy itself records that "[d]igital photographs are obtained of external findings and some internal findings" and are thus reflective of what Dr. Super observed during his work and form a part of Dr. Super's own work. Ex. B to Defs.' Index of Exhibits, Autopsy Report at 7. Courts have routinely denied exclusion of autopsy photographs on relevance grounds in police shooting cases and even cases where the cause of death is uncontested or stipulated to, as autopsy photographs are relevant to the issue of liability and damages. *See, e.g.*, *Walden v. Shinn*, 990 F.3d 1183, 1204–05 (9th Cir. 2021) (prosecution not required to refrain from introducing relevent evidence of autopsy photos of injuries simply because the defense chooses not to contest the point); *United States v. Benally*, 656 F. App'x 858, 859 (9th Cir. 2016) (admission of autopsy photos did not create danger of undue prejudice that substantially outweighed their probative value because the visual depiction made it easier to grasp the expert testimony regarding cause of death and stipulation to the cause of death did not relieve the prosecution's burden of proof to prove ever element of the crime); *Monroy v. Cnty. of Riverside*, No. 5:21-CV-1278-MEMF-KK, 2025 WL 3268585, at *3 (C.D. Cal. Nov. 21, 2025) (relatively small number of autopsy photos were probative due to coroner's testimony); *Craig v. Cnty. of Orange*, No. SACV1700491CJCKESX, 2019 WL 12379198, at *11 (C.D. Cal. Sept. 5, 2019) (autopsy photos of decedent's wounds relevant to decedent's pain and suffering); *Archibald v. Cnty. of San Bernardino*, No. EDCV1601128ABSPX, 2018 WL 6070998, at *3 (C.D. Cal. Feb. 28, 2018) (autopsy photos relevant to liability and damages).

Photographs of the scene taken immediately after the incident that include Decedent's body in its final resting position, are also relevant to the issue of liability in this case as it will show Decedent's relative position to the Red Barn and to Defendant Jimenez at the time Decedent was shot. Defendant Jimenez argues that he had to shoot when he did because Decedent was quickly approaching the Red Barn and would have posed a threat to the civilians inside the

restaurant. Examination of scene photographs showing Decedent's final resting position will aid the jury in determining whether Defendant Jimenez's use of deadly force was reasonable at the time he used such force. Accordingly, post-mortem photographs of Decedent at the scene of the incident are relevant to the ultimate issues in this case. *See Peck v. Cnty. of Orange*, No. CV194654DSFAFMX, 2023 WL 11195794, at *17–18 (C.D. Cal. May 22, 2023) (post-shooting phtographs of decedent's body are relevant and admissible in police shooting excessive force case); *Woods v. Aug.*, No. 3:15-CV-05666-WHO, 2019 WL 8105898, at *8 (N.D. Cal. Mar. 14, 2019) (limited photographs of decedent at the crime scene and during autopsy relevant in police shooting case); *Morad v. City of Long Beach*, No. CV166785MWFAJWX, 2018 WL 11352372, at *12–13 (C.D. Cal. June 15, 2018) (allowing photographs depicting decedent's body at the scene of the shooting and the autopsy in connection with expert testimony in police excessive force case); *Garlick v. Cnty. of Kern*, No. 113CV01051LJOJLT, 2016 WL 1461841, at *7 (E.D. Cal. Apr. 14, 2016) (photographs of decedent at the scene and during autopsy are relevant in police excessive force case).

**B. Post-Mortem Photographs are More Probative Than Prejudicial**

Plaintiff has identified ten autopsy photographs that are relevant to Plaintiff's claims and damages, most of which depict the gunshot wounds sustained by Decedent. *Cf. Monroy*, 2025 WL 3268585, at *3 (the number of autopsy photos were relatively small such that they were more probative than prejudicial). Plaintiff has redacted the photographs such that none of the photographs show Decedent's face or the entirety of Decedent's in-tact body and Decedent's private parts are not visible in any of them. Additionally, the majority of the gunshot wound photographs are close-up shots and were taken after medical intervention and after Decedent's body had been cleaned of blood residue and generally show the cleaned-up gunshot wound and the bruising around the wound. *See United States v. Gomez*, No. 118CR00002JLTSKO, 2022 WL 1778231, at *6–7 (E.D. Cal. June 1, 2022) (finding that autopsy photographs presented in a clinical fashion reduces their shock value and permitting the government to introduce twelve crime scene photogrpahs of the decedent's body because the probative value of *some* autopsy photographs is not substantially outweighed by unfair prejudice); *Walden*, 990 F.3d at 1204–05

(agreeing with the district court's finding that the close-up autopsy photograpsh decedent's wounds after the decedent's body had been washed were not unduly prejudicial). One of the photographs shows the trajectory of the gunshot wounds from outside of the body. None of the photographs depict any gory or gruesome internal injuries to Decedent's body. *Cf. Benally*, 656 F. App'x at 859 ("autopsy photo of the victim's heart and open chest cavity did not create a danger of undue prejudice that substantially outweighed their probative value" as the photos were probative of how the victim died). Due to the limited number of photographs Plaintiff seeks to introduce, and the nature of the photographs, which present a sanitized, clinical view of Decedent's injuries, the autopsy photographs are not unduly prejudicial.

Plaintiff also intends only to introduce a limited number of scene photographs that include Decedent's body in its final resting position after the shooting. Plaintiff contends that these photographs must be shown without redaction of Decedent's body, as Decedent's body positioning and final resting position are relevant to the ultimate issues in this case, e.g., whether Decedent was quickly approaching the Red Barn such that he posed an immediate threat of death or serious bodily injury to others at the time of the shooting. Plaintiff respectfully requests that the Court defer its ruling as to post-mortem scene photographs and rule on them before they are introduced at trial. *See Peck*, 2023 WL 11195794, at *17–18 (scene photographs showing decedent's post-shooting body are relevant to the disputed issues but ruling was deferred until the Court reviews proposed photographs); *Garlick*, 2016 WL 1461841, at *7 (deferring ruling until Plaintiffs actually seek to introduce such evidence to the jury).

## III. <u>CONCLUSION</u>

For the foregoing reasons, the Court should deny Defendants' Motion in Limine to preclude Plaintiff from displaying autopsy and post-shooting photographs of Decedent in its entirety.

//

//

//

//

DATED: October 13, 2026

LAW OFFICES OF DALE K. GALIPO
LAW OFFICES OF PANOS LAGOS
LAW OFFICE OF SANJAY S. SCHMIDT

By *_/s/ Dale K. Galipo_*
Dale K. Galipo
Panos Lagos
Sanjay J. Schmidt
Attorneys for Plaintiff Joshua A. Juarez