**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

**Panos Lagos, Esq. / SBN 61821**
**LAW OFFICES OF PANOS LAGOS**
6569 Glen Oaks Way
Oakland, CA 94611
510.530.4078
510.530.4725 (FAX)
E-mail: panos@panoslagoslaw.com

**Sanjay S. Schmidt (SBN 247475)**
**LAW OFFICE OF SANJAY S. SCHMIDT**
1388 Sutter Street, Suite 810
San Francisco, CA 94109
Tel. (415) 563-8583
Fax (415) 223-9717
Email: ss@sanjayschmidtlaw.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

JOSHUA A. JUAREZ, individually and as successor in interest to SANTANA JUAREZ GONZALEZ, Deceased;

Plaintiffs,

v.

State of California Highway Patrol Officer EFRAIN JIMENEZ (ID#18075), individually; A;J, a minor, through her mother and Next Friend, SELENE RAMOS, individually and as successor in interest for SANTANA JUAREZ GONZALEZ, Deceased; and DOES 1 to 100, jointly and severally;

Defendants.

Case No. 1:18-cv-01138-KES-SKO

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE AND TESTIMONY CONCERNING DECEDENT'S STATE OF MIND, MENTAL HEALTH, OR OTHER CONDITIONS**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants move to exclude lay witness testimony concerning Santana Juarez Gonzalez's ("Decedent") appearing tired, out of it, drunk, or incoherent in the moments leading up to the shooting. Plaintiffs do not plan on eliciting speculative opinions about Decedent's internal mindset or medical or mental health diagnoses, but rather firsthand observations—how he acted and how he appeared—which are plainly admissible under Federal Rule of Evidence 701. Such testimony, including that Decedent appeared tired, out of it, drunk, or incoherent is relevant to the totality of the circumstances faced by Officer Efrain Jimenez and the reasonableness of Officer Jimenez's use of deadly force against Decedent. For these reasons, the motion should be denied.

## II. LEGAL STANDARD

Federal Rule of Evidence 701 permits lay opinion testimony when it is: (a) rationally based on the witness's perception; (b) helpful to understanding the witness's testimony or determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701. A lay witness may testify based on their perceptions so long as the opinion is "one that a normal person would form on the basis of the observed fact." *California Found. for Indep. Living Centers v. Cnty. of Sacramento*, 142 F. Supp. 3d 1035, 1045 (E.D. Cal. 2015) (citing 4 J. WEINSTEIN & M. BERGER, WEINSTEIN'S EVIDENCE § 701.03[2] (2d ed. 2014)).

## III. ARGUMENT

Decedent's apparent behavior or demeanor in the moments leading up to the shooting is plainly relevant and admissible. While the reasonableness of the officers' use of force must be judged from the perspective of a reasonable officer on the scene, courts have long recognized that officers are trained to assess a suspect's behavior and demeanor—including whether they appear aggressive, confused, tired, compliant, or terrified—as part of the totality of circumstances that inform use-of-force decisions. *Tabares v. City of Huntington Beach*, 988 F.3d 1119, 1128–29 (9th Cir. 2021) (percipient witness's observation that suspect appeared "tired" and "done with the

struggle" supported inference that suspect "may not have posed a threat at the time of the shooting based on his demeanor"); *Est. of Lopez by & through Lopez v. Gelhaus*, 871 F.3d 998, 1018 (9th Cir. 2017) (analyzing totality of circumstances, including whether suspect was acting "erratic, aggressive, or threatening"); *Glenn v. Washington Cnty.*, 673 F.3d 864, 876 (9th Cir. 2011) (totality of the circumstances included suspect appearing surprised, confused, and possibly in pain); *Sullivan v. City of San Rafael*, No. C 12-1922 MEJ, 2013 WL 3357933, at *8 (N.D. Cal. July 2, 2013) (totality of circumstances included fact that suspect was "scared"); *Abudiab v. City & Cnty. of San Francisco*, No. C 09-1778 MHP, 2010 WL 2076022, at *5 (N.D. Cal. Apr. 12, 2010) (same); *Est. of Harvey v. Jones*, No. C05-1170RSM, 2006 WL 909980, at *6 (W.D. Wash. Apr. 6, 2006) (totality of circumstances included whether suspect appeared "scared" or "combative").

Additionally, "[i]t has long since been settled that a witness may give a shorthand rendition of a total situation or a description of collective facts without his testimony colliding with a rule excluding opinions." *Allen v. Matson Nav. Co.*, 255 F.2d 273, 278 (9th Cir. 1958). "Opinions of non-experts may be admitted where the facts could not otherwise be adequately presented or described to the jury in such a way as to enable the jury to form an opinion or reach an intelligent conclusion." *United States v. Skeet*, 665 F.2d 983, 985 (9th Cir. 1982). Lay witnesses are permitted to give testimony "about the corporeal appearances such as nervousness and drunkenness." *See United States v. Mastberg*, 503 F.2d 465, 470 (9th Cir. 1974). Courts within the Ninth Circuit have routinely admitted lay opinion testimony regarding a person's demeanor, such as whether a person appeared drunk, nervous, or distraught. *See, e.g.*, *United States v. Mastberg*, 503 F.2d 465, 470 (9th Cir. 1974) (agent can give his opinion that a person appeared nervous); *Cole v. United States*, 327 F.2d 360, 361 (9th Cir. 1964) (lay witness may give opinion that a person was distraught); *Nash-Perry v. City of Bakersfield*, No. 1:18-CV-1512 JLT CDB, 2024 WL 115211, at *6 (E.D. Cal. Jan. 10, 2024) (lay witness may offer opinion on intoxication based on signs such as staggering); *Feiman v. City of Santa Monica*, No. CV1203549JGBJCX, 2013 WL 12209909, at *5 (C.D. Cal. Nov. 8, 2013) ("lay witness testimony about whether someone appeared intoxicated is generally admissible").

Here, the percipient witnesses observed Decedent moving, slowing down, and staggering. There could be multiple reasons for a person to slow down or to stagger, including physical injury or uneven terrain. It is relevant to the jury's evaluation of this case that the percipient witnesses' observations of Decedent's demeanor indicated to them that Decedent was slowing down and staggering because he appeared tired or "out of it" as opposed to because he was injured or there were physical obstacles in his way. The Decedent's demeanor is not only relevant to the totality of the circumstances under the Fourth Amendment reasonableness standard, but is also relevant to Plaintiff's state law battery and negligence claims because under those claims, the jury will be instructed that Decedent may only be considered an "imminent" threat of death or serious bodily harm if "based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or to another person." CACI 441, 1305B. A jury believing that Decedent appeared tired, "out of it," incoherent, delusional, or drunk may conclude that Decedent did not have the apparent intent to immediately cause death or serious bodily injury to anyone.

A suspect's apparent demeanor—incoherent or threatening, confused or calculating—can materially affect the tactical options available to officers. Decedent's tired, incoherent, almost drunk-like demeanor was part of the totality of circumstances faced by Officer Jimenez at the time he used lethal force. Officers are trained to evaluate these cues in real time, and jurors are entitled to consider them in determining whether the officers acted reasonably under the circumstances.

**IV. <u>Conclusion</u>**

For the reasons set forth above, the Court should deny Defendants' Motion in Limine No. 2 in its entirety.

//

//

//

//

//

DATED: October 13, 2026

LAW OFFICES OF DALE K. GALIPO
LAW OFFICES OF PANOS LAGOS
LAW OFFICE OF SANJAY S. SCHMIDT

By */s/ Dale K. Galipo*
Dale K. Galipo
Panos Lagos
Sanjay J. Schmidt
Attorneys for Plaintiff Joshua A. Juarez