**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

**Panos Lagos, Esq. / SBN 61821**
**LAW OFFICES OF PANOS LAGOS**
6569 Glen Oaks Way
Oakland, CA 94611
510.530.4078
510.530.4725 (FAX)
E-mail: panos@panoslagoslaw.com

**Sanjay S. Schmidt (SBN 247475)**
**LAW OFFICE OF SANJAY S. SCHMIDT**
1388 Sutter Street, Suite 810
San Francisco, CA 94109
Tel. (415) 563-8583
Fax (415) 223-9717
Email: ss@sanjayschmidtlaw.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

JOSHUA A. JUAREZ, individually and as successor in interest to SANTANA JUAREZ GONZALEZ, Deceased;

Plaintiffs,

v.

State of California Highway Patrol Officer EFRAIN JIMENEZ (ID#18075), individually; A;J, a minor, through her mother and Next Friend, SELENE RAMOS, individually and as successor in interest for SANTANA JUAREZ GONZALEZ, Deceased; and DOES 1 to 100, jointly and severally;

Defendants.

Case No. 1:18-cv-01138-KES-SKO

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 5 TO PERMIT DEFENDANT TO INTRODUCE EVIDENCE OF DECEDENT'S CRMINAL HISTORY AND DRUG USE FOR PURPOSES OF DAMAGES AND IMPEACHMENT**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendants move to admit evidence of Decedent's criminal history and drug use, arguing that such evidence is relevant to the issue of damages. As Plaintiff argued in his Motion in Limine No. 1 (Doc. No. 115), such evidence is not relevant to the issue of damages and there is no evidence or theory of damages that Defendants can "connect up" to Decedent's criminal history and drug use. Accordingly, Plaintiff opposes Defendants' Motion in Limine No. 5 in its entirety.

### II. ARGUMENT

Under Federal Rule of Evidence 401, evidence is only relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence," and the fact is "of consequence in determining the action." Fed. R. Evid. 401(a). Evidence that is not relevant is inadmissible. Fed. R. Evid. 402. The Ninth Circuit has held that evidence of drug use as it relates to the Plaintiff's loss of relationship with the decedent has "marginal, if any, probative value as to damages, and none as to liability." *Est. of Diaz v. City of Anaheim*, 840 F.3d 592, 600, 601–03 (9th Cir. 2016) (evidence of drug use had "marginal relevance" to mother's claim that she loved her son and evidence of drug use the day of the incident "no relevance" to mother's loss). On remand, the Ninth Circuit instructed the district court to "closely review this evidence under Federal Rules of Evidence 401 and 403," and that it should be admitted only "to the degree that the testimony is connected up with [the mother's] reaction to her son's death." *Id.* at 603. Pursuant to *Diaz*, district courts have excluded evidence regarding a decedent's use of drug(s) and/or alcohol and evidence of a decedent's alleged gang affiliation at trial, finding that such evidence is more prejudicial than probative for both liability and damages. *See Est. of Risher v. City of Los Angeles*, No. CV 17-00995-MWF (DTBX), 2025 WL 869028, at *3 (C.D. Cal. Jan. 22, 2025); *Sandoval v. Cnty. of San Diego*, No. 316CV01004BENAGS, 2023 WL 7434956, at *11 (S.D. Cal. Nov. 9, 2023); *Maddox on behalf of D.M. v. City of Sandpoint*, No. 2:16-CV-162-BLW, 2019 WL 3538949, at *4 (D. Idaho Aug. 1, 2019); *Dominguez v. City of Los Angeles*, No. CV174557DMGPLAX, 2018 WL 6164278, at *2 (C.D. Cal. Oct. 9, 2018). In *Tofte v. City of Longview*, No. 3:22-CV-05700-TMC, 2024 WL 4451403 (W.D. Wash. Oct. 8, 2024), the district

court granted a motion in limine to exclude evidence of the decedent's drug use because defendants were unable to "connect up" decedent's drug use with any other evidence or theory of damages and therefore, "any minimal probative value of this evidence [wa]s outweighed by a significant danger of unfair prejudice." 2024 WL 4451403, at *3.

As Plaintiff previously argued in his Motion in Limine No. 1, Defendants are unable to "connect up" Decedent's criminal history or drug use with any other evidence or theory of damages. Plaintiff was born in 2006 and lived with his mother and Decedent in San Bernardino County until he was approximately four years old. After that, in or around 2010, Decedent moved to Madera County and Plaintiff spoke to Decedent approximately twice a month on the phone or via FaceTime and only saw Decedent in person during holidays and special occasions. Despite not being able to see each other in person regularly, Decedent and Plaintiff maintained a good relationship. While Decedent would occasionally give Plaintiff money, Plaintiff is not seeking economic damages, only non-economic damages. Decedent died in 2017, when Plaintiff was eleven years old.

There is no evidence that Decedent's drug or alcohol use affected Decedent's relationship with Plaintiff, especially considering that Plaintiff is unable to recall living together with Decedent and Plaintiff and Decedent did not regularly see each other in person after Decedent moved to Madera County when Plaintiff was approximately four years old. Additionally, Defendants exaggerate in claiming that "the entirety of Decedent's adult life was marked by arrests and incarcerations." Prior to Plaintiff's birth, Decedent had only one juvenile adjudication for trespassing. He did not have any other run-ins with law enforcement until 2013, three years after he moved away from Plaintiff. By that time, Plaintiff did not see Decedent regularly in person because Decedent no longer lived close enough to visit regularly. Additionally, Decedent only went to jail twice—one stint for 53 days and another stint for 93 days—both pending resolution of his criminal charges. Decedent was only ever sentenced to time served for his criminal convictions. Thus, Defendants are unable to "connect up" Decedent's criminal history or drug use with any evidence or theory of damages.

Additionally, while Defendants argue that Decedent's criminal history and drug use "goes

directly to his 'health, habits, and lifestyle' as contemplated by California's 'wrongful death damages instruction," and is relevant to Decedent's life expectancy, Defs.' MIL No. 5 at 3, 4, neither are at issue because Plaintiff is not seeking economic damages. The model jury instruction for Wrongful Death (Death of an Adult), CACI 3921, states under its "Directions for Use,"

> If the decedent recovered damages for lost earning capacity in the decedent's lifetime, an heir's recovery for lost financial support (economic damages item 1) is to be measured by the decedent's physical condition at the time of death. There is no similar limitation on recovery for loss of consortium (noneconomic damages item 1).

CACI 3921 (Directions for Use) (citing Boeken v. Philip Morris USA Inc. 217 Cal. App. 4th 992, 997-1000 (2013); *Blackwell v. American Film Co.* 189 Cal. 689, 694 (1922). CACI 3921's "Directions for Use" further goes on to state,

> One of the life-expectancy subjects in the second sentence of the second-to-last paragraph should be the decedent, and the other should be the plaintiff. This definition is intended to apply to the element of damages pertaining to the financial support that the decedent would have provided to the plaintiff.

CACI 3921 (Directions for Use). Accordingly, Decedent's life expectancy, and evidence regarding Decedent's life expectancy including Decedent's health, habits, activities, and lifestyle are not relevant to damages as Plaintiff is only seeking noneconomic damages.

The cases cited by Defendants on the issue of life expectancy further support Plaintiff's position. In *Francis v. Suave*, 222 Cal. App. 2d 102 (Ct. App. 1963), the court acknowledged that life expectancy was at issue in determining *pecuniary* loss. 222 Cal. App. At 120-21. In *McAsey v. U.S. Dep't of Navy*, 201 F. Supp. 2d 1081 (N.D. Cal. 2002), the district court acknowledged that "[i]n wrongful death actions, *damages for pecuniary loss* are limited by the life expectancy of the decedent immediately before he sustained the injuries which caused his death." 201 F. Supp. at 1097 (emphasis added). In *Allen v. Toledo*, 109 Cal. App. 3d 415, (Ct. App. 1980), life expectancy was relevant because Plaintiff was seeking damages for the loss of the decedent's financial support. 109 Cal. App. 3d at 424. Lastly, in *Boyd v. City & County of San Francisco*, No. C-04-5459 MMC(JCS), 2006 WL 1390423 (N.D. Cal. May 18, 2006), the district court agreed with the defendants' contention that the decedent's medical records were "relevant to damages that may be claimed under California's Wrongful Death statute, including *financial support* Boyd would have

contributed to his family over the course of his life." 2006 WL 1390423, at *2, 4.

## III. <u>Conclusion</u>

For the reasons set forth above, the Court should deny Defendants' Motion in Limine No. 5 in its entirety.

DATED: October 13, 2026

LAW OFFICES OF DALE K. GALIPO
LAW OFFICES OF PANOS LAGOS
LAW OFFICE OF SANJAY S. SCHMIDT

By */s/ Dale K. Galipo*
Dale K. Galipo
Panos Lagos
Sanjay J. Schmidt
Attorneys for Plaintiff Joshua A. Juarez