ROB BONTA, State Bar No. 202668
Attorney General of California
NORMAN D. MORRISON, State Bar No. 212090
Supervising Deputy Attorney General
DIANA ESQUIVEL, State Bar No. 202954
Deputy Attorney General
1300 I Street, Suite 125
Sacramento, CA 95814
Tel:: (916) 210-7320 | Fax: (916) 322-8288
E-mail: Diana.Esquivel@doj.ca.gov
*Attorneys for Defendant Efrain Jimenez*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **JOSHUA A. JUAREZ, individually and as successor in interest to SANTANA JUAREZ GONZALEZ, Deceased,**<br><br>Plaintiff,<br><br>**v.**<br><br>**EFRAIN JIMENEZ,**<br><br>Defendant. | No. 1:18-cv-01138-KES-EGC<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE CERTAIN OPINIONS AND TESTIMONY OF DEFENSE POLICE PRACTICES EXPERT CLARENCE CHAPMAN**<br><br>Judge: Honorable Kirk E. Sherriff<br>Trial Date: November 10, 2026<br>Action Filed: August 22, 2018 |

Defendant opposes Plaintiff's Motion in Limine No. 2 to exclude certain opinions or to limit the testimony of Defendant's retained police practices expert, Clarance Chapman, on the grounds that most of the disputed opinions are proper expert opinion when read in the context in which they were given. Plaintiff cannot select a few words and contend the statement is an improper legal conclusion. "[E]xperts are not required to treat their reports or deposition testimony as a rigid trial script. They may explain, clarify, or elaborate on the reasoning underlying disclosed opinions, so long as they do not introduce new conclusions, new theories, or materially new factual bases for opinions." *Gutzalenko v. Cty. of Richmond*, No. 22-CV-02130 EMC, 2026 WL 102608, *6 (N.D. Cal. Jan. 14, 2026).

Plaintiff's attorneys chose not to depose Mr. Chapman, and now seek to exclude select opinions that could have been clarified or explained at his deposition.

**Legal Conclusions**. Plaintiff cherry picks numerous terms or phrases Mr. Chapman uses, without showing their context. (Mot. 3:21-27, 4:12-18.) Indeed, each "conclusion" Plaintiff complains about is explained in Mr. Chapman's report, including the material relied on to form that opinion, under "Section V. Reasons and Basis for Opinion." (Chapman Report at p. 6, attached as Ex. A to Schmidt Decl., ECF No. 116-2.) The opinions Plaintiff identifies in his motion are not legal conclusions but proper opinions based on the his expertise and materials reviewed to support that opinion. An expert's "opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a). However, Courts have found police practices opinions on the threat posed by a suspect to be admissible, and not a legal conclusion. *Willis v. City of Fresno*, 680 F. App'x 589, 591 (9th Cir. 2017) (finding that the court did not abuse its discretion in admitting plaintiffs' police practices expert's testimony that the suspect no longer pose a threat when the officer fired the final shots); *Est. of Elkins v. Pelayo*, No. 1:13-CV-1483 AWI SAB, 2022 WL 1123117, at *3 (E.D. Cal. Apr. 14, 2022) (permitting opinion regarding the threat, or lack thereof posed by the decedent was permissible if expert had a basis in fact and law enforcement understanding, practices, and standards to give such opinion); *Castro v. Cnty. of L.A.*, No. 2:13-CV-06631–CAS(SSX), 2015 WL 4694070, at *14 (C.D. Cal. Aug. 3, 2015) (finding plaintiff's police practices expert's opinion, that a similarly trained officer would not have considered the decedent to be a lethal threat, was not an impermissible legal conclusion).

**Opinion No. 3 re "Active Shooter."** Defendant is agreeable to limiting his testimony concerning this opinion to "possible" or "potential" active shooter scenario. As Mr. Chapman explains in his report, his opinion is based on Defendant Jimenez's testimony that, based on his (Jimenez's) collective knowledge, Decedent had committed a violent felony when he carjacked a mother and child at gun point, and was now running towards a group of patrons at the Red Barn that included women and children, and feared that Decedent would take hostages. (Clark Report at p. 6, ⁋ 3.) Mr. Chapman goes on to explain the officer's training on active shooter situations and POST training that informed the Defendant's to discharge his firearm and avoid creating a