ROB BONTA, State Bar No. 202668
Attorney General of California
NORMAN D. MORRISON, State Bar No. 212090
Supervising Deputy Attorney General
DIANA ESQUIVEL, State Bar No. 202954
Deputy Attorney General
1300 I Street, Suite 125
Sacramento, CA 95814
Tel:: (916) 210-7320 | Fax: (916) 322-8288
E-mail: Diana.Esquivel@doj.ca.gov
*Attorneys for Defendant Efrain Jimenez*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **JOSHUA A. JUAREZ, individually and as successor in interest to SANTANA JUAREZ GONZALEZ, Deceased,**<br><br>Plaintiff,<br><br>**v.**<br><br>**EFRAIN JIMENEZ,**<br><br>Defendant. | No. 1:18-cv-01138-KES-EGC<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3 TO EXCLUDE CUMULATIVE EXPERT TESTIMONY AT TRIAL**<br><br>Judge: Honorable Kirk E. Sherriff<br>Trial Date: November 10, 2026<br>Action Filed: August 22, 2018 |

Defendant opposes Plaintiff's Motion in Limine No. 3 because no cumulative expert testimony will be offered at trial. Foremost, Plaintiff's motion fails to specify the opinion testimony he contends will overlap with the opinions and testimony of Defendant's retained police practices expert, Clarance Chapman. Without such specificity, Defendant cannot adequately or thoroughly respond to this motion.

Further, Defendant's expert disclosure explicitly states that the testimony of Defendant Jimenez, Officer Shandara Kensey, Officer Isaac Martinez, and Officer Scott Jobinger, who were disclosed as non-retained experts, will include testimony about "CHP's and POST's policies and procedures on the use of force, including use of deadly force, that governed or impacted [their]

conduct and decisions on August 20, 2017; [their] tactical decisions in the pursuit and attempted apprehension of the Decedent; and the availability, if any, of less-than-lethal options during the pursuit of and attempted apprehension of the Decedent." (Def.'s Disclosure of Expert Witnesses ⁋⁋ 1-4, attached as Ex. C to Schmidt Decl., ECF No. 116-4.) The disclosure further provides that the officers' "testimony will be substantially similar to the testimony [they] provided at [their] deposition" to the extent questions were asked on these subject matters. (*Id*.) Each officer's testimony, to the extent it may fall under expert testimony under Federal Rule of Evidence 702, will be limited to explain or justify his own actions, reasoning, or tactics. This is not the same testimony or opinions Mr. Chapman is expected to offer at trial. Thus, the testimony of the officers will not be cumulative.[1]

To the extent Plaintiff's counsel believes any officer's testimony is cumulative, the attorney can object at the time of the officer's testimony.

For these reasons, the Court should deny this motion or, alternatively, reserve ruling until such time as the officer testifies.

Dated: October 13, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General

***/s/ Diana Esquivel***

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendant Jimenez*

SA2018302522
45382639

[1] Lieutenant Clay was disclosed as a non-retained expert related to his investigation into Defendant's use of lethal force. (Def.'s Disclosure of Expert Witnesses ⁋ 5.) The parties agreed not to introduce evidence of the State's findings that Defendant's use of force was not criminal, was reasonable, was justified, or was within policy (except as relied on by Mr. Chapman in forming his opinions), such that Clay's testimony, if needed, may be limited to authenticating investigation material. Defendant requests that the Court defer ruling on this motion as it pertains to Clay until he testifies.