ROB BONTA, State Bar No. 202668
Attorney General of California
NORMAN D. MORRISON, State Bar No. 212090
Supervising Deputy Attorney General
DIANA ESQUIVEL, State Bar No. 202954
Deputy Attorney General
1300 I Street, Suite 125
Sacramento, CA 95814
Tel:: (916) 210-7320 | Fax: (916) 322-8288
E-mail: Diana.Esquivel@doj.ca.gov
*Attorneys for Defendant Efrain Jimenez*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **JOSHUA A. JUAREZ, individually and as successor in interest to SANTANA JUAREZ GONZALEZ, Deceased,**<br><br>Plaintiff,<br><br>**v.**<br><br>**EFRAIN JIMENEZ,**<br><br>Defendant. | No. 1:18-cv-01138-KES-EGC<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE CERTAIN OPINIONS AND TESTIMONY OF DEFENSE POLICE PRACTICES EXPERT CLARENCE CHAPMAN**<br><br>Judge: Honorable Kirk E. Sherriff<br>Trial Date: November 10, 2026<br>Action Filed: August 22, 2018 |

Defendant opposes Plaintiff's Motion in Limine No. 2 to exclude certain opinions or to limit the testimony of Defendant's retained police practices expert, Clarance Chapman, on the grounds that most of the disputed opinions are proper expert opinion when read in the context in which they were given. Plaintiff cannot select a few words and contend the statement is an improper legal conclusion. "[E]xperts are not required to treat their reports or deposition testimony as a rigid trial script. They may explain, clarify, or elaborate on the reasoning underlying disclosed opinions, so long as they do not introduce new conclusions, new theories, or materially new factual bases for opinions." *Gutzalenko v. Cty. of Richmond*, No. 22-CV-02130 EMC, 2026 WL 102608, *6 (N.D. Cal. Jan. 14, 2026).

Plaintiff's attorneys chose not to depose Mr. Chapman, and now seek to exclude select opinions that could have been clarified or explained at his deposition.

**Legal Conclusions**. Plaintiff cherry picks numerous terms or phrases Mr. Chapman uses, without showing their context. (Mot. 3:21-27, 4:12-18.) Indeed, each "conclusion" Plaintiff complains about is explained in Mr. Chapman's report, including the material relied on to form that opinion, under "Section V. Reasons and Basis for Opinion." (Chapman Report at p. 6, attached as Ex. A to Schmidt Decl., ECF No. 116-2.) The opinions Plaintiff identifies in his motion are not legal conclusions but proper opinions based on the his expertise and materials reviewed to support that opinion. An expert's "opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a). However, Courts have found police practices opinions on the threat posed by a suspect to be admissible, and not a legal conclusion. *Willis v. City of Fresno*, 680 F. App'x 589, 591 (9th Cir. 2017) (finding that the court did not abuse its discretion in admitting plaintiffs' police practices expert's testimony that the suspect no longer pose a threat when the officer fired the final shots); *Est. of Elkins v. Pelayo*, No. 1:13-CV-1483 AWI SAB, 2022 WL 1123117, at *3 (E.D. Cal. Apr. 14, 2022) (permitting opinion regarding the threat, or lack thereof posed by the decedent was permissible if expert had a basis in fact and law enforcement understanding, practices, and standards to give such opinion); *Castro v. Cnty. of L.A.*, No. 2:13-CV-06631–CAS(SSX), 2015 WL 4694070, at *14 (C.D. Cal. Aug. 3, 2015) (finding plaintiff's police practices expert's opinion, that a similarly trained officer would not have considered the decedent to be a lethal threat, was not an impermissible legal conclusion).

**Opinion No. 3 re "Active Shooter."** Defendant is agreeable to limiting his testimony concerning this opinion to "possible" or "potential" active shooter scenario. As Mr. Chapman explains in his report, his opinion is based on Defendant Jimenez's testimony that, based on his (Jimenez's) collective knowledge, Decedent had committed a violent felony when he carjacked a mother and child at gun point, and was now running towards a group of patrons at the Red Barn that included women and children, and feared that Decedent would take hostages. (Clark Report at p. 6, ⁋ 3.) Mr. Chapman goes on to explain the officer's training on active shooter situations and POST training that informed the Defendant's to discharge his firearm and avoid creating a

possible active shooter situation had Decedent reached the Red Barn. This is permissible expert testimony based on facts known to Defendant and training he received on hostage situations. Mr. Chapman's opinion and reasoning does not invade the jury's purview, as Plaintiff argues, but provides an explanation, for the jury's consideration, that Defendant's decision to shoot Decedent was based on sound policy, procedures, and training.

**Defendant Jimenez's State of Mind and Vouching.** Contrary to Plaintiff's contention, Mr. Chapman does not speculate as to Defendant's state of mind nor is he vouching for the officer. Mr. Chapman refers to and cites to the incident material and deposition testimony in support of his statements regarding Defendant's actions and thought processes, including applying Defendant's testimony and statements to the applicable law-enforcement standards for the use of force . (*See* Clark Report at p. 7, ¶ 8, pp. 8-9, ¶¶ 9-10.) Federal Rule of Evidence 703 allows an expert to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" as long as "experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject." Fed. R. Evid. 703; *see also*, Fed. R. Evid. 702 Advisory Comm. Note 2000 Amendment ("When facts are in dispute, experts sometimes reach different conclusions base don competing versions of the facts. The emphasis in the amendment on 'sufficient facts or data' is not intended to authorize a trial court to exclude an expert's testimony on the ground that the court believes one version of the facts and not the other."). Rule 702's inquiry is "whether an expert had sufficient factual grounds on which to draw [his] conclusions," not whether the expert's conclusion is correct or corroborated by other evidence in the record. *Elosu v. Middlefork Ranch Inc*., 26 F.4th 1017, 1025-1026 (9th Cir. 2022) (internal quotations marks and citations omitted). Thus, Mr. Chapman's testimony is not speculative or irrelevant.

Further, nowhere in Mr. Chapman's report does he refer to or address Defendant Jimenez's credibility or vouch for Defendant's credibility. (*See generally*, Clark Report at pp. 1-19.) Mr. Chapman's opinions do not invade the jury's province, as Plaintiff argues, because the jury still needs to determine whether Defendant Jimenez's account of what transpired is credible.

**Opinions Based on After-Acquired Findings.** Plaintiff next seeks to exclude Mr. Chapman's testimony about information unknown to the officer at the time of incident, such as the gun and ammunition subsequently found. A peace officer is permitted to introduce evidence of facts that were unknown to him at the time of the incident where such facts corroborate or increase the likelihood of the existence of facts that were observed and relied upon by the officer in the officer's decision to use force during the incident. *Boyd v. Cty. and Cnty. of S.F.*, 576 F.3d 938, 944 (9th Cir. 2009); *see also, Graham, v. Connor*, 490 U.S. 385, 399, n. 12 (1980) (stating that factfinder may consider outside evidence "in assessing the credibility of an officer's account of the circumstances that prompted the use of force"); *Estate of Chum v. Cty. of L.A.*, 585 Fed. Appx. 435, 436 (9th Cir. 2014) (citing *Boyd, supra*, 576 F3d at 943-945 ("Because the challenged testimony made [defendant's] account more probable, the testimony was relevant, and the district court did not abuse its discretion by admitting it"). Thus, in an excessive force case, such as this, "where what the officer perceived **just prior to the use of force** is in dispute, evidence that may support one version of events over another is relevant and admissible." *Boyd*, 576 F.3d at 944 (emphasis added).

Contrary to Plaintiff's contention in his motion, the evidence will show that a "shots fired" announcement was made over the police radio, which all the involved officers heard, including Defendant Jimenez, before Defendant shot the Decedent. The evidence will further show that Officer Kensey saw the outline of gun in Decedent's pants pocket when he encountered Decedent on the road near the orchard and transmitted that information over the radio, which Defendant heard. The evidence will further show that the next morning a gun matching the description of the one Decedent used during the car jacking was located in the orchard where Decedent traversed while fleeing from the officers. This evidence is admissible under *Boyd* because it supports and corroborates Defendant's belief that Decedent still had a gun at the time of the shooting. Mr. Chapman's opinions concerning the reasonableness of the Defendant's actions are based on Defendant's testimony and totality of the circumstances Defendant encountered. Thus, Mr. Chapman's testimony regarding this after-the-fact information is admissible. (Defendant agrees that Mr. Chapman will not testify about the purpose of wrapping the gun grip with duct tape.)

**Trajectory and Alcohol/Drug Levels.** Mr. Chapman will not offer any opinion regarding bullet trajectory or the levels of alcohol and methamphetamine in Decedent's body. However, he is permitted to testify about what he observed in the video and photographic evidence to explain the basis for his opinions. *L.C. v. California*, No. 5:22-cv-00949-KK-SHK, 2025 WL 1497591, *8 (C.D. Cal. May 12, 2025) (finding that police practices expert may testify to what he observed in the videos to explain the basis for his opinions on the relevant police actions).

**Opinions of Governing Legal Standard.** Mr. Chapman does not intend to offer any opinion about the law or legal standards. The Court will instruct the jury on the applicable law. The opinions Plaintiff takes issue with are not misstatements of the law. They are Mr. Chapman's opinions in plain or alternate terms when the disputed phrases or words are considered in the context in which they were offered, and Mr. Chapman's statement are consistent with the applicable legal standards. For example, in his report, Mr. Chapman states:

> 16. The mere presence of danger is not sufficient in and of itself to justify the use of deadly force. According to California POST guidelines, *there must be a sufficiency of fear in order to justify and support the use of deadly force*. [Footnote 11 POST LD #20, Chapter 4 – Use of Deadline Force, page 3-18.] In this case, it was the actions of Juarez in advancing on innocent civilians while reasonably believed to be armed with a gun and evading police capture that *sufficiently excited fear* and concern in Officer Jimenez for the lives and safety of others. This circumstance sufficiently justified Officer Jimenez's objectively reasonable decision to deploy deadly force when he believed that Juarez was in a position, and had the present ability, to access and harm potential victims. [Disputed opinions italicized.]

Mr. Chapman's opinions when read in their entirety are consistent with Fourth Amendment standards. The "sufficiency of fear" are the objective factors consisting of Decedent "advancing on innocent civilians while reasonably believed to be armed with a gun" and having the "present ability, to access and harm potential victims." Mr. Chapman can clarify his opinion at trial and conform his terminology with legal standards, if needed. Mr. Chapman's use of different or alternate terminology is not grounds to exclude his testimony, especially when the basis for his opinion is already known to Plaintiff.

Similarly, Mr. Chapman cites POST Learning Domain #20: Chapter 4 – Use of Deadly Force concerning his opinion or statement regarding "imminent danger." Plaintiff takes issue with his statement that "imminent danger is not limited to 'immediate' or 'instantaneous.'" (Pl.'s Mot.

10:13-14; Clark Report at p. 7, ⁋ 5.) But case law indicates that "there is not a material distinction between an 'immediate threat' and an 'imminent threat' for purposes of deadly force and the Fourth Amendment." *Murrietta-Golding v. Cty. of Fresno*, No. 1:18-CV-0314 AWI-SKO, 2020 WL 6075757, * 9 n.10 (E.D. Cal. Oct. 15, 2020). Thus, Mr. Chapman's statement is not inconsistent with legal authorities. To the extent any confusion exists, he can clarify his statements at trial.

The remainder of Mr. Chapman's statements Plaintiff disputes in this portion of the motion are select phrases taken out of context to create ambiguity where none exists when those phrases are read in context. To the extent any statement is confusing or questionable, Mr. Chapman can explain or clarify his opinion or statement at trial. A wholesale exclusion of his testimony is unwarranted.

Plaintiff's remaining arguments to exclude Mr. Chapman's testimony are already addressed or covered by the above arguments:

• Defendant already agrees that Mr. Chapman will not offer an opinion about the wrapping of the gun grip (resolving Section G regarding improper character evidence).

• Mr. Chapman's opinions based on Defendant's statements and testimony and other incident material are proper and admissible such that there is no vouching or advancing of Defendant's purported hearsay (addressing Sections H and I of the motion).

• Mr. Chapman is not interpreting video or photographic evidence; he is merely stating what he saw in such evidence which is permissible testimony to explain the basis for his opinions (addressing Section J of the motion).

• Mr. Chapman was properly and timely disclosed as a rebuttal expert and his rebuttal report is a response to Plaintiff's expert's opinions (addressing Section K of the motion). Defendant's Motion in Limine No. 4 seeks to limit Plaintiff expert's testimony concerning CHP's purported endorsement or ratification of dangerous or out-of-policy tactics. (ECF No. 121.) If the Court grants Defendant's motion or Plaintiff agrees to limit the testimony of his expert such that Mr. Chapman need not rebut that testimony, this issue will be moot. However, if Plaintiff's expert

is permitted to opine that CHP endorsed dangerous tactics, Defendant is entitled to rebut that opinion with his expert's testimony.

Dated: October 13, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General

***/s/ Diana Esquivel***

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendant Jimenez*

SA2018302522
45382667