**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

**Panos Lagos, Esq. / SBN 61821**
**LAW OFFICES OF PANOS LAGOS**
6569 Glen Oaks Way
Oakland, CA 94611
510.530.4078
510.530.4725 (FAX)
E-mail: panos@panoslagoslaw.com

**Sanjay S. Schmidt (SBN 247475)**
**LAW OFFICE OF SANJAY S. SCHMIDT**
1388 Sutter Street, Suite 810
San Francisco, CA 94109
Tel. (415) 563-8583
Fax (415) 223-9717
Email: ss@sanjayschmidtlaw.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

JOSHUA A. JUAREZ, individually and as successor in interest to SANTANA JUAREZ GONZALEZ, Deceased;

Plaintiffs,

v.

State of California Highway Patrol Officer EFRAIN JIMENEZ (ID#18075), individually; A;J, a minor, through her mother and Next Friend, SELENE RAMOS, individually and as successor in interest for SANTANA JUAREZ GONZALEZ, Deceased; and DOES 1 to 100, jointly and severally;

Defendants.

Case No. 1:18-cv-01138-KES-SKO

**JOINT PROPOSED JURY INSTRUCTIONS**

**TO THE HONORABLE COURT**:

Pursuant to the Court's Tentative Pretrial Order (Doc. No. 111), the parties hereby submit their Joint Proposed Jury Instructions.

Respectfully submitted,

DATED: October 30, 2026

LAW OFFICES OF DALE K. GALIPO
LAW OFFICES OF PANOS LAGOS
LAW OFFICE OF SANJAY S. SCHMIDT

*/s/ Dale K. Galipo*

Dale K. Galipo
Panos Lagos
Sanjay J. Schmidt
Attorneys for Plaintiff Joshua Juarez (J.A.J.)

DATED: October 30, 2026

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General

*/s/ Diana Esquivel (as authorized on 10/30/2026)*

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendant Jimenez*

# TABLE OF CONTENTS


| Number | Title | Source | Page No. |
|---|---|---|---|
| 1. | Duty of Jury | 9th Cir. 1.3 | 1 |
| 2. | Burden of Proof | 9th Cir. 1.6 | 2 |
| 3. | What is Evidence | 9th Cir. 1.9 | 3 |
| 4. | What is Not Evidence | 9th Cir. 1.10 | 4 |
| 5. | Evidence for a Limited Purpose | 9th Cir. 1.11 | 5 |
| 6. | Direct and Circumstantial Evidence | 9th Cir. 1.12 | 6 |
| 7. | Ruling on Objections | 9th Cir. 1.13 | 7 |
| 8. | Credibility of Witnesses | 9th Cir. 1.14 | 8 |
| 9. | Conduct of the Jury | 9th Cir. 1.15 | 10 |
| 10. | No Transcript Available to Jury | 9th Cir. 1.17 | 12 |
| 11. | Taking Notes | 9th Cir. 1.18 | 13 |
| 12. | Questions to Witnesses by Jurors | 9th Cir. 1.19 | 14 |
| 13. | Bench Conferences and Recesses | 9th Cir. 1.20 | 15 |
| 14. | Outline of Trial | 9th Cir. 1.21 | 16 |
| 15. | Cautionary | 9th Cir. 2.1 | 17 |
| 16. | Stipulations of Fact | 9th Cir. 2.2 | 18 |
| 17. | Expert Opinion | 9th Cir. 2.13 | 19 |
| 18. | Charts and Summaries Received in Evidence | 9th Cir. 2.15 | 20 |
| 19. | Charts and Summaries Not Received in Evidence | 9th Cir. 2.16 | 21 |
| 20. | Evidence in Electronic Format | 9th Cir. 2.17 | 22 |
| 21. | 1983 Claim—Introductory Instruction | 9th Cir. 9.1 | 23 |
| 22. | 1983 Claims Against Individual Defendants | 9th Cir. 9.3 | 24 |
| 23. | Causation—Substantial Factor | CACI 430 | 25 |
| 24. | Causation—Multiple Causes | CACI 431 | 26 |
| 25. | Duty to Deliberate | 9th Cir. 3.1 | 27 |
| 26. | Consideration of Evidence—Conduct of the Jury | 9th Cir. 3.2 | 28 |
| 27. | Communication with Court | 9th Cir. 3.3 | 30 |
| 28. | Return of Verdict | 9th Cir. 3.5 | 31 |

**JOINT PROPOSED INSTRUCTION NO. 1**

Duty of Jury

Members of the jury: You are now the jury in this case. It is my duty to inform you of the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of trial I will give you final instructions. It is the final instructions that will govern your duties.

Pleased do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 1.3 (June 2026).

**JOINT PROPOSED INSTRUCTION NO. 2**

Burden of Proof – Preponderance of the Evidence

When a party has the burden of proof on any claim by a preponderance of evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Source: Ninth Circuit Manual of Model Civil Jury Instructions No. 1.6 (June 2026).

**JOINT PROPOSED INSTRUCTION NO. 3**

What is Evidence

The evidence you are to consider in deciding what facts are consists of:

1. the sworn testimony of any witness;
2. the exhibits which are admitted into evidence;
3. any facts to which the lawyers have agreed; and
4. any facts that I may instruct you to accept as proved.

Source: Ninth Circuit Manual of Model Civil Jury Instructions No. 1.9 (June 2026).

**JOINT PROPOSED INSTRUCTION NO. 4**

What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No.1.10 (June 2026).

**JOINT PROPOSED INSTRUCTION NO. 5**

Evidence for a Limited Purpose

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

Source: Ninth Circuit Manual of Model Jury Civil Instructions, No. 1.11 (June 2026).

**JOINT PROPOSED INSTRUCTION NO. 6**

Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 1.12 (June 2026).

**JOINT PROPOSED INSTRUCTION NO. 7**

Ruling on Objections

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that this is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the stricken evidence for any purpose.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 1.13 (June 2026).

**JOINT PROPOSED INSTRUCTION NO. 8**

Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 1.14 (June 2026).

**JOINT PROPOSED INSTRUCTION NO. 9**

Conduct of the Jury

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people

involved – including the parties, the witnesses or the lawyers – until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on the evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested throughout the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial but an impartial jury, and if you decide the case based on the information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately, by sending a note through the clerk signed by any one or more of you.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 1.15 (June 2026).

**JOINT PROPOSED INSTRUCTION NO. 10**

No Transcript Available to Jury

I urge you to pay close attention to the testimony as it is given. During deliberations, you will not have a transcript of the trial testimony.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 1.17 (June 2026).

**JOINT PROPOSED INSTRUCTION NO. 11**

Taking Notes

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 1.18 (June 2026).

**JOINT PROPOSED INSTRUCTION NO. 12**

Questions to Witnesses by Jurors

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 1.19 (June 2026).

**JOINT PROPOSED INSTRUCTION NO. 13**

Bench Conferences and Recesses

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 1.20 (June 2026).

**JOINT PROPOSED INSTRUCTION NO. 14**

Outline of Trial

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 1.21 (June 2026).

**JOINT PROPOSED INSTRUCTION NO. 15**

Cautionary

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the Internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 2.1 (June 2026).

**JOINT PROPOSED INSTRUCTION NO. 16**

Stipulations of Fact

The parties have agreed to certain facts that will be read to you. You must therefore treat these facts as having been proved.

(1) The incident occurred on August 20, 2017.

(2) Defendant Efrain Jimenez was assigned to patrol the southeast area of Madera County on August 20, 2017.

(3) At all relevant times during the incident, Defendant Efrain Jimenez was acting within the course and scope of his employment as a California Highway Patrol officer.

(4) At all relevant times during the incident, Defendant Efrain Jimenez was acting under color of state law.

(5) Defendant Efrain Jimenez discharged his firearm twice at decedent Santana Juarez Gonzalez.

(6) Decedent Santana Juarez Gonzalez was struck twice in the back.

(7) Decedent Santana Juarez Gonzalez died at the scene as a result of his gunshot wounds.

(8) A gun was not found on Decedent Santana Juarez Gonzalez's person after he was shot.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 2.2 (June 2026).

**JOINT PROPOSED INSTRUCTION NO. 17**

Expert Opinion

You are about to hear testimony from Roger Clark, Paul Kealoha-Blake[1], Dr. Mark Super, and Clarence Chapman who will testify to opinions and reasons for their opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons for the opinion, and all the other evidence in the case.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 2.14 (June 2026).

---

[1] The parties' inclusion of expert Paul Kealoha-Blake in this instruction does not constitute a waiver on behalf of Defendant regarding Mr. Kealoha-Blake's testimony and any demonstratives he has prepared. Defendant maintains his objections to the exhibits prepared by Mr. Kealoha-Blake as stated in Defendant's Objections to Plaintiff's Trial Exhibits (Doc. No. 136) and reserves the right to assert objections to Mr. Kealoha-Blake testimony at trial.

**JOINT PROPOSED INSTRUCTION NO. 18**

Charts and Summaries Not Received in Evidence

Certain charts, summaries, *demonstrative diagrams and videos* may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. These demonstrative materials are only as good as the underlying evidence that supports them. You should, therefore, given them only such weight as you think the underlying evidence deserves.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 2.15 (June 2026) (modified).

**JOINT PROPOSED INSTRUCTION NO. 19**

Charts and Summaries Received in Evidence

Certain charts and summaries may be admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 2.16 (June 2026).

**JOINT PROPOSED INSTRUCTION NO. 20**

Evidence in Electronic Format

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the clerk. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 2.17.

**JOINT PROPOSED INSTRUCTION NO. 21**

Section 1983 Claim – Introductory Instruction

The plaintiff brings his *Fourth Amendment claim for excessive force* under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 9.1 (modified to show that only Plaintiff's federal claim is being brough under federal statute).

**JOINT PROPOSED INSTRUCTION NO. 22**

Section 1983 Claim against Defendants in Individual Capacity—Elements and Burden of Proof

In order to prevail on his § 1983 claim for excessive force against defendant Efrain Jimenez, the plaintiff must prove each of the following elements by a preponderance of the evidence:

First, the defendant Efrain Jimenez acted under color of state law; and

Second, the acts of the defendant Efrain Jimenez deprived the decedent Santana Juarez Gonzalez of particular rights under the United States Constitution as explained in later instructions; and

Third, the defendant Efrain Jimenez's conduct was an actual cause of the claimed injury.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that the defendant Efrain Jimenez acted under color of state law.

The defendant's conduct is an actual cause of decedent Santana Juarez Gonzalez's injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he required to prove under Instruction No. 24, your verdict should be for the plaintiff on the Fourth Amendment claim. If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant on the Fourth Amendment claim.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 9.3 (June 2026) (modified to reflect that Plaintiff only has a Fourth Amendment claim under § 1983).

**JOINT PROPOSED INSTRUCTION NO. 23**

Causation—Substantial Factor

This instruction only applies to the plaintiff's claims for battery, negligence, and violation of the Bane Act. A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

Source: CACI 430.

**JOINT PROPOSED INSTRUCTION NO. 24**

Causation—Multiple Causes

A person's conduct may combine with another factor to cause harm. If you find that any of defendant Efrain Jimenez's conduct was a substantial factor in causing decedent Santana Juarez Gonzalez's injuries, then defendant Efrain Jimenez is responsible for the injuries. Defendant Efrain Jimenez cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing decedent Santana Juarez Gonzalez's injuries.

Source: CACI 431.

**JOINT PROPOSED INSTRUCTION NO. 25**

Duty to Deliberate

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and speak for the jury here in court.

You shall diligently strive to reach an agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the disucssion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 3.1 (June 2026).

**JOINT PROPOSED INSTRUCTION NO. 26**

Consideration of Evidence—Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications,

then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

<u>Source</u>: Ninth Circuit Manual of Model Jury Civil Instructions No. 3.2 (June 2026).

**JOINT PROPOSED INSTRUCTION NO. 27**

Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 3.3 (June 2026).

**JOINT PROPOSED INSTRUCTION NO. 28**

Return of Verdict

A verdict form has been prepared for you. *The form contains questions about the plaintiff's claims against the defendant.* After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form to your deliberations, sign and date it, and advise the marshal that you are ready to return to the courtroom.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 3.5 (June 2026) (modified to explain verdict form).