**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

**Panos Lagos, Esq. / SBN 61821**
**LAW OFFICES OF PANOS LAGOS**
6569 Glen Oaks Way
Oakland, CA 94611
510.530.4078
510.530.4725 (FAX)
E-mail: panos@panoslagoslaw.com

**Sanjay S. Schmidt (SBN 247475)**
**LAW OFFICE OF SANJAY S. SCHMIDT**
1388 Sutter Street, Suite 810
San Francisco, CA 94109
Tel. (415) 563-8583
Fax (415) 223-9717
Email: ss@sanjayschmidtlaw.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSHUA A. JUAREZ, individually and as successor in interest to SANTANA JUAREZ GONZALEZ, Deceased;<br><br>Plaintiffs,<br><br>v.<br><br>State of California Highway Patrol Officer EFRAIN JIMENEZ (ID#18075), individually; A;J, a minor, through her mother and Next Friend, SELENE RAMOS, individually and as successor in interest for SANTANA JUAREZ GONZALEZ, Deceased; and DOES 1 to 100, jointly and severally;<br><br>Defendants. | Case No. 1:18-cv-01138-KES-SKO<br><br>**PLAINTIFF'S AMENDED PROPOSED JURY INSTRUCTIONS** |

**TO THE HONORABLE COURT**:

Pursuant to the Court's Tentative Pretrial Order (Doc. No. 111), Plaintiff hereby submits his Amended Proposed Jury Instructions. Plaintiff's Amended Proposed Jury Instruction supersedes Plaintiff's previously filed Proposed Jury Instructions (Doc No. 141) and renders the previously filed Proposed Jury Instructions moot.

Respectfully submitted,

DATED: October 30, 2026

LAW OFFICES OF DALE K. GALIPO
LAW OFFICES OF PANOS LAGOS
LAW OFFICE OF SANJAY S. SCHMIDT

*/s/ Dale K. Galipo*

Dale K. Galipo
Panos Lagos
Sanjay J. Schmidt
Attorneys for Plaintiff Joshua Juarez (J.A.J.)

# TABLE OF CONTENTS


| Number | Title | Source | Page No. |
|---|---|---|---|
| 1. | Claims and Defenses | 9th Cir. 1.5 | 1 |
| 2. | Fourth Amendment—Unreasonable Seizure—Excessive Force | 9th Cir. 9.27 | 2 |
| 3. | Battery by a Peace Officer (Deadly Force)—Essential Factual Elements | CACI 1305B | 4 |
| 4. | Negligence—Essential Factual Elements | CACI 400 | 6 |
| 5. | Basic Standard of Care | CACI 401 | 7 |
| 6. | Negligent Use of Deadly Force by Peace Officer—Essential Factual Elements | CACI 441 | 8 |
| 7. | Bane Act—Essential Elements | CACI 3066 | 10 |
| 8. | Damages—Proof and Types | 9th Cir. 5.1, 5.2; CACI 3905A. 3921. | 11 |
| 9. | Punitive Damages—Predicate Question | 9th Cir. 5.5 | 12 |

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 1**

Claims and Defenses

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This case arises out of the officer-involved shooting death of decedent Santana Juarez Gonzalez on August 20, 2017 in Madera, California. The Plaintiff in this case is the decedent's son, Joshua Juarez. The Defendant is California Highway Patrol Officer Efrain Jimenez. Plaintiff contends that Defendant Efrain Jimenez used excessive and unreasonable deadly force against decedent Santana Juarez Gonzalez. Plaintiff also contends that Defendant Efrain Jimenez was negligent in his conduct with the decedent.

Defendant Efrain Jimenez denies these claims and contends that his use of force and conduct were reasonable under the circumstances.

Source: Ninth Circuit Manual of Model Civil Jury Instructions No. 1.5 (June 2026).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 2**

Fourth Amendment—Unreasonable Seizure—Excessive Force

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or defending himself. Therefore, in order to prove an unreasonable seizure by excessive force in this case, the plaintiff must prove by a preponderance of the evidence that the defendant Efrain Jimenez used excessive force when he shot decedent Santana Juarez Gonzalez.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether defendant Efrain Jimenez used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

1. The nature of the crime or other circumstances known to defendant Efrain Jimenez at the time the force was applied;
2. Whether decedent Santana Juarez Gonzalez posed an immediate threat *of death or serious bodily injury* to defendant Efrain Jimenez or to others at the time *deadly* force was applied;
3. Whether decedent Santana Juarez Gonzalez was actively resisting arrest or attempting to evade arrest by flight;
4. The amount of time the officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;
5. The relationship between the need for the use of force and the amount of force used;
6. The extent of decedent Santana Juarez Gonzalez's injury;
7. Any effort made by defendant Efrain Jimenez to temper or limit the amount of force;

8. The severity of the security problem at issue;

9. The availability of alternative methods to take decedent Santana Juarez Gonzalez into custody;

10. The number of lives at risk, for example motorists, pedestrians, and police officers, and the parties' relative culpability, that is which party created the dangerous situation, and which party is more innocent;

11. Whether it was practical for defendant Efrain Jimenez to give warning of the imminent use of force, and whether such warning was given;

12. Whether a reasonable officer would have or should have accurately perceived a mistaken fact;

13. Whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm.

"Probable cause" exists when, under all of the circumstances known to the officer at the time, an objectively reasonable police officer would conclude there is a fair probability that the suspect has committed or was committing a crime.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 9.27 (June 2026) (modified); *Tabares v. City of Huntington Beach*, 988 F.3d 1119, 1126 (9th Cir. 2021) ("Under federal law, deadly force can be reasonable only if the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others." (internal quotation marks omitted); *A. K. H v. City of Tustin*, 837 F.3d 1005, 1012 (9th Cir. 2016) (determining that "perhaps most important" was that the officer at issue "escalated to deadly force very quickly").

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 3**

Battery by a Peace Officer (Deadly Force)—Essential Factual Elements

A peace officer may use deadly force only when necessary in defense of a human life. The plaintiff claims that defendant Efrain Jimenez unnecessarily used deadly force on decedent Santana Juarez Gonzalez. To establish this claim, the plaintiff must prove all of the following:

1. That the officer intentionally shot decedent Santana Juarez Gonzalez;
2. That the officer used deadly force on decedent Santana Juarez Gonzalez;
3. That the officer's use of deadly force was not necessary to defend human life;
4. That decedent Santana Juarez Gonzalez killed; and
5. That the officer's use of deadly force was a substantial factor in causing decedent Santana Juarez Gonzalez's death.

Defendant Efrain Jimenez's use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by defendant Efrain Jimenez at the time, that deadly force was necessary to defend against an imminent threat of death or serious bodily harm to defendant Efrain Jimenez and/or to another person.

A person being arrested or detained has a duty not to use force to resist the peace officer unless the peace officer is using unreasonable force.

"Deadly force" means any use of force that creates a substantial risk of causing death or serious bodily injury, including, but not limited to, the discharge of a firearm.

A threat of death or serious bodily injury is "imminent" when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to the peace officer at the time,

including the conduct of the defendant Efrain Jimenez and decedent Santana Juarez Gonzalez leading up to the use of deadly force. In determining whether defendant Efrain Jimenez's use of deadly force was necessary in defense of human life, you must consider defendant Efrain Jimenez's tactical conduct and decisions before using deadly force on decedent Santana Juarez Gonzalez and whether defendant Efrain Jimenez used other available resources and techniques as alternatives to deadly force, if it was reasonably safe and feasible to do so.

A police officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested resists or threatens to resist. Tactical repositioning or other de-escalation tactics are not retreat. A peace officer does not lose the right to self-defense by using objectively reasonable force to arrest/detain or prevent escape. A peace officer does, however, have a duty to use reasonable tactical repositioning or other de-escalation tactics.

Source: CACI 1305B.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 4**

Negligence—Essential Elements

The plaintiff claims that decedent Santana Juarez Gonzalez was harmed by the negligence of defendant Efrain Jimenez. To establish this claim, the plaintiff must prove all of the following:

1. That the defendant Efrain Jimenez was negligent;
2. That decedent Santana Juarez Gonzalez was harmed; and
3. That defendant Efrain Jimenez's negligence was a substantial factor in causing decedent Santana Juarez Gonzalez's injury, damage, loss, or harm.

Source: CACI 400.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 5**

Basic Standard of Care

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or by failing to act. A person is negligent if that person does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in the defendant Efrain Jimenez's situation.

Source: CACI 401.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 6**

Negligent Use of Deadly Force by Peace Officer—Essential Factual Elements

A peace officer may use deadly force only when necessary in defense of human life. The plaintiff claims that defendant Efrain Jimenez was negligent in using deadly force to arrest decedent Santana Juarez Gonzalez. To establish this claim, the plaintiffs must prove all of the following:

1. That defendant Efrain Jimenez was a peace officer;
2. That defendant Efrain Jimenez used deadly force on decedent Santana Juarez Gonzalez;
3. That defendant Efrain Jimenez's use of deadly force was not necessary to defend human life;
4. That decedent Santana Juarez Gonzalez was killed;
5. That defendant Efrain Jimenez's use of deadly force was a substantial factor in causing decedent Santana Juarez Gonzalez's death.

Defendant Efrain Jimenez's use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by defendant Efrain Jimenez at the time, that deadly force was necessary to defend against an imminent threat of death or serious bodily injury to defendant Efrain Jimenez and/or another person.

A person being detained has a duty not to use force to resist a peace officer unless the peace officer is using unreasonable force.

"Deadly force" is force that creates a substantial risk of causing death or serious bodily injury. It is not limited to the discharge of a firearm.

A threat of death or serious bodily injury is "imminent" if, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or to another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to or perceived by the peace officer at the time, including the conduct of defendant Efrain Jimenez and decedent Santana Juarez Gonzalez leading up to the use of deadly force. In determining whether defendant Efrain Jimenez's use of deadly force was necessary in defense of human life, you must consider defendant Efrain Jimenez's tactical conduct and decisions before using deadly force on decedent Santana Juarez Gonzalez and whether defendant Efrain Jimenez used other available resources and techniques as alternatives to deadly force, if it was reasonably safe and feasible to an objectively reasonable officer.

A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other deescalation tactics are not retreat. A peace officer does not lose the right to self-defense by using objectively reasonable force to detain. A peace officer does, however, have a duty to use reasonable tactical repositioning or other de-escalation tactics.

<u>Source</u>: CACI 441.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 7**

<u>Bane Act—Essential Elements</u>

The plaintiff claims that defendant Efrain Jimenez intentionally interfered with or attempted to interfere with decedent Santana Juarez Gonzalez's civil rights by threats, intimidation, or coercion. To establish this claim, the plaintiff must prove all of the following:

1. *That defendant Efrain Jimenez used excessive force against decedent Santana Juarez Gonzalez*;
2. *That defendant Efrain Jimenez acted with a reckless disregard for decedent Santana Juarez Gonzalez's right to be free from excessive force*;
3. That decedent Santana Juarez Gonzalez was harmed; and
4. That defendant Efrain Jimenez's conduct was a substantial factor in causing decedent Santana Juarez Gonzalez's harm.

<u>Source</u>: CACI 3066 (July 2025) (elements 1 and 2 modified); *B.B. v. Cnty. of Los Angeles*, 25 Cal. App. 5th 115, 134, 235 Cal. Rptr. 3d 457, 471–72 (2018), *rev'd in other grounds*, 10 Cal. 5th 1, 471 P.3d 329 (2020) (officer deliberately subjecting a suspect "to excessive force beyond that which was necessary to make the arrest" was "coercive interference" of the suspect's civil rights under the Bane Act); *Hughes v. Rodriguez*, 31 F.4th 1211, 1224 (9th Cir. 2022) ("The elements of a Bane Act claim are essentially identical to the elements of a § 1983 claim, with the added requirement that the government official had a 'specific intent to violate' a constitutional right."); *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1045 (9th Cir. 2018) ("a reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of thos rights.").

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 8**

Damages—Proof and Types of Damages

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on any of the plaintiff's claims, you must determine the plaintiff's damages and decedent Santana Juarez Gonzalez's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff and decedent Santana Juarez Gonzalez for any injury you find was caused by defendant Efrain Jimenez.

When determining decedent Santana Juarez Gonzalez's damages, you should consider the following:

1. The nature and extent of the injuries;
2. The loss of life and enjoyment of life; and
3. The mental, physical, and emotional pain and suffering experienced prior to death.

When determining the plaintiff's damages, you should consider the following:

1. The loss of decedent Santana Juarez Gonzalez's love, companionship, comfort, care, assistance, protection, affection, society, and moral support; and
2. The loss of decedent Santana Juarez Gonzalez's training and guidance.

It is for you to determine what damages, if any, have been proved. No fixed standard exists for deciding the amount of damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

In determining the plaintiff's damages, do not consider:

1. The plaintiff's grief, sorrow, or mental anguish; or
2. The poverty or wealth of the plaintiff.

Source: Ninth Circuit Manual of Model Jury Civil Instructions Nos. 5.1, 5.2; CACI 3905A, 3921.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 9**

Punitive Damages – Predicate Question

Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the decedent. Conduct is in reckless disregard of the decedent's rights if, under the circumstances, it reflects complete indifference to the decedent's safety or rights, or the individual defendant acts in the face of a perceived risk that its actions will violate the decedent's rights under federal law. An act or omission is oppressive if the individual defendant injures or damages or otherwise violates the decedent's rights with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the decedent.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 5.5 (modified for bifurcation of entitlement and amount).