ROB BONTA, State Bar No. 202668
Attorney General of California
NORMAN D. MORRISON, State Bar No. 212090
Supervising Deputy Attorney General
DIANA ESQUIVEL, State Bar No. 202954
Deputy Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-7320
Facsimile: (916) 322-8288
E-mail: Diana.Esquivel@doj.ca.gov
*Attorneys for Defendant Efrain Jimenez*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **JOSHUA A. JUAREZ, individually and as successor in interest to SANTANA JUAREZ GONZALEZ, Deceased,**<br><br>Plaintiff,<br><br>**v.**<br><br>**EFRAIN JIMENEZ,**<br><br>Defendant. | No. 1:18-cv-01138-KES-EGC<br><br>**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**<br><br>Trial: November 10, 2026<br>Time: 8:30 a.m.<br>Courtroom: 6<br>Judge: Hon. Kirk E. Sherriff<br>Action Filed: August 22, 2018 |

Defendant Efrain Jimenez submits the following proposed jury instructions for use at trial.

Dated: October 30, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General

***/s/ Diana Esquivel***

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendant Jimenez*

SA2018302522
45432943_2

# TABLE OF CONTENTS

| | Page |
|---|---|
| No. 1: Claims and Defenses | 1 |
| No. 2: Use of Interrogatories and Requests for Admissions | 2 |
| No. 3: Particular Rights—Fourth Amendment—Unreasonable Seizure of Person—Excessive Force | 3 |
| No. 4: Battery by Peace Officer (Deadly Force)—Essential Factual Elements | 5 |
| No. 5: Bane Act—Essential Factual Elements | 7 |
| No. 6: Negligent Use of Deadly Force by Peace Officer | 8 |
| No. 7: Police Officers Forced to Make Split-Second Judgments | 10 |
| No. 8: Least Intrusive Means Not Required | 11 |
| No. 9: Officers Not Required to Wait | 12 |
| No. 10: Officers Not Required to Retreat | 13 |
| No. 11: Officers Can Act Based on Apparent Danger | 14 |
| No. 12: Determination of Reasonableness—At Moment of Use of Force | 15 |
| No. 13: Pre-Shooting Conduct Does Not Negate Reasonableness of Force | 16 |
| No. 14: Willful Resistance, Delay, or Obstruction of a Peace Officer | 17 |
| No. 15: Expert Opinion Concerning Use of Force | 18 |
| No. 16: Self-Defense/Defense of Others | 19 |
| No. 17: Reasonable Force (State Law) | 20 |
| No. 18: Deference to Officers | 21 |
| No. 19: Police Officer Entitled to Use Greater Force | 22 |
| No. 20: Federal Standard Applies to California Use-Of-Force Claims | 23 |
| No. 21: Comparative Fault of Plaintiff Decedent *and Others* | 24 |
| No. 22: Enforcement/Execution of Law | 25 |
| No. 23: Justifiable Homicide | 26 |
| No. 24: Reliance on Good conduct of Others | 27 |
| No. 25: Damages—Proof and Measures of Types of Damages | 28 |
| No. 26: Nominal Damages | 29 |
| No. 27: Survival Damages (Code Civ. Proc., § 377.34) | 30 |
| No. 28: Wrongful Death (Death of An Adult) | 31 |
| No. 29: Punitive Damages | 32 |
| No. 30: Highly Probable—Clear and Convincing Proof | 35 |

## NO. 1: CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff Joshua Juarez asserts that California Highway Patrol Officer Efrain Jimenez used excessive force resulting in the death of decedent Santana Juarez Gonzalez. Plaintiff also asserts that the Defendant is liable for his tactical conduct prior to using force.

Defendant Jimenez denies those claims and contends that the use of lethal force against Mr. Juarez Gonzalez was reasonable and justified under the totality of the circumstances and used in self-defense and defense of others.

____________________________________
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY: Model Jury Instructions for the Ninth Circuit, 1.5 (2025)

**NO. 2: USE OF INTERROGATORIES AND REQUESTS FOR ADMISSIONS**

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

Evidence was *also* presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

____________________________________
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY: Model Jury Instructions for the Ninth Circuit, 2.12 and 2.13 (2025) (modifications italicized)

**NO. 3: PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—EXCESSIVE FORCE**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or in defending himself or others or in attempting to stop a fleeing or escaping suspect. Therefore, to establish an unreasonable seizure in this case, the Plaintiff Joshua Juarez, as success in interest to decedent Santana Juarez Gonzalez must prove by a preponderance of the evidence that the officer used excessive force.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether the officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

(1) the nature of the crime or other circumstances known to the officer at the time force was applied;

(2) whether the decedent Santana Juarez Gonzalez posed an immediate threat to the safety of the officer or to others;

(3) whether decedent Santana Juarez Gonzalez was actively resisting arrest or attempting to evade arrest by flight;

(4) the amount of time the officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

(5) the relationship between the need for the use of force and the amount of force used;

(6) the extent of the decedent's injury;

(7) any effort made by the officer to temper or to limit the amount of force;

(8) the severity of the security problem at issue;

(9) the availability of alternative methods to take the decedent into custody *or* to subdue him;

(10) the number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; i.e., which party created the dangerous situation, and which party is more innocent;

(11) whether it was practical for the officer to give warning of the imminent use of force, and whether such warning was given;

[*(12) and (13) omitted as not applicable*]

(12) whether a reasonable officer would have or should have accurately perceived a mistaken fact; *and*

(13) whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm.

*The most important factor is "whether the suspect posed an immediate threat to the safety of the officers or others." Where deadly force is used, the officer need only have "probable cause to believe that the suspect poses a significant threat of death or serious physical injury."* "Probable cause" exists when, under all of the circumstances known to the officer at the time, an objectively reasonable police officer would conclude there is a fair probability that the *decedent* has committed or was committing a crime.

*These same factors guide the determination of whether the Defendant Efrain Jimenez's use of force was reasonable under the "Battery by Peace Officer" and "Negligence in Use of Force under California Law" instructions, which will follow.*

____________________________________
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY: Model Jury Instructions for the Ninth Circuit, 9.27 and Comment (2025) (modifications italicized)
*Brown v. Ransweiler*, 171 Cal. App. 4th 516, 527 (2011);
*Hayes v. County of San Diego*, 57 Cal. 4th 622, 637-639 (2013)
*Gonzalez v. County of Los Angeles*, No. 2:18-CV-09117-ODW-ASX, 2021 WL 2224262, at *12 (C.D. Cal. June 2, 2021)

## NO. 4: BATTERY BY PEACE OFFICER (DEADLY FORCE)—ESSENTIAL FACTUAL ELEMENTS

A peace officer may use deadly force only when necessary in defense of human life. Plaintiff Joshua Juarez claims that Defendant Officer Efrain Jimenez unnecessarily used deadly force on decedent Santana Juarez Gonzalez. To establish this claim, Plaintiff must prove all of the following:

1. That Defendant Jimenez intentionally touched or caused decedent to be touched;
2. That Defendant Jimenez used deadly force on decedent Santana Juarez Gonzalez;
3. That Defendant Jimenez's use of deadly force was not necessary to defend human life;
4. That decedent Santana Juarez Gonzalez was killed; and
5. That Defendant Jimenez's use of deadly force was a substantial factor in causing decedent's death.

Defendant Jimenez's use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Defendant Jimenez at the time, that deadly force was necessary to defend against an imminent threat of death or serious bodily harm to the officer or to another person *and/*or to apprehend a fleeing person for a felony, when all of the following conditions are present:

i. The felony threatened or resulted in death or serious bodily injury to another;

ii. Defendant Jimenez reasonably believed that the person fleeing, *Mr. Juarez Gonzalez*, would cause death or serious bodily injury to another unless immediately apprehended; and

iii. If practical under the circumstances, Defendant Jimenez made reasonable efforts to identify himself as a peace officer and to warn that deadly force would be used, unless the officer had objectively reasonable grounds to believe the person is aware of those facts.

"Deadly force" means any use of force that creates a substantial risk of causing death or serious bodily injury, including, but not limited to, the discharge of a firearm.

A threat of death or serious bodily injury is “imminent” when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

“Totality of the circumstances” means all facts known to the peace officer at the time, including the conduct of Defendant Jimenez and decedent Santana Juarez Gonzalez leading up to the use of deadly force. In determining whether Defendant Jimenez’s use of deadly force was necessary in defense of human life, you must consider Officer Jimenez’s tactical conduct and decisions before using deadly force on Mr. Juarez Gonzalez and whether Defendant Jimenez used other available resources and techniques as alternatives to deadly force, if it was reasonably safe and feasible to do so.

A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other deescalation tactics are not retreat. A peace officer does not lose the right to self-defense by use of objectively reasonable force to effect the arrest or to prevent escape or to overcome resistance. A peace officer does, however, have a duty to use reasonable tactical repositioning or other deescalation tactics.

________________________________
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY: CACI No. 1305B (2026)
(modifications italicized)

**NO. 5: BANE ACT—ESSENTIAL FACTUAL ELEMENTS**

Plaintiff Joshua Juarez, as success in interest to decedent Santana Juarez Gonzalez, claims that Defendant Jimenez intentionally interfered with decedent Santana Juarez Gonzalez's civil rights by threat, intimidation, or coercion. To establish this claim, Plaintiff must prove all of the following:

1. Defendant Jimenez used excessive force against decedent Santana Juarez Gonzalez;
2. Defendant Jimenez intended to deprive or acted with reckless disregard for decedent Santana Juarez Gonzalez's right to be free of excessive force;
3. That decedent was harmed; and
4. That Defendant Jimenez's conduct was a substantial factor in causing the decedent's harm.

____________________________________
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY: CACI 3066 (2026)

**NO. 6: NEGLIGENT USE OF DEADLY FORCE BY PEACE OFFICER**

A peace officer may use deadly force only when necessary in defense of human life. Plaintiff Joshua Juarez, as successor in interest to decedent Santana Juarez Gonzalez, claims that Defendant Efrain Jimenez was negligent in using deadly force to arrest, prevent the escape of, or overcome the resistance of decedent Santana Juarez Gonzalez. To establish this claim, Plaintiff must prove all of the following:

1. That Defendant Jimenez was a peace officer;
2. That Defendant Jimenez used deadly force on decedent Santana Juarez Gonzalez;
3. That Defendant Jimenez's use of deadly force was not necessary to defend human life;
4. That Mr. Juarez Gonzalez was killed; and
5. That Defendant Jimenez's use of deadly force was a substantial factor in causing Mr. Juarez Gonzalez's death.

Defendant Jimenez's use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Defendant Jimenez, that deadly force was necessary to defend against an imminent threat of death or serious bodily injury to Officer Jimenez or another person *and/*or to apprehend a fleeing person for a felony, when all of the following conditions are present:

i. The felony threatened or resulted in death or serious bodily injury to another;

ii. Defendant Jimenez reasonably believed that the fleeing person, decedent Santana Juarez Gonzalez, would cause death or serious bodily injury to another unless immediately apprehended; and

iii. Defendant Jimenez made reasonable efforts to identify himself as a peace officer and to warn that deadly force may be used, unless the officer had objectively reasonable grounds to believe the person is aware of those facts.

"Deadly force" is force that creates a substantial risk of causing death or serious bodily injury. It is not limited to the discharge of a firearm.

A threat of death or serious bodily injury is “imminent” if, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or to another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

“Totality of the circumstances” means all facts known to the peace officer at the time, including the conduct of the Defendant Officers Adams, Blackwood, Kee, and Rubalcava and decedent Hector Puga leading up to the use of deadly force. In determining whether the Defendant Officer’s use of deadly force was necessary in defense of human life, you must consider the Defendant Officer’s tactical conduct and decisions before using deadly force on Mr. Puga and whether the Defendant Officer used other available resources and techniques as alternatives to deadly force, if it was reasonably safe and feasible to an objectively reasonable officer.

A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other deescalation tactics are not retreat. A peace officer does not lose the right to self-defense by using objectively reasonable force to arrest, prevent escape, or overcome resistance.

______________________________________

UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY: CACI No. 441 (2026)
(modifications italicized)

**NO. 7: POLICE OFFICERS FORCED TO MAKE SPLIT-SECOND JUDGMENTS**

All determinations of unreasonable force must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation.

________________________________
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY: *Graham v. Connor*, 490 U.S. 386, 396-397 (1989)

**NO. 8: LEAST INTRUSIVE MEANS NOT REQUIRED**

A police officer is not required to avail himself of the least intrusive means of responding to a situation; rather, the officer need only act within that range of conduct which is identified as reasonable. The appropriate inquiry is whether the officer acted reasonably, not whether he had less intrusive alternatives available to him.

A reasonable use of deadly force encompasses a range of conduct, and the availability of a less-intrusive alternative will not render conduct unreasonable.

____________________________________
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY: *Wilkinson v. Torres*, 610 F.3d 546, 551 (9th Cir. 2010)
*Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1994)

**NO. 9: OFFICERS NOT REQUIRED TO WAIT**

The Fourth Amendment does not require officers in a tense and dangerous situation to wait until the moment a suspect uses a deadly weapon to act to stop the suspect.

____________________________________
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY: *Jean-Baptiste v. Gutierrez*, 627 F.3d 816, 821 (11th Cir. 2010)
*Elliott v. Leavitt*, 99 F.3d 640, 644 (4th Cir. 1996)
*Reynolds v. County of San Diego*, 858 F. Supp. 1064, 1072 (S.D. Cal. 1994) ("[A]n officer may reasonably use deadly force when he or she confronts an armed suspect in close proximity whose actions indicate an intent to attack. In these circumstances, the Courts cannot ask an officer to hold fire in order to ascertain whether the suspect will, in fact, injure or murder the officer.")
*Cruz v. City of Anaheim*, 765 F.3d 1076, 1078 (9th Cir. 2014) ("It would be unquestionably reasonable for police to shoot a suspect in Cruz's position if he reaches for a gun in his waistband, or even if he reaches there for some other reason. Given Cruz's dangerous and erratic behavior up to that point, the police would doubtless be justified in responding to such a threatening gesture by opening fire.")

**NO. 10: OFFICERS NOT REQUIRED TO RETREAT**

For purposes of determining reasonableness of an officer's use of force, officers do not have a duty to retreat when faced with an immediate threat.

____________________________________
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY: *Napouk v. Las Vegas Metro. Police Dep't*, 123 F.4th 906. 919 (9th Cir. 2024)
*Tucker v. Las Vegas Metro. Police Dep't*, 470 F. App'x 627, 630 (9th Cir. 2012) (Tallman, J. concurring) (noting "police officers have no duty to retreat when threatened with physical assault") (citations omitted)
Cal. Penal Code § 835a(d) ("A peace officer who makes or attempts to make an arrest need not retreat or desist from his efforts by reason of the resistance or threatened resistance of the person being arrested.").

**NO. 11: OFFICERS CAN ACT BASED ON APPARENT DANGER**

If a police officer is confronted by the appearance of danger which he believes, and a reasonable person in the same position would believe, would result in death or great bodily injury, the officer may act upon those circumstances. The right of self-defense is the same whether the danger is real or merely apparent.

____________________________________
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY: *People v. Minifie*, 13 Cal. 4th 1055, 1068 (1996)
*Moreland v. Las Vegas Metro Police Dep't*, 159 F.3d 365, 371, n.4 (9th Cir. 1998)

**NO. 12: DETERMINATION OF REASONABLENESS—AT MOMENT OF USE OF FORCE**

The determination of whether an officer’s use of deadly force was excessive is based on whether the use of deadly force was unreasonable at the moment of the shooting. If the officer engaged in negligent conduct prior to the moment of shooting, such negligence should not be considered when deciding whether the officer’s use of deadly force was unreasonable at the moment of shooting.

____________________________________
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY: *Graham v. Connor*, 490 U.S. 386, 396, (1989)
*Tabares v. City of Huntington Beach*, 988 F.3d 1119, 1125 (9th Cir. 2021)

**NO. 13: PRE-SHOOTING CONDUCT DOES NOT NEGATE REASONABLENESS OF FORCE**

You may not find an officer's use of force unreasonable based merely on tactical errors that result in a confrontation that could have been avoided. The fact that an officer negligently creates a dangerous situation does not mean it is unreasonable for him to use force. Even if an officer negligently provokes a violent response, that negligent act does not mean the force used was unreasonable.

______________________________________
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY: *Billington v. Smith*, 292 F.3d 1177 (9th Cir. 2002), abrogated on other grounds by *County of Los Angeles v. Mendez*, 137 S. Ct. 1539 (2017)

*City & County of San Francisco v. Sheehan*, 135 S. Ct. 1765, 1777 (2015) ("[B]ad tactics that result in a deadly confrontation" are insufficient to establish a Fourth Amendment violation)

*Pettersen v. County of L.A.*, No. CV 14-4699 DSF (AGRx), 2015 WL 13333499, at *6 (C.D. Cal. Oct. 8, 2015) ("Much of Plaintiff's unreasonableness argument hinges on the deputies' alleged failure to follow training guidelines that advise deputies to de-escalate situations with mentally ill suspects. Under federal law, however, a lawful action by police is not rendered unreasonable because it provokes a violent reaction…. Even assuming their tactics were poor, a reasonable officer would have believed force was justified at the time of the shooting, and that is what is required by the Constitution")

**NO. 14: WILLFUL RESISTANCE, DELAY, OR OBSTRUCTION OF A PEACE OFFICER**

A citizen is under a duty to obey the commands of a peace officer. It is a crime to willfully resist, delay, or obstruct any peace officer in the discharge or attempt to discharge his duty.

____________________________________
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY: Cal. Penal Code § 148(a)(l)
*People v. Yuen*, 32 Cal. App. 2d 151 (1939)
*People v. Alaniz*, 182 Cal. App. 3d 903, 908 (1986)
*Smith v. City of Hemet*, 394 F.3d 689, 697 (2004)

**NO. 15: EXPERT OPINION CONCERNING USE OF FORCE**

The fact that an expert witness disagrees with a peace officer's actions after the fact does not render the officer's actions unreasonable. It is up to you, as the jury, to decide whether a reasonable officer could have believed that the use of force, including deadly force, was reasonable or justified under the circumstances.

______________________________________
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY: *Scott v. Henrich*, 39 F.3d 912 (9th Cir. 1994)
*Reynolds v. County of San Diego*, 84 F.3d 1162 (9th Cir. 1996)
*Billington v. Smith*, 292 F.3d 1177, 1189 (9th Cir. 2002), abrogated on other grounds by *County of L.A. v. Mendez*, 137 S. Ct. 1539 (2017)

**NO. 16: SELF-DEFENSE/DEFENSE OF OTHERS**

Defendant Jimenez claims he is not responsible for decedent Santana Juarez Gonzalez's harm *or death* because he was acting in self-defense or defense of another. To succeed, Defendant Jimenez must prove both of the following:

1. That Defendant Jimenez reasonably believed that decedent Santana Juarez Gonzalez was going to harm him or the patrons at the Red Barn; and

2. That Defendant Jimenez used only the amount of force that was reasonably necessary to protect himself or the patrons at the Red Barn.

___________________________________
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY: CACI 1304 (2026)
(modifications italicized)

**NO. 17: REASONABLE FORCE (STATE LAW)**

Any peace officer, who has reasonable cause to believe that the person to be arrested has committed a public offense, may use reasonable force to effect the arrest, to prevent escape or to overcome resistance. A peace officer who makes or attempts to make an arrest need not retreat or desist from his efforts by reason of the resistance or threatened resistance of the person being arrested; nor shall such officer be deemed an aggressor or lose his right to self-defense by the use of reasonable force to effect the arrest or to prevent escape or to overcome resistance.

____________________________________
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY: Cal. Penal Code § 835a

**NO. 18: DEFERENCE TO OFFICERS**

The reasonableness standard of the Fourth Amendment to the United States Constitution, as applied to a state law battery claim against a police officer based on excessive force in the course of an arrest, investigatory stop, or other seizure of a free citizen, is highly deferential to the police officer's need to protect himself and others.

____________________________________
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY: *Brown v. Ransweiler*, 171 Cal. App. 4th 516, 527 (2009)

**NO. 19: POLICE OFFICER ENTITLED TO USE GREATER FORCE**

Unlike private citizens, police officers act under color of law to protect the public interest. They are charged with acting affirmatively and using force as part of their duties. Police officers are not similarly situated to the ordinary battery defendant and need not be treated the same. Police officers who are protecting the public peace and order are entitled to an even greater use of force than might be required in the same circumstances for self-defense.

____________________________________
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY: *Brown v. Ransweiler*, 171 Cal. App. 4th 516, 527 (2009)

**NO. 20: FEDERAL STANDARD APPLIES TO CALIFORNIA USE-OF-FORCE CLAIMS**

Under California law, where a peace officer's seizure (including a use of force) is found to be objectively reasonable under the federal Fourth Amendment standard (as I previously instructed)—namely, where from the perspective of a reasonable police officer, Defendant Jimenez's use of force is objectively reasonable under the totality of the circumstances—that officer's use of force is also reasonable under California law, including California law claims for battery/excessive force, assault, negligence, and/or wrongful death.

If you find that Defendant Jimenez's use of force is objectively reasonable under the federal Fourth Amendment standard, you must find that Officer Jimenez's use of force was objectively reasonable in evaluating Plaintiff's California law claims.

______________________________
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY: *Hayes v. County of San Diego*, 57 Cal.4th 622, 637-639 (2013)
*Yount v. City of Sacramento*, 43 Cal.4th 885, 902 (2008)
*Martinez v. County of L.A.*, 47 Cal.App.4th 334, 349-350 (1996)
*Edson v. City of Anaheim*, 63 Cal.App.4th 1269, 1272-1273 (2009)
*Lopez v. City of L.A.*, 196 Cal.App.4th 675, 690-692 (2011)
Cal. Gov. Code §§ 820, 820.2, 820.4, 820.8, 821
*Munoz v. City of Union City*, 120 Cal.App.4th 1077, 1101-1103 (2004)
*Brown v. Ransweiler*, 171 Cal.App.4th 516, 525 (2009)
*Young v. County of L.A.*, 655 F.3d 1156, 1170 (9th Cir. 2011)
*Hayes v. County of San Diego*, 736 F.3d 1223, 1232 (9th Cir. 2013)
CACI 1300, 1301

**NO. 21: COMPARATIVE FAULT OF PLAINTIFF DECEDENT *AND OTHERS***

Defendant Jimenez claims that decedent Santana Juarez Gonzalez's own negligence *and the negligence of third parties* contributed to Mr. Juarez Gonzalez's harm *or death*. To succeed on this claim, Defendant Jimenez must prove both of the following:

1. That decedent Santana Juarez Gonzalez *or a third party* was negligent; and
2. That decedent Santana Juarez Gonzalez's *or a third party's* negligence was a substantial factor in causing the decedent's harm *or death*.

If Defendant Jimenez proves the above, Plaintiff's damages are reduced by your determination of the percentage of decedent Santana Juarez Gonzalez's *or a third party's* responsibility. I will calculate the actual reduction.

____________________________________
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY: CACI No. 405 (2026)
(modifications italicized)
Cal. Civ. Code § 1431.2
*Phipps v. Copeland Corp*. LLC, 64 Cal.App.5th 319, 332 (2021) (stating that the "comparative fault doctrine permits the trier of fact to consider all relevant criteria in apportioning liability" and "evaluate the relative responsibility of various parties for an injury" and that the defendant has the burden of establishing the percentage of fault "properly attributed to the plaintiff, other defendants, or nonparties to the action")

**NO. 22: ENFORCEMENT/EXECUTION OF LAW**

A public employee is not liable for his act or omission, exercising due care, in the execution or enforcement of any law.

If you find that Defendant Jimenez was exercising due care when interacting with decedent Santana Juarez Gonzalez, then your verdict as to Plaintiff's negligence, battery, and Bane Act claims should be in favor of Officer Jimenez.

____________________________________
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY: Cal. Gov. Code § 820.4

**NO. 23: JUSTIFIABLE HOMICIDE**

Homicide is justifiable when committed by peace officers when the homicide results from a peace officer's use of force that is in compliance with California Penal Code Section 835a.

California Penal Code section 835(a) provides that a peace officer is justified in using deadly force upon another person only when the officer reasonably believes, based on the totality of the circumstances, that such force is necessary for either of the following reasons:

(A) To defend against an imminent threat of death or serious bodily injury to the officer or to another person, or

(B) To apprehend a fleeing person for any felony that threatened or resulted in death or serious bodily injury, if the officer reasonably believes that the person will cause death or serious bodily injury to another unless immediately apprehended. Where feasible, a peace officer shall, prior to the use of force, make reasonable efforts to identify themselves as a peace officer and to warn that deadly force may be used, unless the officer has objectively reasonable grounds to believe the person is aware of those facts.

A threat of death or serious bodily injury is "imminent" when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

________________________________
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY: Cal. Penal Code §§ 196(b), 835a(c), (e)(2)

## NO. 24: RELIANCE ON GOOD CONDUCT OF OTHERS

Every person has a right to expect that every other person will use reasonable care, unless that person knows, or should know, that the other person will not use reasonable care.

____________________________________

UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY: CACI No. 411 (2026)

**NO. 25: DAMAGES—PROOF AND MEASURES OF TYPES OF DAMAGES**

It is the duty of the Court to instruct you about the measure of damages *that apply to Plaintiff's Fourth Amendment claim*. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiff, as successor in interest to decedent Santana Juarez Gonzalez, on the Fourth Amendment claims you must determine the decedent's damages. Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the Plaintiff for any injury you find was caused by Defendant Jimenez. You should consider the following:

1. The economic damages, including funeral and burial costs, the Plaintiff incurred in connection with the death of decedent Santana Juarez Gonzalez.

2. The mental, physical, and emotional pain and suffering decedent Santana Juarez Gonzalez experienced before his death.

3. The loss of enjoyment of life decedent Santana Juarez Gonzalez experienced.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

____________________________________
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY: Model Jury Instructions for the Ninth Circuit, 5.1 and 5.2 (2026) (modifications italicized)

**NO. 26: NOMINAL DAMAGES**

The law that applies to Plaintiff's *Fourth Amendment claim* authorizes an award of nominal damages. If you find for the Plaintiff but you find that the Plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

____________________________________
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY: Model Jury Instructions for the Ninth Circuit, 5.6 (2025) (modifications italicized)

**NO. 27: SURVIVAL DAMAGES (CODE CIV. PROC., § 377.34)**

If you decide that Plaintiff proved *the battery, negligence, and/or Bane Act claims* against Defendant Jimenez for the death of Santana Juarez Gonzalez, you also must decide the amount of damages that decedent Santana Juarez Gonzalez sustained before death and that he would have been entitled to recover because of Officer Jimenez’s conduct, including any penalties or punitive damages as explained in other instructions I will give you.

Plaintiff may recover the following damages:

1. The reasonable cost of reasonably necessary medical care that decedent Santana Juarez Gonzalez received; and

2. The amount of income/earnings/salary/wages that decedent Santana Juarez Gonzalez lost before death;

You may not award damages for any loss for decedent Santana Juarez Gonzalez’s shortened life span attributable to his death or for his pain and suffering experienced before his death.

____________________________________
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY: CACI No. 3919 (2026) (modifications italicized)

Cal. Civ. Code § 377.34(a) (“In an action or proceeding by a decedent’s personal representative or successor in interest on the decedent’s cause of action, the damages recoverable are limited to the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived, and **do not include** damages for pain, suffering, or disfigurement.”) (emphasis added)

*Cnty. of L.A. v. Superior Ct*., 21 Cal. 4th 292, 303-04 (1999) (stating that the damages recoverable in a survival action under § 377.34 expressly exclude damages for pain, suffering, or disfigurement)

*Ng v. Superior Ct*., 108 Cal. App. 5th 382, 387 (2025), as modified (Feb. 20, 2025) (recognizing that damages for a decedent’s “pain, suffering, or disfigurement” are not recoverable in a survival action filed before January 1, 2022)

**NO. 28: WRONGFUL DEATH (DEATH OF AN ADULT)**

If you decide that Plaintiff Joshua Juarez proved *the battery, negligence, and/or Bane Act claims* against Defendant Jimenez for the death of Santana Juarez Gonzalez, you also must decide how much money will reasonably compensate Plaintiff for the death of Santana Juarez Gonzalez. This compensation is called “damages.”

Plaintiff does not have to prove the exact amount of these damages. However, you must not speculate or guess in awarding damages.

*[¶¶]* Plaintiff Joshua Juarez claims the following noneconomic damages:

1. The loss of decedent Santana Juarez Gonzalez’s love, companionship, comfort, care, assistance, protection, affection, society, and moral support; and

2. The loss of decedent’s training and guidance.

No fixed standard exists for deciding the amount of noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

In determining Plaintiff’s loss, do not consider:

1. The Plaintiff’s grief, sorrow, or mental anguish;

2. Decedent Santana Juarez Gonzalez’s pain and suffering; or

3. The poverty or wealth of the Plaintiff.

In deciding a person’s life expectancy, you may consider, among other factors, the average life expectancy of a person of that age, as well as that person’s health, habits, activities, lifestyle, and occupation.

In computing these damages, consider the losses suffered by the Plaintiff and return a verdict of a single amount.

______________________________
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY: CACI No. 3921 (2026) (modifications italicized)

**NO. 29: PUNITIVE DAMAGES**

If you find for the Plaintiff Joshua Juarez *on any of the claims*, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a Defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate *the* Plaintiff.

*At this time, you must decide whether an award of punitive damages is appropriate based on the evidence presented. The amount of punitive damages, if any, will be decided later.*

The Plaintiff has the burden of proving *[ ]* that punitive damages should be awarded and, if so, the amount of any such damages. *The burden of proof for an award of punitive damages differs depending on Plaintiff's claim. I will first give you the law that applies to Plaintiffs' claim for excessive force under the Fourth Amendment.*

*If you find for the Plaintiff on the Fourth Amendment claim for excessive force*, Plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded.

You may award punitive damages only if you find that the Defendant's conduct that harmed the decedent Santana Juarez Gonzalez was malicious, oppressive or in reckless disregard of his rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the decedent. Conduct is in reckless disregard of the decedent's rights if, under the circumstances, it reflects complete indifference to decedent Santana Juarez Gonzalez's safety or rights, or if the Defendant acts in the face of a perceived risk that *his* actions will violate the decedent's rights under federal law. An act or omission is oppressive if the Defendant injures or damages or otherwise violates the rights of the decedent with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the Plaintiff.

*If you find for the Plaintiff on the claims for state-law battery, negligence, or violation of the Bane Act*, Plaintiff has the burden of proving by clear and convincing evidence (as I will explain to you in a later instruction) that Defendant Jimenez engaged in that conduct with malice, oppression, or fraud. "Malice" means that the Defendant acted with intent to cause injury or that

the Defendant's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when the person is aware of the probable dangerous consequences of the person's conduct and deliberately fails to avoid those consequences. "Oppression" means that the Defendant's conduct was despicable and subjected the decedent to cruel and unjust hardship in knowing disregard of his rights. "Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people. "Fraud" means that the Defendant intentionally misrepresented or concealed a material fact and did so intending to harm the decedent.

**[To be given during second phase, if necessary]**

*You must now decide the amount, if any, that you should award the Plaintiff in punitive damages. There is no fixed formula for determining the amount of punitive damages, but* you must use reason in setting the amount.

Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. *As a reminder, the purpose of punitive damages are to punish the Defendant for the conduct that harmed the decedent and to discourage similar conduct in the future.*

In considering the amount of any punitive damages, consider the degree of reprehensibility of the Defendant's conduct. *In deciding how reprehensible the Defendant's conduct was, you may consider, among other factors:*

1. *Whether the conduct caused physical harm;*

2. *Whether the Defendant disregarded the health or safety of others.* You may not, however, set the amount of any punitive damages in order to punish the Defendant for harm to anyone other than the Plaintiff or decedent Santana Juarez Gonzalez in this case;

3. *Whether the Defendant's conduct involved a pattern or practice; and*

4. *Whether the Defendant acted with trickery or deceit.*

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the Plaintiff or Mr. Juarez Gonzalez *and the Defendant's financial*

*condition. You may not, however, increase the punitive award above an amount that is otherwise appropriate merely because a Defendant has substantial financial resources.*

____________________________________
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY: Model Jury Instructions for the Ninth Circuit, 5.5 (2026) (modifications italicized)
CACI No. 3941, 3942 (2026) (modifications italicized)

**NO. 30: HIGHLY PROBABLE—CLEAR AND CONVINCING PROOF**

*As I previously explained to you, Plaintiff has to prove by clear and convincing evidence that the Defendant engaged in conduct with malice, oppression, or fraud for a punitive damages award on the claims for state-law battery, negligence, or violation of the Bane Act*. Certain facts must be proved by clear and convincing evidence, which is a higher burden of proof. This means the party must persuade you that it is highly probable that the fact is true.

*Remember, this standard applies only to your determination for punitive damages, if any, related to the state-law battery, negligence, and violation of the Bane Act claims and to no other matter*.

______________________________________
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY: CACI No. 201 (2026) (modifications italicized)