**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

**Panos Lagos, Esq. / SBN 61821**
**LAW OFFICES OF PANOS LAGOS**
6569 Glen Oaks Way
Oakland, CA 94611
510.530.4078
510.530.4725 (FAX)
E-mail: panos@panoslagoslaw.com

**Sanjay S. Schmidt (SBN 247475)**
**LAW OFFICE OF SANJAY S. SCHMIDT**
1388 Sutter Street, Suite 810
San Francisco, CA 94109
Tel. (415) 563-8583
Fax (415) 223-9717
Email: ss@sanjayschmidtlaw.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSHUA A. JUAREZ, individually and as successor in interest to SANTANA JUAREZ GONZALEZ, Deceased;<br><br>Plaintiffs,<br><br>v.<br><br>State of California Highway Patrol Officer EFRAIN JIMENEZ (ID#18075), individually; A;J, a minor, through her mother and Next Friend, SELENE RAMOS, individually and as successor in interest for SANTANA JUAREZ GONZALEZ, Deceased; and DOES 1 to 100, jointly and severally;<br><br>Defendants. | Case No. 1:18-cv-01138-KES-EGC<br><br>**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS** |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD**:

Plaintiff Joshua Juarez hereby submits his objections to Defendant's Proposed Jury Instructions.

Respectfully submitted,

DATED: November 3, 2026

LAW OFFICES OF DALE K. GALIPO
LAW OFFICES OF PANOS LAGOS
LAW OFFICE OF SANJAY S. SCHMIDT

*/s/ Sanjay S. Schmidt*
Dale K. Galipo
Panos Lagos
Sanjay S. Schmidt
Attorneys for Plaintiff Joshua Juarez (J.A.J.)

# TABLE OF CONTENTS

Defendant's Proposed Instruction No. 1 – Claims and Defenses ....................4

Defendant's Proposed Instruction No. 2- Use of Interrogatories and Requests for Admissions ....................4

Defendant's Proposed Instruction No.3 – Particular Rights—Fourth Amendment—Unreasonable Seizure of a Person—Excessive Force ....................4

Defendant's Proposed Instruction No. 4 – Battery by Peace Officer (Deadly Force)—Essential Factual Elements ....................6

Defendant's Proposed Instruction No. 5 – Bane Act—Essential Factual Elements ....................6

Defendant's Proposed Instruction No. 6 – Negligent Use of Deadly Force by Peace Officer ....................6

Defendant's Proposed Instruction No. 7- Police Officers Forced to Make Split-Second Judgments ....................7

Defendant's Proposed Instruction No. 8 – Least Intrusive Means Not Required ....................7

Defendant's Proposed Instruction No. 9 – Officers Not Required to Wait ....................7

Defendant's Proposed Instruction No. 10 – Officers Not Required to Retreat ....................7

Defendant's Proposed Instruction No. 11 – Officers Can Act Based on Apparent Danger ....................7

Defendant's Proposed Instruction No. 12 – Determination of Reasonableness—At Moment of Use of Force ....................8

Defendant's Proposed Instruction No. 13 – Pre-Shooting Conduct Does Not Negate Reasonableness of Force ....................8

Defendant's Proposed Instruction No. 14 – Willful Resistance, Dely, or Obstruction of a Peace Officer ....................9

Defendant's Proposed Instruction No. 15 – Expert Opinion Concerning Use of Force ....................9

Defendant's Proposed Instruction No. 16 – Self-Defense/Defense of Others ....................9

Defendant's Proposed Instruction No. 17 – Reasonable Force (State Law) ....................9

Defendant's Proposed Instruction No. 18 – Deference to Officers ....................9

Defendant's Proposed Instruction No. 19 – Police Officer Entitled to Use Greater Force ....................10

Defendant's Proposed Instruction No. 20 – Federal Standard Applies to California Use-of-Force Claims ....10

Defendant's Proposed Instruction No. 21 – Comparative Fault of Decedent and Others ....12

Defendant's Proposed Instruction No. 22 – Enforcement/Execution of Law ....12

Defendant's Proposed Instruction No. 23 – Justifiable Homicide ....12

Defendant's Proposed Instruction No. 24 – Reliance on Good Conduct of Others ....13

Defendant's Proposed Instruction No. 25 – Damages—Proof and Measures of Types of Damages ....13

Defendant's Proposed Instruction No. 26 – Nominal Damages ....13

Defendant's Proposed Instruction No. 27 – Survival Damages ....14

Defendant's Proposed Instruction No. 28 – Wrongful Death (Death of an Adult) ....14

Defendant's Proposed Instruction No. 29 – Punitive Damages ....14

Defendant's Proposed Instruction No. 30 – Highly Probable—Clear and Convincing Proof....14

<u>Defendant's Proposed Instruction No. 1 – Claims and Defenses</u>

Plaintiff objects on the basis that this Instruction is not an accurate statement of Plaintiff's negligence claim nor is it a neutral statement of the parties' claims and defenses.

<u>Defendant's Proposed Instruction No. 2- Use of Interrogatories and Requests for Admissions</u>

Plaintiff does not have any objection to the model instruction proposed; however, Plaintiff objects on the basis that Plaintiff requires review of any proposed Interrogatory Response or Admission before such response is presented to the Court and/or jury.

<u>Defendant's Proposed Instruction No.3 – Particular Rights—Fourth Amendment—Unreasonable Seizure of a Person—Excessive Force</u>

Plaintiff objects to the inclusion of "attempting to stop a fleeing or escaping suspect" in the first sentence on the basis that Plaintiff contends it is inapplicable to the facts of this case. Plaintiff further objects to language in Factor #2 of the instruction and contends modification is needed to accurately reflect the case law as it pertains to an officer's use of *deadly* force. Plaintiff further objects to the last two proposed paragraphs. They are inaccurate statements of the law.

The last paragraph is inaccurate and misleading as the state law claims are evaluated under a different standard than Plaintiff's Fourth Amendment claim. The California Supreme Court in *Hayes v. County of San Diego*, 57 Cal. 4th 622 (2013), specifically recognized that under California negligence law, liability can arise from tactical conduct and decisions employed by law enforcement preceding the use of deadly force, among other negligent conduct. 57 Cal. 4th 626. In *Tabares v. City of Huntington Beach*, 988 F.3d 119 (9th Cir. 2021), the Ninth Circuit recognized that "California negligence law regarding the use of deadly force is broader than federal Fourth Amendment law" and that under California law, "the officer's pre-shooting decisions can render his behavior unreasonable under the totality of the circumstances, even if his use of deadly force at the moment of the shooting might be reasonable in isolation" whereas "[f]ederal law [] generally focuses on the tactical conduct at the time of the shooting." 988 F.3d 1125. Indeed, in *Alves v. County of Riverside*, the Ninth Circuit held that the jury's findings for the officers on the

plaintiff's Fourth Amendment claim but against the officers on the plaintiff's negligence claim did not result in an inconsistent verdict as the standards were legally distinct. 135 F.4th 1165 at 1172-74 (9th Cir. 2025).

Courts have evaluated both state law battery and negligence by a peace officer claims under the same standard by taking into consideration pre-force conduct and tactics. *See McLeod v. City of Redding*, No. 2:22-CV-00585 WBS JDP, 2024 WL 3011227, at *8 (E.D. Cal. June 12, 2024) (finding that the analysis on the state law battery claim "requires the same 'totality of the circumstances' inquiry applied to negligence claims" including pre-shooting conduct) (citing *Hayes*, 57 Cal. 4th at p. 638; *Villalobos v. City of San Maria*, 85 Cal. App. 5th 383. 389 (2022) (evaluating both battery and negligence claims against police officers under the reasonableness standard articulated in Hayes); *Koussaya v. City of Stockton*, 54 Cal. App. 5th 909, 937(2020) (same)). The differences are embodied in the model instructions for each claim. Additionally, both state law battery and negligence claims contains a definition of "imminent threat of death or serious bodily harm" that is not contemplated under the Fourth Amendment excessive force standard.

Moreover, Plaintiffs' negligence claim is not limited to the officer's use of force. Under California negligence law, "the actor's conduct must always be gauged in relation to all other material circumstances surrounding it…" *Grudt v. City of Los Angeles*, 2 Cal. 3d 575, 587 (1970) (citing Toschi v. Christian, 24 Cal. 2d 354, 360 (1944)); *see Shin v. Ahn* , 42 Cal. 4th 482, 499 (2007) (discussing totality-of-the-circumstances rule); *John B. v. Superior Court*, 38 Cal. 4th 1177, 1191(2006) (same); *Kahn v. East Side Union High School Dist.*, 31 Cal. 4th 990, 996 (2003) (same); *Commercial U.A. Co. v. Pacific G. & E. Co.*, 220 Cal. 515, 522 (1934) (same). Under California negligence law, a jury may "broadly [] consider whether officers acted in a manner consistent with their duty of due care during the use of force incident." *Alves*, 135 F.4th at *1173 n.11 (emphasis added).

In a recently published opinion, the Ninth Circuit recognized that California tort law's "reasonable care" standard is distinct form the Fourth Amendment "reasonableness" standard and that the California's "totality of the circumstances" analysis was broader in scope than the Fourth

Amendment's "totality of the circumstances." *Alves*, 135 F.4th at 1173-74. Thus, the Ninth Circuit concluded that under the plaintiff's negligence claim, the jury was permitted to focus on different aspects of the "totality of the circumstances." *Id.* at 1174. While in the *Alves* case, the only negligence instructions given were CACI 440 and 441, which pertained to an officer's negligent use of force and deadly force, the Ninth Circuit still found that the plaintiff's negligence claim "allowed the jury to consider more broadly all the facts known to a reasonable officer at the time" and all conduct, including pre-force and post-force conduct, during the incident. *Alves*, 135 F.4th at 1174 (cleaned up) (finding that a jury could have reasonably determined that the officers owed a duty of care to the decedent after restraining him in handcuffs, and breached that duty by failing to place him in a recovery position or check whether he was breathing or had a pulse); *see also Dooley v. City of Long Beach*, No. CV 13-4179 JFW RZ, 2014 WL 7405444, at *9 (C.D. Cal. Dec. 29, 2014) (using CACI 400 and 441 as the standard of review for the plaintiff's negligence claim in an excessive force case).

<u>Defendant's Proposed Instruction No. 4 – Battery by Peace Officer (Deadly Force)—Essential Factual Elements</u>

Plaintiff objects to the inclusion of the fleeing felon language and factors as Plaintiff contends those factors are inapplicable to the facts of this case.

<u>Defendant's Proposed Instruction No. 5 – Bane Act—Essential Factual Elements</u>

Plaintiff objects to the language in Factor #2 and proposes the language in Plaintiff's proposed instruction on the Bane Act.

<u>Defendant's Proposed Instruction No. 6 – Negligent Use of Deadly Force by Peace Officer</u>

Plaintiff objects to the inclusion of the fleeing felon language and factors as Plaintiff contends those factors are inapplicable to the facts of this case.

//

//

Defendant's Proposed Instruction No. 7- Police Officers Forced to Make Split-Second Judgments

Plaintiff objects to this instruction in its entirety. The concept of this instruction is already embodied in the Ninth Circuit Model Instruction 9.27, CACI 1305B, and CACI 441. To give an additional instruction on this concept would unfairly emphasize this concept and be unfairly prejudicial to Plaintiff.

Defendant's Proposed Instruction No. 8 – Least Intrusive Means Not Required

Plaintiff objects to this instruction in its entirety. The concept of this instruction is already embodied in the Ninth Circuit Model Instruction 9.27, CACI 1305B, and CACI 441. To give an additional instruction on this concept would unfairly emphasize this concept and be unfairly prejudicial to Plaintiffs.

Defendant's Proposed Instruction No. 9 – Officers Not Required to Wait

Plaintiff objects to this instruction in its entirety. The concept of this instruction is already embodied in the Ninth Circuit Model Instruction 9.27. To give an additional instruction on this concept would unfairly emphasize this concept and be unfairly prejudicial to Plaintiff.

Defendant's Proposed Instruction No. 10 – Officers Not Required to Retreat

Plaintiff objects to this instruction in its entirety. The concept of this instruction is already embodied in the Ninth Circuit Model Instruction 9.27, CACI 1305B, and CACI 441. To give an additional instruction on this concept would unfairly emphasize this concept and be unfairly prejudicial to Plaintiff.

Defendant's Proposed Instruction No. 11 – Officers Can Act Based on Apparent Danger

Plaintiff objects to this instruction in its entirety. The concept of this instruction is already embodied in the Ninth Circuit Model Instruction 9.27, CACI 1305B, and CACI 441. To give an additional instruction on this concept would unfairly emphasize this concept and be unfairly prejudicial to Plaintiff.

Defendant's Proposed Instruction No. 12 – Determination of Reasonableness—At Moment of Use of Force

Plaintiff objects to this instruction in its entirety. The concept of this instruction is already embodied in the Ninth Circuit Model Instruction 9.27, CACI 1305B and 441. To give an additional instruction on this concept would unfairly emphasize this concept and be unfairly prejudicial to Plaintiff. Moreover, this instruction is a misstatement of federal and state law. *See Barnes v. Felix*, 605 U.S. 73, 80, 145 S. Ct. 1353, 1359, 221 L. Ed. 2d 751 (2025) ("the 'totality of the circumstances' inquiry into a use of force has no time limit…earlier facts and circumstances may bear on how a reasonable officer would have understood and responded to later ones"); *Tabares v. City of Huntington Beach*, 988 F.3d 1119, 1125 (9th Cir. 2021) ("Under California law, the officer's pre-shooting decisions can render his behavior unreasonable under the totality of the circumstances, even if his use of deadly force at the moment of shooting might be reasonable in isolation.").

Defendant's Proposed Instruction No. 13 – Pre-Shooting Conduct Does Not Negate Reasonableness of Force

Plaintiff objects to this instruction in its entirety. The concept of this instruction is already embodied in the Ninth Circuit Model Instruction 9.27, CACI 1305B and 441. To give an additional instruction on this concept would unfairly emphasize this concept and be unfairly prejudicial to Plaintiff. Moreover, this instruction is a misstatement of federal and state law. *See Barnes v. Felix*, 605 U.S. 73, 80, 145 S. Ct. 1353, 1359, 221 L. Ed. 2d 751 (2025) ("the 'totality of the circumstances' inquiry into a use of force has no time limit…earlier facts and circumstances may bear on how a reasonable officer would have understood and responded to later ones"); *Tabares v. City of Huntington Beach*, 988 F.3d 1119, 1125 (9th Cir. 2021) ("Under California law, the officer's pre-shooting decisions can render his behavior unreasonable under the totality of the circumstances, even if his use of deadly force at the moment of shooting might be reasonable in isolation.").

//

<u>Defendant's Proposed Instruction No. 14 – Willful Resistance, Dely, or Obstruction of a Peace Officer</u>

Plaintiff objects to this instruction in its entirety. The concept of this instruction is already embodied in CACI 1305B and 441. To give an additional instruction on this concept would unfairly emphasize this concept and be unfairly prejudicial to Plaintiff.

<u>Defendant's Proposed Instruction No. 15 – Expert Opinion Concerning Use of Force</u>

Plaintiff objects to this instruction in its entirety. This instruction has a biased slant, suggesting that the jury discount Plaintiff's police practices expert's opinions. The concept of this instruction is already embodied in the neutral Ninth Circuit Jury Instruction 2.13.

<u>Defendant's Proposed Instruction No. 16 – Self-Defense/Defense of Others</u>

Plaintiff objects to this instruction in its entirety. The concept of this instruction is already embodied in the Ninth Circuit Model Instruction 9.25, CACI 1305B, and CACI 441. To give an additional instruction on this concept would unfairly emphasize this concept and be unfairly prejudicial to Plaintiff.

<u>Defendant's Proposed Instruction No. 17 – Reasonable Force (State Law)</u>

Plaintiff objects to this instruction in its entirety. The concept of this instruction is already embodied in CACI 1305B and CACI 441. To give an additional instruction on this concept would unfairly emphasize this concept and be unfairly prejudicial to Plaintiff.

<u>Defendant's Proposed Instruction No. 18 – Deference to Officers</u>

Plaintiff objects to this instruction in its entirety. The concept of this instruction is already embodied in CACI 1305B. In discussing the standard for "whether a peace officer's actions were objectively reasonable based on the facts and circumstances confronting the peace officer" under a state law battery claim, the Court in *Brown v. Ransweiler*, 171 Cal. App. 4th 516 (2009) characterized the test as "highly deferential to the police officer's need to protect himself and

others." To give an additional instruction on this concept would unfairly emphasize this concept and be unfairly prejudicial to Plaintiff. Moreover, the instruction as phrased is confusing and may mislead the jury in believing that it applies to both Plaintiff's Fourth Amendment and battery claim.

<u>Defendant's Proposed Instruction No. 19 – Police Officer Entitled to Use Greater Force</u>

Plaintiff objects to this instruction in its entirety. There are no instructions given for a standard battery claim and thus, no frame of reference for self-defense in the context of an ordinary battery defendant. This instruction will only mislead the jury and lead to jury confusion. The concept of this instruction is already embodied in CACI 1305B and 441. To give an additional instruction on this concept would unfairly emphasize this concept and be unfairly prejudicial to Plaintiff.

<u>Defendant's Proposed Instruction No. 20 – Federal Standard Applies to California Use-of-Force Claims</u>

Plaintiff objects to this instruction in its entirety on the basis that it is a misstatement of the law. The standard for evaluating a peace officer's use of force under California law for battery and negligence is not the same as the standard under the Fourth Amendment.

The California Supreme Court in *Hayes v. County of San Diego*, 57 Cal. 4th 622 (2013), specifically recognized that under California negligence law, liability can arise from tactical conduct and decision employed by law enforcement preceding the use of deadly force, among other negligent conduct. 57 Cal. 4th 626. In *Tabares v. City of Huntington Beach*, 988 F.3d 119 (9th Cir. 2021), the Ninth Circuit recognized that "California negligence law regarding the use of deadly force is broader than federal Fourth Amendment law" and that under California law, "the officer's pre-shooting decisions can render his behavior unreasonable under the totality of the circumstances, even if his use of deadly force at the moment of the shooting might be reasonable in isolation" whereas "[f]ederal law [] generally focuses on the tactical conduct at the time of the shooting." 988 F.3d 1125. Indeed, in *Alves v. County of Riverside*, the Ninth Circuit held that the

jury's findings for the officers on the plaintiff's Fourth Amendment claim but against the officers on the plaintiff's negligence claim did not result in an inconsistent verdict as the standards were legally distinct. 135 F.4th 1165 at 1172-74 (9th Cir. 2025).

Courts have evaluated both state law battery and negligence by a peace officer claims under the same standard by taking into consideration pre-force conduct and tactics. *See McLeod v. City of Redding*, No. 2:22-CV-00585 WBS JDP, 2024 WL 3011227, at *8 (E.D. Cal. June 12, 2024) (finding that the analysis on the state law battery claim "requires the same 'totality of the circumstances' inquiry applied to negligence claims" including pre-shooting conduct) (citing *Hayes*, 57 Cal. 4th at p. 638; *Villalobos v. City of San Maria*, 85 Cal. App. 5th 383. 389 (2022) (evaluating both battery and negligence claims against police officers under the reasonableness standard articulated in Hayes); *Koussaya v. City of Stockton*, 54 Cal. App. 5th 909, 937(2020) (same)). The differences are embodied in the model instructions for each claim. Additionally, both state law battery and negligence claims contains a definition of "imminent threat of death or serious bodily harm" that is not contemplated under the Fourth Amendment excessive force standard.

Moreover, Plaintiffs' negligence claim is not limited to the officer's use of force. Under California negligence law, "the actor's conduct must always be gauged in relation to all other material circumstances surrounding it…" *Grudt v. City of Los Angeles*, 2 Cal. 3d 575, 587 (1970) (citing Toschi v. Christian, 24 Cal. 2d 354, 360 (1944)); *see Shin v. Ahn* , 42 Cal. 4th 482, 499 (2007) (discussing totality-of-the-circumstances rule); *John B. v. Superior Court*, 38 Cal. 4th 1177, 1191(2006) (same); *Kahn v. East Side Union High School Dist.*, 31 Cal. 4th 990, 996 (2003) (same); *Commercial U.A. Co. v. Pacific G. & E. Co.*, 220 Cal. 515, 522 (1934) (same). Under California negligence law, a jury may "broadly [] consider whether officers acted in a manner consistent with their duty of due care during the use of force incident." *Alves*, 135 F.4th at *1173 n.11 (emphasis added).

In a recently published opinion, the Ninth Circuit recognized that California tort law's "reasonable care" standard is distinct form the Fourth Amendment "reasonableness" standard and that the California's "totality of the circumstances" analysis was broader in scope than the Fourth

Amendment's "totality of the circumstances." *Alves*, 135 F.4th at 1173-74. Thus, the Ninth Circuit concluded that under the plaintiff's negligence claim, the jury was permitted to focus on different aspects of the "totality of the circumstances." *Id.* at 1174. While in the Alves case, the only negligence instruction given were CACI 440 and 441, which pertained to an officer's negligent use of force and deadly force, the Ninth Circuit still found that the plaintiff's negligence claim "allowed the jury to consider more broadly all the facts known to a reasonable officer at the time" and all conduct, including pre-force and post-force conduct, during the incident. *Alves*, 135 F.4th at 1174 (cleaned up) (finding that a jury could have reasonably determined that the officers owed a duty of care to the decedent after restraining him in handcuffs, and breached that duty by failing to place him in a recovery position or check whether he was breathing or had a pulse); *see also Dooley v. City of Long Beach*, No. CV 13-4179 JFW RZ, 2014 WL 7405444, at *9 (C.D. Cal. Dec. 29, 2014) (using CACI 400 and 441 as the standard of review for the plaintiff's negligence claim in an excessive force case).

<u>Defendant's Proposed Instruction No. 21 – Comparative Fault of Decedent and Others</u>

Plaintiff objects to the inclusion the negligence of a third party in this instruction.

<u>Defendant's Proposed Instruction No. 22 – Enforcement/Execution of Law</u>

Plaintiff objects to this instruction in its entirety. The concept of this instruction is already embodied in the instructions for Plaintiff's battery, negligence, and Bane Act claim. To single out this concept in a separate instruction would be unduly prejudicial to Plaintiff.

<u>Defendant's Proposed Instruction No. 23 – Justifiable Homicide</u>

Plaintiff objects to this instruction in its entirety. The concept of this instruction is already embodied in CACI 1305B and 441. There is no need to introduce the concept of homicide as there are no instructions given regarding homicide. This is simply a restatement of CACI 1305B and 441 with language that is more favorable to Defendant as it implies that Defendant's actions conform with a California statute.

<u>Defendant's Proposed Instruction No. 24 – Reliance on Good Conduct of Others</u>

Plaintiff objects to this instruction in its entirety on the basis that it is inapplicable under the facts of this case. "[CACI No. 411] is a pattern jury instruction designed for use in civil negligence cases involving a plaintiff suing a defendant for failing to prevent harm caused by a third party. The principle it espouses is essentially that a defendant will not be liable for harm caused by a third party's negligent or criminal conduct, unless the third party's conduct was foreseeable . . . ." *People v. Elder*, 11 Cal.App.5th 123, 135 (2017). Plaintiff does not contend that Decedent's harm was caused by a third party. Plaintiff contend that Decedent's harm and death was caused by the Defendant.

<u>Defendant's Proposed Instruction No. 25 – Damages—Proof and Measures of Types of Damages</u>

Plaintiff objects to separating instructions for damages for Plaintiff's federal claims and Plaintiff's state law claims. Plaintiff contends that defining damages under two different instructions will lead to jury confusion.

<u>Defendant's Proposed Instruction No. 26 – Nominal Damages</u>

Plaintiff objects to this instruction on the basis that it is inapplicable to the facts of this case. If the jury finds that Defendant used excessive force against Decedent under Plaintiff's Fourth Amendment claim, the nature and cause of Decedent's injuries necessitate more than nominal damages as Decedent was shot and killed. When a plaintiff or decedent has indisputably suffered an actual injury, an award of compensatory damages is mandatory. *Hazle v. Crofoot*, 727 F.3d 983, 991-92 (9th Cir. 2013). Nominal damages are awarded only in cases in which the plaintiff or decedent is not entitled to compensatory damages, "such as in cases in which no actual injury is incurred or can be proven." *Id.* at n.6. Here, it is undisputed that Decedent sustained multiple gunshot wounds and died as a result of his gunshot wounds. Thus, actual injury did occur and can be proven.

//

//

Defendant's Proposed Instruction No. 27 – Survival Damages

Plaintiff objects to the separation of damages for Plaintiff's federal claims and state law claims as it can lead to jury confusion and an inconsistent verdict, or even double damages. Whatever damages Plaintiff is entitled to under what claims can be more sufficiently addressed in the verdict form.

Defendant's Proposed Instruction No. 28 – Wrongful Death (Death of an Adult)

Plaintiff objects to the separation of damages for Plaintiff's federal claims and state law claims as it can lead to jury confusion and an inconsistent verdict, or even double damages. Whatever damages Plaintiff is entitled to under what claims can be more sufficiently addressed in the verdict form.

Defendant's Proposed Instruction No. 29 – Punitive Damages

Plaintiff objects to the mixing of punitive damages instruction under federal law and state law, which will likely lead to jury confusion, as the burden of proof is different for each. Importantly, Plaintiff has represented to Defendant that Plaintiff will not be seeking damages under state law and thus, the punitive damages standard under state law is not needed.

Plaintiff further objects to the modifications of the second phase of the punitive damages jury instruction. The standard in determining the amount of punitive damages under federal law and state law are different. For example, under federal law, a defendant's financial condition is not a factor in determining the amount of punitive damages. The mixing of the two standards is an inaccurate statement of the law.

Defendant's Proposed Instruction No. 30 – Highly Probable—Clear and Convincing Proof

Plaintiff has represented to Defendant that Plaintiff will not be seeking damages under state law. Thus, an instruction on the burden of proof for punitive damages under state law is not needed.

//

Respectfully submitted,

DATED: November 3, 2026

LAW OFFICES OF DALE K. GALIPO
LAW OFFICES OF PANOS LAGOS
LAW OFFICE OF SANJAY S. SCHMIDT

*/s/ Sanjay S. Schmidt*
Dale K. Galipo
Panos Lagos
Sanjay S. Schmidt
Attorneys for Plaintiff Joshua Juarez (J.A.J.)