**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

**Panos Lagos, Esq. / SBN 61821**
**LAW OFFICES OF PANOS LAGOS**
6569 Glen Oaks Way
Oakland, CA 94611
510.530.4078
510.530.4725 (FAX)
E-mail: panos@panoslagoslaw.com

**Sanjay S. Schmidt (SBN 247475)**
**LAW OFFICE OF SANJAY S. SCHMIDT**
1388 Sutter Street, Suite 810
San Francisco, CA 94109
Tel. (415) 563-8583
Fax (415) 223-9717
Email: ss@sanjayschmidtlaw.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

JOSHUA A. JUAREZ, individually and as successor in interest to SANTANA JUAREZ GONZALEZ, Deceased;

Plaintiffs,

v.

State of California Highway Patrol Officer EFRAIN JIMENEZ (ID#18075), individually; A;J, a minor, through her mother and Next Friend, SELENE RAMOS, individually and as successor in interest for SANTANA JUAREZ GONZALEZ, Deceased; and DOES 1 to 100, jointly and severally;

Defendants.

Case No. 1:18-cv-01138-KES-EGC

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED VERDICT FORM**

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD**:

Plaintiff Joshua Juarez hereby submits his objections to Defendant's Proposed Verdict Form.

Respectfully submitted,

DATED: November 3, 2026

LAW OFFICES OF DALE K. GALIPO
LAW OFFICES OF PANOS LAGOS
LAW OFFICE OF SANJAY S. SCHMIDT

*/s/ Sanjay S. Schmidt*
Dale K. Galipo
Panos Lagos
Sanjay J. Schmidt
Attorneys for Plaintiff Joshua Juarez (J.A.J.)

Plaintiff objects to the inclusion of "by a preponderance of the evidence" in the questions, as the burden of proof as already been explained in the jury instructions.

Plaintiff objects to the combining of a finding of a constitutional violation and causation into one question for excessive force in Question 1 as this may confuse the jury.

Plaintiff further objects to the instruction after Question 1 instructing the jury to skip all remaining questions if the jury answers "No" to Question 1. This is inconsistent with the law because the standards are different for the different claims – the standard for Plaintiff's federal Fourth Amendment claim is legally distinct from Plaintiff's state law claims. *See Alves v. County of Riverside*, 135 F.4th 1165 at 1172-74 (9th Cir. 2025); *Tabares v. City of Huntington Beach*, 988 F.3d 119 (9th Cir. 2021); *see also McLeod v. City of Redding*, No. 2:22-CV-00585 WBS JDP, 2024 WL 3011227, at *8 (E.D. Cal. June 12, 2024); *Villalobos v. City of San Maria*, 85 Cal. App. 5th 383. 389 (2022); *Koussaya v. City of Stockton*, 54 Cal. App. 5th 909, 937(2020).

Plaintiff objects to the inclusion of nominal damages in Question 2. Plaintiff contends that nominal damages are not applicable under the facts of this case. Plaintiff further objects to the failure to list the damages Decedent is entitled to under his survival claims and, instead, phrasing this damages question purely in the context of a constitutional violation by saying "for the violation of decedent Santana Juarez Gonzalez's constitutional rights". This is misleading and could suggest that is the only basis for damages.

Plaintiff objects to combining battery and causation in Question 4.

Plaintiff objects to the phraseology in Question 5, which includes an omission of the "reckless disregard" standard under the Bane Act, which is inconsistent with the law, as explained in Plaintiff's trial brief, pursuant to which a "reckless disregard" satisfies the intentional interference element because "a reckless disregard for a person's constitutional rights is evidence of specific intent to deprive that person of those rights." *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1045 (9th Cir. 2018).

Plaintiff objects to the inclusion of CHP Officers Shandara Kensey, Isaac Martinez, Scott Jobinger, and Dusty Manning in Questions 8–10, as they are not parties in this case.

Plaintiff objects to combining past and future noneconomic damages in Question 11.

Plaintiff objects to Question 12 as Plaintiff has already represented to Defendant that Plaintiff will not be seeking punitive damages under Plaintiff's state law claims.

Plaintiff objects to Questions 13–16. Plaintiff contends that these disputes are already embodied in the jury instructions and prior questions. To give additional questions would only unduly emphasize these issues for the jury, and could open the risk of an inconsistent verdict and waste judicial resources and time.

Respectfully submitted,

DATED: November 3, 2026

LAW OFFICES OF DALE K. GALIPO
LAW OFFICES OF PANOS LAGOS
LAW OFFICE OF SANJAY S. SCHMIDT

*/s/ Sanjay S. Schmidt*
Dale K. Galipo
Panos Lagos
Sanjay J. Schmidt
Attorneys for Plaintiff Joshua Juarez (J.A.J.)