ROB BONTA, State Bar No. 202668
Attorney General of California
NORMAN D. MORRISON, State Bar No. 212090
Supervising Deputy Attorney General
DIANA ESQUIVEL, State Bar No. 202954
Deputy Attorney General
1300 I Street, Suite 125
Sacramento, CA 95814
Tel:: (916) 210-7320 | Fax: (916) 322-8288
E-mail: Diana.Esquivel@doj.ca.gov
*Attorneys for Defendant Efrain Jimenez*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **JOSHUA A. JUAREZ, individually and as successor in interest to SANTANA JUAREZ GONZALEZ, Deceased,**<br><br>Plaintiff,<br><br>**v.**<br><br>**EFRAIN JIMENEZ,**<br><br>Defendant. | No. 1:18-cv-01138-KES-EGC<br><br>**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**<br><br>Judge: Honorable Kirk E. Sherriff<br>Trial Date: November 10, 2026<br>Action Filed: August 22, 2018 |

Defendant Jimenez objects to Plaintiff's separate jury instructions (ECF No. 141) as follows:

| Pl.'s No. | Instruction | Defendant's Objection |
|---|---|---|
| 1. | Claims and Defenses | Plaintiff's proposed instruction is incomplete because it omits Defendant's affirmative defenses, including those for self-defense and defense of others. (Tentative Pretrial Order 16:25-18:20, ECF No. 111.) Ninth Circuit model instruction No. 1.5 specifically contemplates that a defendant list the affirmative defenses he is asserting and inform the jury that the Defendant |

| Pl.'s No. | Instruction | Defendant's Objection |
|---|---|---|
| | | has the burden of proof on those affirmative defenses. Defendant requests that the Court adopt his proposed jury instruction. |
| 2. | Fourth Amendment—Unreasonable Seizure—Excessive Force | Plaintiff's proposed instruction omits the language of a "fleeing suspect." Defendant anticipates presenting evidence at trial that decedent committed a felony involving the threatened infliction of death or serious bodily injury (carjacking with a gun) and that at the time Defendant deployed lethal force, he had probable cause and reasonably believed decedent posed a threat of death or serious physical harm to the officer or the patrons of the Red Barn. Evidence will be presented that Defendant reasonably believed decedent was still armed.<br><br>Defendant agrees to the removal of the last paragraph added to the instruction. Defendant requests that the Court adopt his proposed jury instruction minus the last paragraph. |
| 3. | Battery by a Peace Officer (Deadline Force)—Essential Factual Elements | Plaintiff's proposed instruction omits the language of a "fleeing felon." Defendant anticipates presenting evidence at trial that decedent committed a felony involving the threatened infliction of death or serious bodily injury (carjacking with a gun) and that at the time Defendant deployed lethal force, he reasonably believed decedent posed a threat of death or serious physical harm to the officer or the patrons of the Red Barn if not immediately apprehended. Evidence will be presented that Defendant reasonably believed decedent was still armed. Defendant requests that the Court adopt his proposed jury instruction. |
| 4. | Negligence—Essential Factual Elements | Defendant contends this instruction is inapplicable to a peace officer's standard of care and that CACI 441 applies. |
| 5. | Basic Standard of Care | Defendant contends this instruction is inapplicable to a peace officer's standard of care and that CACI 441 properly sets out the applicable standard. |
| 6. | Negligent Use of Deadly Force by Peace Officer—Essential Elements | Plaintiff's proposed instruction omits the language of a "fleeing felon." Defendant anticipates presenting evidence at trial that decedent committed a felony involving the |

| Pl.'s No. | Instruction | Defendant's Objection |
|---|---|---|
| | | threatened infliction of death or serious bodily injury (carjacking with a gun) and that at the time Defendant deployed lethal force, he reasonably believed decedent posed a threat of death or serious physical harm to the officer or the patrons of the Red Barn if not immediately apprehended. Evidence will be presented that Defendant reasonably believed decedent was still armed. Defendant requests that the Court adopt his proposed jury instruction. |
| 7. | Bane Act—Essential Elements | Defendant is agreeable to Plaintiff's proposed **amended** instruction regarding the Bane Act. (See ECF No. 143 at 13.) However, "reckless disregard" must be defined. Defense counsel is willing to work with Plaintiff's counsel to reach agreement on a definition. |
| 8. | Damages—Proof and Types | Plaintiff's proposed instruction on damages conflates damages permitted under section 1983 and not permitted under state law. Loss of life and pain and suffering are not permitted in a California survival action. Cal. Civ. Code § 377.34(a); *Cnty. of L.A. v. Sup. Ct.*, 21 Cal.4th 292, 303-04 (1999). The proposed instruction does not inform the jury that it cannot award such damages should if the return a verdict on survival action. Defendant requests that the Court adopt his proposed injury instructions that separates the damages decedent would be entitled to under section 1983 and the California survival action. |
| 9. | Punitive Damages—Predicate Question | Based on Plaintiff's representation that he is not seeking punitive damages if the jury renders a verdict on his state-law claims, Defendant is agreeable to the Ninth Circuit model instruction No. 5.5. |

Defendant objects to Plaintiff's proposed verdict form to the extent it does not separate out the federal and state law damages and discussed above with respect to instruction No. 9.

Dated: November 3, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General

***/s/ Diana Esquivel***

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendant Jimenez*

SA2018302522
45452571